```
                   C A S E   S U M M A R Y   S C R E E N   P R I N T

 Case Number:  21S00787


              Principle   Init Int.   Atty Fees   Misc Amt    Total       CntrClaim
    Claim:   ---------   ---------   ---------   ---------   ---------   ---------
              $7,500.00                                       $7,500.00

 Parties:
   C/D Type Name(last, first)                  J  Dispo Atty Name
   --- ---- ----------------                   -  ------ ---------
       PL   SMITH, MATTHEW A
       DF   AETNA

 JUDGMENT:
 -------------------------------------------------------------------------

 Actions:
   Date      Code      Description             T Amount      Div  Dispo
   ----      ------    -----------             - ---------   ---  -----
   02/24/22  TRLC      Court Trial             D             117M
   02/11/22  EXHFLD    Exhibits                I
   02/11/22  EXHFLD    Exhibits                I
             *NOTE*    40-79
   02/11/22  EXHFLD    Exhibits                I
             *NOTE*    1-40
   02/11/22  MISCOR    Misc. Correspondence    I
             *NOTE*    alias received but no motion to change caption.  sent
                       motion form to PL.  TXT.
   02/01/22  MISCOR    Misc. Correspondence    I
             *NOTE*    Alias paperwork returned with correspondence and blank
                       motion. shd
   01/31/22  CMO       Case Management Order   I                  SATO
             *NOTE*    2/3/22 CMO mailed to all parties.  mbf
   01/24/22  AFSRVF    Affidavit Of Service Filed  I
   12/28/21  SCFF29    S Clm Filing Fee - L\$7500  $   $55.00
   12/28/21  DRO       Delay Reduction Order   I
   12/28/21  SUMISD    Summons Issued          I
```

**EXHIBIT A**

**DENVER COUNTY COURT**
Clerk of the Court - Traffic and Civil Division
1437 Bannock St., Room 135
Denver, CO 80202

Small Claims Court _Denver_ County, Colorado
Court Address: _1437 Bannock St._
_Denver, CO 80202_

**PLAINTIFF(S):** _Matthew A Smith_
Address: _P.O. Box 350017_
City/State/Zip: _Westminster, CO 80035_
Phone: Home _720-231-9054_ Work _____ Cell _____

v.

**DEFENDANT(1):** _Aetna_
Address: _4582 S Ulster Street Suite 900_
City/State/Zip: _Denver, CO 80237_
Phone: Home _____ Work _____ Cell _____

**DEFENDANT(2):** _____
Address: _____
City/State/Zip: _____
Phone: Home _____ Work _____ Cell _____

Filed in County Court
City and County of Denver, Colorado

DEC 2 8 2021

CLERK OF COURT

▲ **COURT USE ONLY** ▲
Case Number:

21 S 00787

Division _____ Courtroom 117

## NOTICE, CLAIM AND SUMMONS TO APPEAR FOR TRIAL (Part 1)

If Defendant(s) are other than a person, go on-line at www.sos.state.co.us to determine the registered agent for service of this notice. Please enter name and address of the agent. Name: _CT Corporation_
Address: _7100 E. Arapahoe Rd Ste 230, Centennial, CO 80112_

1. The Defendant(s) is/are in the military service: ☐Yes ☒No ☐Unknown
2. The Defendant(s) reside(s), is/are regularly employed, has/have an office for the transaction of business, or is/are a student in this county, or real property located in this county is the subject of claim(s) arising from a restrictive covenant or security deposit dispute. ☒Yes ☐No
3. I/We understand that it is my/our responsibility to have each Defendant served with the "Defendant's Copy" of this Notice by a person whose age is 18 years or older and who is not a party to this action 15 days prior to the trial and to provide the Court with written proof of service. ☒Yes ☐No
4. I am an attorney: ☐Yes ☒No

### Notice and Summons to Appear for Trial

**To the Defendant(s):**
You are scheduled to have your trial in this case on _February 24th, 2022_ (date) at _10:00AM_ (time) at the Court address stated in the above caption. Bring with you all books, papers and witnesses you need to establish your defense. **If you do not appear, judgment may be entered against you.** If you wish to defend the claim or present a counterclaim, you must provide a written response or written counterclaim on or before the scheduled trial date and pay a **nonrefundable filing fee.**

Dated: _12/28/2021_

[SEAL]

Clerk of Court/Deputy Clerk

**Plaintiff(s)'s Claim (Please summarize reasons to support your claim below.)**
The Defendant(s) owe(s) me $_750.00_, which includes penalties, plus interest and costs allowed by law, and/or should be ordered to return property, perform a contract or set aside a contract or comply with a restrictive covenant for the following reasons. (If seeking return of property, please describe the property being requested.)
_1. I was not approved for Disability Insurance Coverage Claim #614828_
_2. I was not approved for Paid Disability Leave Claim #614828_

**Note: The combined value of money, property, specific performance or cost to remedy a covenant violation cannot exceed $7,500.00.**
I/we declare under penalty of perjury under the law of Colorado that the foregoing is true and correct. I/we have not filed in any Small Claims Court in this County more than 2 claims during this calendar month, nor more than 18 claims in this County this calendar year.

Dated: _12-28-21_

_Matthew A. Smith_
Plaintiff's Signature

_____
Plaintiff's Signature

Small Claims Division,
City and County of Denver,
State of Colorado
1437 Bannock St.
Denver, CO 80202

Filed in County Court
City and County of Denver, Colorado

DEC 2 8 2021

Plaintiff/Petitioner: *Matthew A. Smith*

v.

Defendant/Respondent: *Aetna*

▲   CLERK OF COURT   ▲
COURT USE ONLY

Case Number:

21S00787

Civil Division Courtroom 117M

## Delay Reduction Order for Small Claims Court

This Matter has been assigned to the Small Claims division of the Denver County Courts. C.R.C.P. 501 (c) requires that this Court shall provide for the expeditious resolution of all cases brought to the Court. Therefore, the Court issues the following Order:

C.R.C.P. 504(a) requires that a copy of the notice, claim and summons be served at least 15 days prior to the trial date. However, the general rule in this Small Claims Court is that all Matters heard in the Small Claims Court shall be ordered to mandatory mediation. Therefore, in order to ensure that all Matters proceed to mediation and, if not resolved, are still heard in a timely manner in the spirit of Rule 501(c), the Plaintiff (the party filing this claim) is strongly encouraged to make reasonable efforts to serve the Defendant at least 30 days prior to the first scheduled trial date.

To aid in the expeditious resolution of this Matter, the Court will review this Matter's file approximately 30 days prior to the first scheduled trial date, and if service has been completed, the Court will then schedule a mediation between the parties promptly. Provided the Court has proof of service, this mediation will be generally scheduled within 2-3 weeks after the file review date by the Court, and generally prior to the first scheduled trial date. This early review by the Court and the scheduling of mediation for those Matters that have completed service of process will help to ensure the speedy resolution of this Matter. The Plaintiff should be aware that if service is not made at least 30 days prior to the first scheduled trial date, and because mediation will be ordered in this Matter, resolution of this Matter may be unnecessarily delayed for a short period of time if service is not completed 30 days prior to the scheduled trial date.

Please note that the first trial date setting for this matter shall be a virtual hearing; therefore, for the first trial setting, you won't appear in person. In addition, if the matter does not settle at mediation, the matter will proceed to trial by virtual hearing unless otherwise ordered by the Court. The Virtual Courtroom link is: **http://bit.ly/dcc-117** , Phone Number: 720-600-4350 Conference ID 778 889 172#

In addition to this Delay Reduction Order, the Court will send all parties involved in this Matter a Case Management Order, which Order will aid the parties in understanding the Small Claims processes and will explain how exhibits are to be provided to the court prior to trial.

Dated:
July 12, 2020

BY:

*Todd Mackintosh*
Todd Mackintosh, Magistrate

SEAL
COUNTY COURT
THE CITY AND COUNTY OF DENVER

| [X] County Court   [ ] District Court<br>Denver County, Colorado<br><br>DENVER COUNTY COURT<br>1437 BANNOCK STREET<br>DENVER, Colorado 80202 | Filed in County Court<br>City & County of Denver, Colorado<br><br>JAN 2 4 2022 |
|---|---|
| Plaintiff: MATTHEW A SMITH<br>v.<br>Defendant: AETNA | CLERK OF COURT<br><br>▲   **COURT USE ONLY**   ▲ |
| Attorney or Party Without Attorney:<br><br>Matthew Alan Smith<br>Pro Se<br>P.O. Box 350217<br>Westminster, CO 80035 | Case Number: 21S00787<br><br>Division_____ Courtroom __|1|7_ |
| Phone Number: (720) 231-9259   E-mail:<br>                        shtlegalservices@gmail.com<br>FAX Number:                Atty. Reg. #: | |
| **AFFIDAVIT OF SERVICE** | |

Received by Denver Attorney Services, LLC on the 15th day of January, 2022 at 3:22 pm to be served on **AETNA c/o CT CORPORATION, 7700 E ARAPAHOE RD STE 220, CENTENNIAL, CO 80112**

I, Tabitha Bellington, being duly sworn, depose and say that on the **19th day of January, 2022** at **8:00 am,** I:

served a **CORPORATION** by delivering a true copy of the **NOTICE, CLAIM, AND SUMMONS TO APPEAR FOR TRIAL, DELAY REDUCTION ORDER FOR SMALL CLAIMS COURT, EXHIBITS and VIRTUAL COURT INSTRUCTIONS (WITH A HEARING DATE OF 2/24/22 @ 10:00AM)** to: **Patrick Mathis as Intake Specialist, authorized to accept service** at the address of: **7700 E ARAPAHOE ROAD SUITE 220, CENTENNIAL, CO 80112**, and informed said person of the contents therein, in compliance with state statutes.
  Actual service location: (39.5944,-104.8989) accuracy 5 m.

**Description** of Person Served: Age: 30, Sex: M, Race/Skin Color: White, Height: 5'9", Weight: 230, Hair: Blonde, Glasses: Y

I certify that I am over the age of 18 and have no interest in the above action and I declare under penalty of perjury under the law of Colorado that the foregoing is true and correct.

Executed on the 19th day of January, 2022 at
Denver County, Colorado

Signature of Process Server

Dated the 19th day of January, 2022

**Tabitha Bellington**
Name

Denver Attorney Services, LLC
1660 South Albion Street, Suite 826
Denver, CO 80222
(800) 477-8522

Reference:                    AFFIDAVIT OF SERVICE                    Page 1 of 1
                                                                      Job Number: DVA-2022000126

Denver Attorney Services, LLC
1660 South Albion Street, Suite 826
Denver, CO 80222
Phone: (800) 477-8522
Fax: (800) 477-8522
27-1879238

## INVOICE

Invoice #DVA-2022000126
1/19/2022

Matthew Alan Smith
Pro Se
P.O. Box 350217
Westminster, CO 80035

**Case Number: Denver 21S00787**

Plaintiff:
**MATTHEW A SMITH**

Defendant:
**AETNA**

Received: 1/15/2022   Served: 1/19/2022 8:00 am   CORPORATE
To be served on: AETNA c/o CT CORPORATION

### ITEMIZED LISTING

| Line Item | Quantity | Price | Amount |
|---|---|---|---|
| Area I (METRO DENVER WITHIN E/C-470 CORIDOR) | 1.00 | 65.00 | 65.00 |
| Print Fee .19 Per Page | 55.00 | 0.19 | 10.45 |
| TOTAL CHARGED: | | | $75.45 |

| | | | |
|---|---|---|---|
| 1/15/2022 | #57846558 | Pre-Payment | 75.45 |
| **BALANCE DUE:** | | | **$0.00** |

Thank you for your business!

Please enclose a copy of this invoice with your payment.
Payment is expected within 15 days, please process this invoice within the given timeframe.

There will be a $25.00 charge per month on late payments.

We appreciate your business!
Credit Card & ACH check payments can be made through our secured LawPay site at:

https://secure.lawpay.com/pages/process-servers/denverattorneyservices

Copyright © 1992-2022 Database Services, Inc. • Process Server's Toolbox V8.2c

Page 1 / 1

## Denver Attorney Services, LLC

**Priority: STANDARD**                                    **Field Sheet #2022000126**

Received: 1/15/2022 at 3:22 pm
Court Date: 2/24/2022  Filed:

**SERVE:**
**Work: ((DAY SERVE)) AETNA c/o CT CORPORATION, 7700 E ARAPAHOE RD STE 220, CENTENNIAL, CO 80112**

SPECIAL INSTRUCTIONS:  Writ expires 1/25/2022.  Last Day to Sub-Serve 1/25/2022.

| Attempts | | Server: Tabitha Bellington |
|---|---|---|
| Date | Time | Comments |
| 1. ___/___ | _____ | _____ |
| 2. ___/___ | _____ | _____ |
| 3. ___/___ | _____ | _____ |
| 4. ___/___ | _____ | _____ |
| 5. ___/___ | _____ | _____ |
| 6. ___/___ | _____ | _____ |
| 7. ___/___ | _____ | _____ |
| 8. ___/___ | _____ | _____ |

Actual Service Info
1/19   0800   Type: Corporate                    Married? _____
Served on: Dannie Mathis          Military? _____   As: Intake Spc

Address: _____

Comments: _____

Miles _____
Hours _____
Additional Addr:  1  2  3
Courier _____
Out of Pocket Costs
_____
_____
_____

Age: 30  Sex (M) F   Race White   Height 5'9"   Weight 230   Hair Blonde   Glasses (Y) N

Case Number: 21S00787   Denver  County
Plaintiff                              Defendant
MATTHEW A SMITH                        AETNA

Type of Writ: **NOTICE, CLAIM, AND SUMMONS TO APPEAR FOR TRIAL, DELAY REDUCTION ORDER FOR SMALL CLAIMS COURT, EXHIBITS and VIRTUAL COURT INSTRUCTIONS (WITH A HEARING DATE OF 2/24/22 @ 10:00AM)**

Client:  Matthew Alan Smith
Firm:    Pro Se
Phone:   (720) 231-9259   Fax:
Client Reference Number:

Service Information above is true and correct.

_____
Server Signature

Copyright © 1992-2022 Database Services, Inc. - Process Server's Toolbox V8.2c

COUNTY COURT, CITY AND COUNTY
OF DENVER, COLORADO
1437 Bannock St.
Denver, CO, 80202

▲   COURT USE ONLY   ▲

Plaintiff(s)sSMITH, MATTHEW A

Vs.:
Defendant(s):

    AETNA

Case No: 21S00787

Division: CIVIL

Courtroom: 117M

## NOTICE OF  Court Trial

Please be advised that  the above captioned case has been scheduled for court on **Feb 24, 2022 at 10:00 AM**
Date this Dec  28, 2021

**SMITH, MATTHEW  A**
**POBOX 350217**

**WESTMINSTER , CO   80035**

Deputy Clerk of the Court
PXB

NOTICES DISTRIBUTED ON  February 01 , 2022 12:46 PM

| Attorney Name | Party Name | Notice Sent |
|---|---|---|
| PL | SMITH, MATTHEW  A | MAILED BY COURT |
| DF | AETNA | MAILED BY COURT |

| COUNTY COURT, CITY AND COUNTY OF DENVER, COLORADO<br>1437 Bannock St.<br>Denver, CO, 80202 | |
|---|---|
| | ▲   COURT USE ONLY   ▲ |
| Plaintiff(s)SMITH, MATTHEW A<br><br>Vs.:<br>Defendant(s):<br><br>   AETNA | Case No: 21S00787<br><br>Division: CIVIL<br><br>Courtroom: 117M |
| **NOTICE OF Court Trial** | |

Please be advised that the above captioned case has been scheduled for court on **Feb 24, 2022 at 10:00 AM**

Date this Dec 28, 2021

**AETNA**
**4582 S ULSTER ST**
**SUITE 900**
**DENVER , CO   80237**

Deputy Clerk of the Court

PXB

**NOTICES DISTRIBUTED ON** February 01 , 2022 12:46 PM

| Attorney Name | Party Name | Notice Sent |
|---|---|---|
| PL | SMITH, MATTHEW A | MAILED BY COURT |
| DF | AETNA | MAILED BY COURT |

| COUNTY COURT, CITY AND COUNTY OF DENVER, COLORADO<br>1437 Bannock Street, Room 135<br>Denver, CO 80202 | |
|---|---|
| | Case Number:   **21S00787** |
| Plaintiff **Matthew Smith** | |
| Respondent<br>**Aetna** | Div:  Small Claims |

## CASE MANAGEMENT ORDER FOR SMALL CLAIMS COURT

In an effort to protect all parties, court participants, and members of the public as well as to comply with the various state and local orders and directives related to operations due to the Covid-19 pandemic, the Court moved to a virtual courtroom where each case is heard without the parties appearing in person. Unless otherwise directed by the Court, matters shall continue to be heard in a virtual hearing. The link for the virtual hearing is: Courtroom link: **http://bit.ly/dcc-117** , Phone Number: 720-600-4350 Conference ID 778 889 172#

The virtual courtroom will be open to the public during all virtual hearings unless otherwise ordered by the Court.

The Plaintiff filed a small claims case against the Defendant seeking money. This is called the Complaint. The Plaintiff and the Defendant are the parties.

In most cases, prior to this Matter proceeding to trial, the Court will order mandatory mediation. If service of process has been completed and the affidavit of service has been provided to the court, your case will have already been set for mediation, with an assigned mediator, as detailed below. For those who have not completed service of process, the service of process must be completed no later than 15 days prior to the trial date, which trial date and time are set forth below. If service has not been completed at least 15 days prior to trial, the Court will review this Matter at the next scheduled trial date. You must appear on that trial date for the Court to further review your Matter, and if required, authorize an Alias Summons.

*The mandatory mediation date and time are:*   To be set by the Court                ;

*The mediator for your case and email/telephone number are:* To be set by the Court        ;

*The mandatory mediation review date and time are:*  To be set by the Court            ;

*Current Trial Date and Time are:* February 24, 2022 @ 1pm

Please Note: The cost for mediation is $50.00 per party, which fee is paid by each party and provides for three hours of mediation services. Reduced mediation rates of $30.00 per party may apply if the court has previously waived the filing fee requirements for your case.

*All parties shall provide contact information to the Court including address, phone number and email address.* Please provide contact information to **DCCCourtroom117@DenverCountyCourt.org**, including your case number.

*Information and orders for small claims parties:*

1. Written Agreement (by Plaintiff and Defendant): In addition to the mandatory mediation ordered in this case, the parties are strongly encouraged to talk with each other before the trial date to see if an agreement can be reached to resolve the case. This may include how much money is owed and when/how the money will be paid. Written agreements shall be filed with the Court before the scheduled trial date.

   If you've reached an agreement, the Court will review and approve your agreement and make it an order of the Court. *If the agreement resolves all issues, you won't have to go to trial or come to court.* If an agreement has not been reached, the case will go to trial on a scheduled trial date and the following orders shall be followed.

   Blank agreement forms (called stipulations) are on the Court's website:
   **https://www.Courts.state.co.us/Forms/PDF/JDF%2075%20Stipulation.pdf**.

2. Return of Service (by Plaintiff): If an agreement is not reached, the Plaintiff shall file proof that the Defendant was served with the following paperwork: (1) a copy of the notice and claim; (2) a copy of this Case Management Order; and, (3) the summons to appear for trial. Plaintiff shall use the return of service form found here: https://www.denvercountyCourt.org/OnlineForms/Affidavit%20of%20Service.pdf

   *Proof of service shall be filed no later than 48 hours before the trial date.*
   a. If the Defendant has not been served with the paperwork at least 15 days before the trial date, you may ask the Court for another trial date to serve the Defendant (this is called an Alias Summons). *Request(s) for another trial date shall be filed 48 hours before the scheduled trial date.*

3. Answer and Counterclaim (by Defendant): If the Defendant disagrees with the claim and/or wants to file a counterclaim, and an agreement is not reached, each Defendant shall file a written Answer and any counterclaim on or before the scheduled trial date. The Defendant shall pay fees associated with their answer and/or counterclaim when filing the answer/counterclaim. Such fees may be mailed or dropped off at the courthouse. Paying by credit card is not currently an option. *The Court strongly prefers that the answer is filed 48 hours before the trial date.* A blank Answer form is part of the paperwork provided to Defendant (usually the second page of the notice, claim and summons to appear for trial). *Each Defendant shall provide their address, phone number and email address when filing their answer.*
   a. The Answer form must be completed including why you don't think you owe the money.
   b. Any counterclaim must include how much money is being sought and for what reason.
   c. Upon timely filing of an Answer and appropriate fees, court staff will contact both sides with information on how and when to attend your court trial.

4. Trial: If the case is going to trial, *the Court requires a complete list of witnesses and exhibits, with exhibits attached, no later than 48 hours prior to the scheduled court date.* All exhibits shall be labeled before you send them to the Court. Plaintiffs shall use numbers (for example "1", "2", "3" etc.). Defendants shall use letters, (for example, "A", "B", C" etc.). If one exhibit is 3 pages long, each page in that exhibit should be labeled accordingly-for a plaintiff, 1-1, 1-2, 1-3, or for a defendant, A1, A2, A3. Each page of each exhibit needs a label so that during the hearing a specific page of any document can be referred to by that label. Exhibits must be provided in document of video form; *exhibits may not be filed by use of an*

*internet link.* If your exhibits are not provided at least 48 hours in advance of the trial date, the trial may proceed without your exhibits or the trial date may be rescheduled. All items may be submitted as indicated in paragraph 7 below.

5. <u>Attending virtual court:</u> The court is using Microsoft Teams for video and/or telephone participation. You will need a computer, smart device, or a phone to attend. If you are calling witnesses to testify, you need to provide the link and instructions on how to appear to your witness(es). To join virtual court, follow the instructions outlined in Appendix – A.
   a. You may anonymize your phone number by dialing *67 before calling. Otherwise, the number you call from will be visible on the screen to video participants.
   b. Please mute your mic/phone until your time to speak.
   c. Participants who are calling into the conference line telephonically will need to dial *6 to unmute themselves when their case is called.

6. <u>Request for new scheduled trial date:</u> *Any request for a new court date needs to be made at least 48 hours before the scheduled court date and provided to the Court and the other side.* If the Defendant is requesting a new court date, an answer with appropriate fees shall be on file. The Court will decide on the request and notify both parties of its decision.

7. <u>Methods to file documents with the Court.</u> For answers, include the filing fee or seek a waiver of the fee.:
   a. Send documents by email to the following address:  DCCourtroom117@DenverCountyCourt.org.
   b. Send documents by US Mail at least five days prior to the trial date to: Denver County Court, 1437 Bannock Street, Room 135, Denver, CO 80202. Please do not send cash. Check website for the appropriate filing fee.
   c. If an attorney is filing a document, the Attorney must either email the documents to the Court clerk as noted above in 7a, or mail the documents at least 5 days prior to the trial date.
   d. Drop off documents at 1437 Bannock Street, Room 135, Denver, CO 80202.  Due to social distancing, this is not the preferred method, but it is available if you choose.

**IMPORTANT**: All documents submitted to the Court shall include case number, printed names and signatures, current phone numbers, mail and email addresses of all persons/attorneys submitting the document.

## EXPECTATIONS AND ORDERS OF THE COURT

- Audio and/or video recording of any portion by any means of a hearing is strictly prohibited. Violation of this prohibition may result in the imposition of sanctions including contempt of court.
- Virtual hearings are considered court proceedings and all participants should behave appropriately. Participants should be properly dressed and keep their surroundings quiet and well-lit with a minimum of distractions. Please make sure your electronic devices are functioning correctly and you have an adequate internet connection.
- Attorneys shall forward virtual courtroom information to their clients and any witnesses. The Court will post the virtual courtroom information on the public dockets and on the courtroom door and will also provide the information to any member of the public upon request. It is the responsibility of the parties to ensure any witnesses have the necessary contact information.
- Any subpoenas served shall have a copy of this Order attached.
- Parties shall log in/call at the scheduled hearing time. When entering the virtual courtroom, mute your device and do not interrupt any ongoing proceeding (just like an in-person courtroom). Please wait to be acknowledged by the Court or its staff.

- An audio record of the proceedings will be maintained by the Court.
- It is important that only one person speak at a time. The Court will call on you to speak. If you are having trouble hearing, please raise your hand to alert the Court.
- It is important that you face the camera and speak into the microphone or close to the phone in order to be heard and for the recording to pick up your voice. Please speak loudly and clearly.
- If an interpreter is present for a participant, speakers must allow the interpreter to render their interpretation after each person speaks to avoid confusion and keep a clear record.
- Background noise, including side conversations and paper shuffling, must be kept to a minimum. Keep your microphone muted unless you are speaking.

So ORDERED this _12th_ day of _July_ , 2021.

BY the COURT:

Todd Mackintosh, Magistrate
Denver County Court

Mailed _Feb. 3, 2021_ to all parties at their address of record.

7/12/2021                                                    Page 4 of 7

*Please use the link below to attend Court.*
(Please do not appear in person, proceedings are Virtual.)
**Microsoft Teams Meeting**
**Join on your computer or mobile app**
Click here to join the meeting

**Or call in (audio only)**
**+1 720-600-4350,,778889172#** United States, Denver
**Phone Conference ID: 778 889 172#**

## RESOURCES WHICH MAY BE AVAILABLE TO SMALL CLAIM PARTIES

- DENVER COUNTY COURT SELF HELP CENTER: DCCSelfHelp@denvercountyCourt.org
  - Phone: 720-865-7819
  - **https://www.denvercountyCourt.org/self-help-center/.**

- DENVER HUMAN SERVICES OUTREACH CASE COORDINATOR:
  - Tim Townsend 720-471-5744, Tim.Townsend@denvergov.org
  - Website:**www.denvergov.org/content/denvergov/en/denver-human-services/be-supported/food-cash-medical/apply-for-assistance.html**
  - Eviction assistance, Emergency Shelter, Medical/Food/Financial assistance, etc.

- Colorado Legal Services: 303-837-1313 or 1321
  - Free legal services to tenants facing evictions for those who qualify.

- Instructions for filing a small claims case:
  **https://www.courts.state.co.us/Forms/PDF/JDF%20248%20Instructions%20forSmall%20Claims%20R7-13.pdf**

FOR MORE INFORMATION, VISIT THE COURT'S WEBSITE AT: www.denvercountyCourt.org
FORMS: https://www.denvercountyCourt.org/small-claims-forms/

## APPENDIX – A



# Via Smartphone or Computer

Please use the below steps to access your virtual court date via smartphone or computer. You can also click here to watch a short video tutorial.

**APPEARING VIRTUALLY WITH VIDEO (SMARTPHONE OR COMPUTER)**

 Prior to your court date, download the Microsoft Teams Application to your smartphone or computer.

Use the table below to locate your courtroom and the corresponding Microsoft Teams Link.

| Courtroom | Link |
|---|---|
| Clerk's Office | Click here |
| Parking (720-913-5300) | Call for appointment |
| 170 | https://bit.ly/dcc-170 |
| 175 | https://bit.ly/dcc-175 |
| 186 | https://bit.ly/dcc-186 |
| Civil Returns | https://bit.ly/dcc-civilreturns |
| 159 (Protection Orders) | https://bit.ly/dcc-159 |
| 117 (Small Claims) | https://bit.ly/dcc-117 |
| 100 (Traffic) | https://bit.ly/dcc-100 |
| 105 (Traffic) | https://bit.ly/dcc-105 |
| 104 (Traffic) | https://bit.ly/dcc-104 |
| Juvenile Docket | http://bit.ly/dcc-104jv |
| 104B (Wellness/ Sobriety Court) | https://bit.ly/dcc-104s |

 To attend your virtual court date, click the link or type/paste the link into your internet browser.

Clicking the link will launch your Microsoft Teams App on your smartphone or computer and ask if you wish to Join Now.

Smartphone          Computer

  

When you join, your camera and microphone will start in the "off" position. To turn them on, simply click on the video/ microphone icons.

During the session, you can tap/mouse the center of your screen at any point to open the toolbar. You can use the toolbar to turn your camera and microphone on/off, control volume, and exit.





# Via Telephone

Please use the below steps to access your virtual court date via telephone. You can also click here to watch a short video tutorial.

**APPEARING VIRTUALLY VIA TELEPHONE**



Please use the table on this flyer to locate your courtroom, and the corresponding Conference Phone Number and Conference ID Number.

- Listen to the proceedings
- Speak on the record

**COURTROOM PHONE NUMBERS / ID NUMBERS**

### Example:



| Courtroom | Phone Number | Conference ID |
|-----------|--------------|---------------|
| 12R | 720-555-5555 | 123 456 789# |

To attend your virtual court date, call the phone number listed.



You will then be prompted to enter the Conference ID number. Enter the number on your phone.

Upon entering the conference ID number, you will join virtual court and can:

| Courtroom | Phone Number | Conference ID |
|-----------|--------------|---------------|
| Clerk's Office | 720-865-7840 | N/A |
| Parking | 720-913-5300 | N/A |
| 170 (Civil) | 720-600-4350 | 608 643 14# |
| 175 (Civil) | 720-600-4350 | 802 816 979# |
| 186 (Civil) | 720-600-4350 | 114 870 14# |
| Civil Returns | 720-600-4350 | 177 756 212# |
| 159 (Protection Orders) | 720-600-4350 | 920 413 766# |
| 117 (Small Claims) | 720-600-4350 | 778 889 172# |
| 100 (Traffic) | 720-600-4350 | 239 581 060# |
| 105 (Traffic) | 720-600-4350 | 984 237 572# |
| 104 (Traffic) | 720-600-4350 | 415 880 630# |
| Juvenile Docket | 720-600-4350 | 825 601 730# |
| 104B (Wellness/ Sobriety Court) | 720-600-4350 | 264 265 172# |

Note: if you wish to keep your phone number private, you can press *67 before dialing the courtroom phone number.

## DENVER COUNTY COURT CIVIL DIVISION



# *Virtual* Small Claims Clinic

(Presented in cooperation with the Denver Courts Civil Small Claims Division, SelfHelp Center and Court Mediation Services)

## 2022 Virtual Dates
*3rd Thursday of the Month 11-11:45am*

- January 20th
- February 17th
- March 17th
- April 21st
- May 19th
- June 16th

- July 21st
- August 18th
- September 15th
- October 20th
- November 17th
- December 15th

## Topics Include:

*\* Requirements for a Small Claims Case*
*\* Filing and Processing a claim*
*\* Virtual Court Information*
*\* Settlement Information*
*\* Mediation Process*
*\* Post Judgment and Collection*
*\* Tips and Resources*

---

**Please use the link below to attend the Clinic.**
*(Please do not appear in person, the Clinic is Virtual.)*
<u>**Microsoft Teams Meeting**</u>
<u>**Join on your computer or mobile app**</u>
<u>Click here to join the meeting</u>

<u>**Or call in (audio only)**</u>
**+1 720-600-4350,** United States, Denver
<u>**Phone Conference ID: 778 889 172#**</u>



# *Denver County Court*

Traffic and Civil Division
1437 Bannock St., Room 135
Denver, CO 80202
720-865-7840

2/1/22

MATTHEW SMITH
PO BOX 350217
WESTMINSTER, CO 80035

Re: Case #:  21S00787

## YOUR REMITTANCE AND/OR FILING IS BEING RETURNED FOR THE FOLLOWING REASON(S):

☐  You have submitted an insufficient amount for the filing fee. The correct filing fee of $_____ must be received before the Court may accept your filing.

☐  We cannot determine which case you are filing on at this time.  Please resubmit your filing and include your full name, your case number, names of parties named on the case and any other pertinent information that will assist in identifying the correct case.

☐  **Your method of payment must be made payable to MANAGER OF FINANCE.**

☒  Other – WE RECEIVED YOUR ALIAS FILING HOWEVER, YOU MUST MOTION THE JUDGE FIRST IF YOU WOULD LIKE TO CHANGE THE ADDRESS OF THE DEFENDANT. IN ORDER FOR THE COURT TO HAVE JURISDICTION ON A SMALL CLAIMS CASE, THE BUSINESS ADDRESS OF THE DEFENDANT MUST BE IN DENVER.  I AM INCLUDING THE MOTION FORM. IF YOU HAVE FURTHER QUESTIONS, YOU CAN CONTACT THE SELF HELP CENTER AT 720-865-7819 OR DCCSELFHELP@DENVERCOUNTYCOURT.ORG.

You may review the status of your case at *www.DenverCountyCourt.org* or you may contact the Denver County Court at 720-865-7840 with any inquiries regarding your case.

Respectfully Submitted





# *Denver County Court*

Traffic and Civil Division
1437 Bannock St., Room 135
Denver, CO  80202
720-865-7840

February 11, 2022

Matthew Smith
PO Box 350217
Westminster, CO 80035

Re: Case #:  **21S00787**

**YOUR REMITTANCE AND/OR FILING IS BEING RETURNED FOR THE FOLLOWING REASON(S):**

☐   You have submitted an insufficient amount for the filing fee. The correct filing fee of $_____ must be received before the Court may accept your filing.

☐   We cannot determine which case you are filing on at this time.  Please resubmit your filing and include your full name, your case number, names of parties named on the case and any other pertinent information that will assist in identifying the correct case.

☐   **Your method of payment must be made payable to MANAGER OF FINANCE.**

☒   Other – We received your Alias filing.  However, you must also file a Motion to the judge first if you would like to change the address of the defendant.  I have attached the Motion form.  We show a court date has been scheduled and Affidavit of Service has been filed.  Please contact our Self Help Center at 720 865-7819 or DCCSelfhelp@denvercountycourt.org if you have additional questions.

You may review the status of your case at *www.DenverCountyCourt.org* or you may contact the Denver County Court at 720-865-7840 with any inquiries regarding your case.

Respectfully submitted,

SEAL

**TXT**
*Clerk of the Court*

Case Number: 21S787        Smith vs. Aetna,         Exhibit# /

Filed in County Court
City & County of Denver Colorado

FEB 1 1 2022

CLERK OF COURT

Case Number: 21S787    Smith vs. Aetna,    Exhibit# 2

Filed in County Court
City & County of Denver Colorado

FEB 11 2022

CLERK OF COURT

Social Security Administration

Form Approved
OMB No. 0960-0045

# STATEMENT OF CLAIMANT OR OTHER PERSON

Name of Wage Earner, Self-employed Person, or SSI Claimant

Matthew A Smith

Name of Person Making Statement (if other than above wage earner,
self-employed person, or SSI claimant)

Social Security Number

521 43 1677

Relationship to Wage Earner, Self Employed
Person, or SSI Claimant

Understanding that this statement is for the use of the Social Security Administration, I hereby certify that:

I HAVE RECEIVED MY EARNINGS RECORD BELOW AND BELIEVE IT IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE

SUMMARY OF THE EARNINGS FOR THE YEARS REQUESTED

| YEAR | EARNINGS | YEAR | EARNINGS | YEAR | EARNINGS |
|------|----------|------|----------|------|----------|
| 2012 | | 2013 | | 2015 | |
| 2013 | | 2005 | | 2016 | |
| | | 2008 | | 2017 | |
| | | | | 2018 | |
| | | | | 2019 | |

SUMMARY OF THE EARNINGS FOR THE YEARS REQUESTED

REMARKS

CLAIM ACTIVITY — SEE MAP

Form SSA-795 (04-2012) UF (07-2015)
Destroy Prior Editions

Case Number: 215787        Smith vs. Aetna,        Exhibit# 3

Filed in County Court
City & County of Denver, Colorado
FEB 1 1 2022
CLERK OF COURT

Small Claims Court Denver,  County, Colorado
Court Address 1437 Bannock Street Denver, CO 80202
(303) 659-1161
PLAINTIFF(S): Matthew A. Smith
Address: P.O. Box 350217
City/State/Zip: Westminster, CO 80035
Phone:  Home 720-231-9259 Work _____

-v.

DEFENDANT(S): Aetna
4582 S Ulster St Suite 900,
Denver, CO 80237
(303) 793-2500

**COURT USE ONLY**

Case Number:

Division          Courtroom

**SUBPOENA**

THE PEOPLE OF THE STATE OF COLORADO,

TO: Aetna

4582 S Ulster St Suite 900,

Denver, CO 80237

(303) 793-2500

WE COMMAND YOU, to come to County Court, County Of Denver,  County, Colorado
Court Address 1437 Bannock Street Denver, CO 80202 on the scheduled trial date with the following
**interrogatories or depositions (NOTARIZED)** and give testimony on behalf of the people unless you
otherwise schedule with the court. According to the Federal Rules of Evidence, (III) Command each
person to whom it is directed to do one or both of the following at a specified time and place: attend
and testify at a deposition, hearing or trial; or produce designated books, papers and documents,
whether in physical or electronic form ("records"), or tangible things, in that person's possession,
custody, or control.  Your attendance is mandatory in the event you do not appear serious negative
legal action may occur against you such as contempt as warranted.

## INTERROGATORIES OR DEPOSITIONS

1. How long had Mr. Smith been a employee for this company?
2. Was there any act of Fraudulent Misrepresentation?
3. Was there any act of Misrepresentation?
4. Was there any act of Obstruction of Justice?
5. Was there any act of Malpractice?
6. Was there any act of Concealment?
7. Was there any act of White Collar Crime?
8. Was there any act of Perjury?
9. Was there any act of Corporate Fraud?
10. I couldn't work until diagnosed with problem?
11. I couldn't work until treated with problem?
12. Do you feel I could've been ADA reasonably accommodated?
13. Since I was not officially diagnosed how did Aetna make their decision?
14. Since I was not officially treated how did Aetna make their decision?
15. What was Aetna definition of a disabled individual?
16. Did Aetna adhere to EEOC ADA disability standards?
17. How did Aetna come to the conclusion this claim was a denial?

Subpoena

Case Number: 215787          Smith vs. Aetna,          Exhibit# 7

18. With the now complete evidence did Aetna make a mistake?
19. Does Aetna now owe Mr. Smith an disability claim amount for repayment?
20. Were you familiar with the circumstances surrounding Mr. Smiths employment?
21. Were you familiar with the circumstances surrounding Mr. Smiths performance?
22. Were you familiar with the circumstances surrounding Mr. Smiths participation in the MAPP?
23. Were you familiar with the circumstances surrounding Mr. Smiths leave of absence in 2011?
24. Were you responsible for all discovery requests?
25. Why did Mr. Smith work overtime in 2010?
26. Did Mr. Smith work overtime in any previous years?
27. How did Mr. Smiths task load change from year to year?
28. Would a heavier annual task load show improvement in the MAPP?
29. What was Mr. Smiths final score prior to Ms. Heffernans introduction to the ODC site?
30. Should Mr. Smith have passed the MAPP in 2011?
31. How did Mr. Smiths key card access change from year to year?
32. Was there a Breach of Contract by Mistake or Negligence in Policies Breached?
33. Did you Promote an Open Door Approach to Managing People?
34. Did you Give Mr.Smith Concern Prompt, Sincere Attention?
35. Did you Retaliate Against Mr. Smith for Reporting Concerns?
36. Did you Recognize Mr. Smiths Accomplishments?
37. Did you Value Mr. Smiths Health, Wellness, and Safety?
38. Was there any code of Conduct-Breached?
39. Was Mr Smith encouraged in Reporting Concerns, Asking Questions, and Voicing Opinions?
40. Was there any Retaliation?
41. Was there accuracy of Records and Reporting?
42. Was there Equal Opportunity and Fair Treatment?
43. Was there Workplace Health, Wellness, and Safety?
44. Was there any act of State-Corporate Crime as far as the (Misuse of At Will Employment)?
45. Do you believe that in the United States every citizen has a right to Life, Liberty, and Property?
46. Do you believe that in the United States every citizen has a right to make monetary gain?
47. Did you thoroughly investigate all of Mr. Smith's claims?
48. Why did you Deny Mr. Smith had a ADA Disability?
49. Why was there a Denial of Mr. Smith's ADA Disability Accomodations?
50. Why was there a Denial of Mr. Smith's ADA Disability Discrimination Claims?
51. Should you have denied Mr. Smith had a ADA Disability?
52. Should there have been a Denial of Mr. Smith's ADA Disability Accomodations by yourself?
53. Should there have been a Denial of Mr. Smith's ADA Disability Discrimination Claims by yourself?
54. Should Mr. Smith have received his ADA Disability Accomodations as informed through the ADA Act?
55. With Mr. Smith's new more thorough Diagnosis and Medical Analysis supporting his ADA Disability, do you believe he
    is disabled as categorized within the ADA Act?
56. With Mr. Smith's new more thorough Diagnosis and Medical Analysis supporting his ADA Disability, do you believe he
    should have been denied Accomodation as categorized within the ADA Act?
57. With Mr. Smith's new more thorough Diagnosis and Medical Analysis supporting his ADA Disability, do you believe his
    ADA Disability Discrimination Claims should have been denied?
58. With Mr. Smith's new more thorough Diagnosis and Medical Analysis supporting his ADA Disability, do you believe his
    ADA Disability Negligence Claims should have been denied?
59. Do you believe if it were advised by yourself that Mr. Smith were properly Accommodated he would have been in better
    psychological shape today?
60. Do you believe if it were advised by yourself that Mr. Smith were properly Accommodated he would have incurred as
    many damages to this day?
61. After investigation and due process was Glenn Michaelson's Affidavit against Mr. Smith's claims true?
62. After investigation and due process was Kelly Heffernans's Affidavit against Mr. Smith's claims true?
63. After investigation and due process was Lin Schrader's Affidavit against Mr. Smith's claims true?
64. Do you believe the Dr. Anker report may have been premature?
65. Do you believe in the United States of America allegiance that everybody should be entitled to Liberty and Justice for All?
66. Do you believe Innocent until proven guilty?
67. Do you believe that until you answer against a claim you are guilty?
68. Do you believe if there is no answer to a claim guilt is by default?
69. We're the answers to these interrogatories properly investigated?
70. We're the answers to these interrogatories answered correctly?

Subpoena

Case Number: 21S787          Smith vs. Aetna,          Exhibit# 5

71. Should there be judgement in Mr. Smith's favor?
72. Do you believe there is a credibility issue with Pro Se litigancies?
73. What is your full legal name: _____
    List any other names you have been known by: _____
    Home address: _____
    Home phone number: _____ Work phone number: _____
    Date of birth: _____ Social Security Number: _____
    Drivers license number: _____ State: _____

74. As to your employment, complete the following:
    The employer's/company's name: _____
    Address of employer: _____
Phone number: _____ Supervisor's name: _____


Issued on the _____ of September 2021.


BY:

_____
Matthew A. Smith
Plaintiff
P.O. Box 350217
Westminster, CO 80035
720-231-9259

## CERTIFICATE OF SERVICE
### (To be performed by Plaintiff)

I hereby certify that I had process serviced a true and correct copy of the *SUBPOENA*, to the Defendant(s) at the address(es) listed above.

_____
Plaintiff

## VERIFICATION
I declare under penalty of perjury under the law of Colorado that the foregoing is true and correct.

Executed on the _____ day of _____, _____, at _____
                   (date)        (month)        (year)      (city or other location, and state OR country

_____                _____
(Printed name of Plaintiff Debtor)                Signature of Plaintiff Debtor

Subpoena

Case Number: 215787        Smith vs. Aetna,        Exhibit# _6_

Case Name _____ v. _____        Case Number: _____

## AFFIDAVIT OF SERVICE
### (Must be returned to Court)

I served a copy of the foregoing Interrogatories, on the following:

Name                                   Date                    Place

If the person on whom service was made is not the named party to be served, I served the Interrogatories:

☐   At the regular place of abode of the person to be served, by leaving the Notice with a person over the age of 18 years who regularly resides at the place of abode. (Identify relationship to defendant _____)

☐   At the regular place of business of the person to be served, by leaving the Notice with that person's secretary, bookkeeper, chief clerk, office receptionist/assistant or partner. (Circle title of person that was served)

☐   By leaving the Notice with a partner, limited partner, associate, manager, elected office, receptionist/assistant, bookkeeper or general agent of the partnership.  Limited Liability Company, or other non-corporate entity, which was to be served. (Circle title of person that was served)

☐   By leaving the Notice with an officer, manager, receptionist/assistant, legal assistant, paid legal advisor or general agent, registered agent for service of process, stockholder or principal employee of the corporation, which was to be served. (Circle title of person that was served).

I am over the age of 18 years, and I am not an interested party in this matter.

I have charged the following fees for my services in this matter:

☐ Private process server
☐ Sheriff, _____County          _____
    Fee $ _____   Mileage $ _____          Signature of Process Server

                                                          _____
                                                          Name (Print or type)

Subscribed and affirmed, or sworn to before me in the County of _____, State of _____, this

_____ day of _____, 20 _____.

My commission expires: _____          _____
                                                          Notary Public

## CERTIFICATE OF SERVICE BY MAILING
### (To be performed by Clerk within three days of filing)

I hereby certify that on (date)_____. I mailed a true and correct copy of the MOTION AND ORDER FOR INTERROGATORIES – SHORT FORM, by placing it in the United States Mail, postage pre-paid to the Defendant(s) at the address(es) listed above.

Dated: _____          _____
                                                 Clerk of Court/Deputy Clerk

☐ (If applicable) Plaintiff notified of non-service on (date)_____. Clerk's Initials _____

Subpoena

Matthew Smith
ID 1994509
Page 8 of 19   03/95

303 650 3960        Hidden Lake Behivorial H

09:30:12   11-10-2011        4/10

## UNITED PARCEL SERVICE

### REQUEST FOR MEDICAL INFORMATION

Employee's Name:   Matthew A. Smith

**A.   Instructions**

The employee listed above has submitted a request for a job-related accommodation arising out of a medical condition. The Genetic Information Nondiscrimination Act of 2008 prohibits employers and other entities covered by GINA Title II from requesting or requiring genetic information of employees or their family members. In order to comply with this law, we are asking that you not provide any genetic information when responding to this request for medical information. In order for UPS to assess the employee's request, please complete the following information and return it to me in the enclosed envelope or FAX it to me at:

Occupational Health Supervisor — Confidential
2040 Parkway Boulevard
Salt Lake City, UT 84119
(801) 973-1482
(801) 973-3795 FAX Number

If you have any questions relating to the completion of this form or need clarification of any of the information requested, please call the Occupational Health Supervisor at the number listed above. If additional space is necessary, please feel free to attach additional sheets. Although it is important that you complete this entire form, you are also welcome to include or attach additional information that you or the employee believes may assist the Company in assessing the employee's request for accommodation. UPS appreciates your cooperation and assistance.

**B.   Requested Information**

Attached to this form is a description of the essential functions of the employee's current position with UPS. If you have any questions about the description of the essential functions of the employee's position, please contact the Occupational Health Supervisor for clarification or explanation. After reviewing this description and evaluating the employee, please answer the following questions.

1.   Is the employee currently able to perform all of the functions of his/her position?

_____ Yes   ___ No   *Unable to assess*

RESTRICTED

Received Time Nov. 10. 2011  9:18AM No. 0793

Case Number 2078954-3    Smith/Matthew 11:03:12 AM    PAGE 11/024    Fax Server

303 650 3960          Hidden Lake Behivorial H

Matthew Smith
ID 1994509
03/95
09:30:27   11-10-2011   5/10

Page 2 of 18

2.    If the answer to Question 1 is "no," using the enclosed essential job functions form, please identify the specific function(s) of the position that the employee is unable to perform.

*Is diagnosed with depression. Reports difficulty concentrating. Reports work environment is noisy*

3.    Please identify the diagnosis or describe the condition that precludes or impairs the employee's ability to perform the specific job function(s) identified in response to Question 2.

*Difficulty concentrating*

a.    For each diagnosis or condition identified in Question 3 above, describe in detail the degree or extent of the job restrictions and state the known or expected duration of the job restrictions (e.g., employee's 40-pound lifting restriction is permanent; employee cannot work more than 4 hours per day and/or on a particular shift for two weeks; employee cannot work in an environment over 80 degrees for 3 months etc.). If the condition is episodic, please indicate both the historic and anticipated future frequency.

(Plumber 2011)

*Reports episodic, was recent. Is continuing in treatment - therapy + medication. Started treatment in 10/3/11 medication with Dr Gage (psychiatrist)*

## RESTRICTED

303 650 3560          Hidden Lake Behivodal H                    09:30:55   11-10-2011        6/10

*Recommended:*
1. Continued medication management
2. Individual therapy
3. Group therapy

b.   For each job restriction described in Question 3(a) above, describe the activities that the employee can perform within the restriction (e.g., although the employee cannot lift over 40 pounds, she can lift 10 pounds frequently and 25 to 40 pounds occasionally).

Unable to assess - Reports
difficulty concentrating

4.   Questions 1 through 3 above focus on the employee's ability to work. Do any of the diagnoses or conditions identified in response to Question 3 substantially limit the employee's ability to perform any major life activities other than working, such as caring for him/herself, performing manual tasks, walking, seeing, hearing, speaking, breathing, reproducing, learning, eating, sleeping, standing, lifting, bending, reading, concentrating, thinking, communicating, etc.?

✓ Yes ___ No   Difficulty concentrating - per
self report

5.   If the answer to Question 1 is "yes," please identify all of the major life activities affected by the diagnosis or condition and describe the manner in which the diagnosis or condition limits each activity.

Reports difficulty driving and talking
on the phone - Reports being able
to read and watch TV

# RESTRICTED

Case Number 01478354-3   Smith A30A8052, 11:01:12 AM   Exhibit PAGE/0 13/024   Fax Server

Matthew Smith
#0195450°9      03/85
Page 11 of 19

303 6503960      Hidden Lake Behivorial H      09:30:53   11-10-2011      7/10

6.   In the space provided below, please identify any tests or other diagnostic
tools that were used to determine this employee's abilities or the nature of
his/her impairment, including the names of the tests or diagnostic tools
and the dates on which any such tests or tools were administered to the
employee.

_Self report_

Name: _Judith Libby - Lawrewrino ms, LMFT_ 11/9/11
_Krishna Veni Ciyc MD_ Date: _11|9|11_
(Please Print)

Address: _kaiser Permanentie Hidden lake_
_7701 Sheridan Blvd_ FAX No. _303 - 650 3960_
_Arvada Co 11003_

Signature: _Judith Libby Lawren ms, LMFT_ Telephone No. _303 650 3900_

RESTRICTED

-4-

2012-01-30 10:07 05883      Fax Server 651-3 >> UIAppeals4      P 13/2

Matthew Smith
ID 1824509
Page 12 of 15
03/95

303 650 3950          Hidden Lake Behiverial H          09:31:17   11-10-2011   9/10



Position:

Operations Supervisors/Managers/unless otherwise listed
Operations Supervisor/Manager                    I.E. Supervisor/Manager

Essential Job Functions:

U.S Department of Labor Physical Demand Level:  HEAVY

## Physical Demand Assessment

| | | | | | Occasional | Frequent | Frequent |
|---|---|---|---|---|---|---|---|
| Lift | | X | | | Occasional | Frequent | Frequent |
| | | X | | | Frequent | Frequent | Occasion |
| | | X | | | Occasional | Occasional | Occasional |
| Carry | | | | | Never | Constant | Never |
| | | X | | | Never | Constant | Never |
| | | X | | | Never | Constant | Never |
| | | X | | | Never | Constant | Never |
| Push/Pull (Use of force) | | | | | Constant | Constant | Constant |
| | | | | X | Constant | Never | Never |
| | X | | | | Never | Never | Never |
| | X | | | | Never | Never | Never |

## Functional Tolerances /
## Physical Performances Required

| | | | | | | |
|---|---|---|---|---|---|---|
| Sit | X | | | | | |
| Stand (< 2 hrs) | | | | | | X |
| Walk (< 3 hrs) | | | | | | X |
| Stair climbing | | | | | X | |
| Ladder climbing | | | | | X | |

## RESTRICTED

Received Time Nov 10  2011  9-18AM No 0795

*Matthew Smith*
*ID 1994509*
*Page 13 of 19*

303 650 3960          Hidden Lake Behavioral H                    09:31:33   11-10-2011   03/45   10/30



| Repetitive Bending | | x | |
| Repetitive Squatting | | x | |

- Meet D.O.T. requirements and/or be CDL qualified as required by job assignment
- Work:
  - Part-time: up to 5 ½ hours per day, 5 days per week
  - Full-time: 8-10 hours per day, 5 days per week
  - extended hours may be required as service needs dictate
- Report to work on a regular and timely basis
- Ability to work varying shifts and extended hours as business needs dictate
- Must be able to travel by car and plane to attend meetings at other locations and call on non-UPS locations and customers
- Must be able to supervise and train employees effectively
- Perform office tasks using simple hand grasping, fine hand manipulation and reach associated with assigned tasks such as paperwork, typing, similar use of a computer, filing, calculating and use of telephone
- Assist in moving packages weighing up to 100 pounds
- Grasp, reach, and demonstrate activities associated with delivering, loading and unloading packages including operation of the Delivery Information Acquisition Device (DIAD), the DIAD Vehicle Adapter (DVA), the In-Vehicle Information System (IVIS) and other hand-held scanning devices
- Meet all requirements to be Power Industrial Truck Operations (PITO) certified
- Have a sufficient ability to communicate, through sight, hearing, and/or otherwise, to perform assigned tasks and maintain proper job safety conditions
- Work in an environment with:
  - variable temperatures and humidity
  - exposure to dust, dirt, and noise
  - enclosed work area
  - outside inclement weather
  - elevated heights and uneven work surfaces
- Work cooperatively in a diverse work environment
- Demonstrate cognitive ability to:
  - follow directions and routines
  - work independently with appropriate judgment
  - exhibit spatial awareness
  - read words and numbers
  - concentrate, memorize, and recall
  - identify logical connections and determine sequence of response
  - processing up to 2-3 steps ahead
- Perform other functions that may be assigned

The essential functions of this job may vary greatly depending upon the size and the location of the UPS facility. At some locations, employees may not perform all of the essential job functions listed above. At other locations, employees may perform some or all of the functions listed above and, in addition, it may be required to perform other jobs or tasks as directed. In addition, given the nature of the business, UPS retains the right to modify the essential functions of this position at any time.

-44-                                                    1/1/2011

RESTRICTED

Received Time Nov 10  2011  9:18AM No 0709

Case Number: 11-11578B54-8   Smith vs. 11:01:12 AM  Exhibit PAGE 3  16/024    Fax Server

*(handwritten)* Matthew Smith
ID 1994509
03/95
Page 14 of 19

303 650 3960        Hidden Lake Behiviorial H                          09:31:02   11-10-2011        8/10

### United Parcel Service
## AUTHORIZATION FOR RELEASE OF HEALTH INFORMATION

**Part 1: Information About the Use or Disclosure of my Health Information**
I authorize the use or disclosure of my individually identifiable health information as described below. I understand that this authorization is voluntary and I have the right to revoke it at any time by submitting a written notification to the person/entity I authorize to disclose the information in Item 2.

1. Individual's Name: *M. Hhead Smith*          Identification Number: *0229(975(*
2. Persons/organizations authorized to disclose the information: *Keiser Permente*
3. Persons/organizations authorized to receive the information: *United Parcel Service*
4. Specific description of the information to be used or disclosed: *Any*
5. Specific purpose of the disclosure: *Medical*
6. This authorization will expire *1-Jan-2011* (indicate date or event relating to you personally or the purpose of the authorization).

**Part 2: IMPORTANT INFORMATION ABOUT YOUR RIGHTS**
I have read and understand the following statements about my rights:
- I am not required to sign this form. Moreover, I am not required to sign this form to receive my health care benefits (enrollment, treatment or payment) or health care from a health care provider (except where the sole reason for the treatment is to create information to provide to a third party such as a fitness for duty exam). However, I understand that if I refuse to sign this authorization, there may be employment-related consequences, including a denial of any request I have made under the Americans with Disabilities Act (ADA).
- I may revoke this authorization at any time prior to its expiration date by submitting a written notification to the person/entity identified in item 2 above. I am aware that the revocation will not have any effect on information already used or disclosed before receiving my revocation.
- I may see and copy the information described on this form if I ask for it.
- I understand that once my individually identifiable health information is disclosed to the individuals or entities listed above, it is no longer protected by the privacy requirements in HIPAA and they may re-disclose my health information to any other party for the purpose specified in No. 5 above.

**Part 3: Signature of Participant or Participant's Representative**

*(signature)*                                          *9-Nov-2011*
Signature of Individual or Representative  Date         Date
*(Form MUST be completed before signing)*

Name of Individual's Representative                    Relationship to the Individual
*(Please Print)*                                       *(List authority for status as representative)*

## RESTRICTED

Received Time Nov 10  2011  9:18AM No. 0762

Case Number: 21S787          Smith vs. Aetna,          Exhibit# '4'

### UNITED PARCEL SERVICE
## ACCOMMODATION CHECKLIST
### (revised effective 1/1/11)

Name: <u>Matthew A. Smith</u>
Completed by: _____
Date of Meeting: <u>Currently Not Scheduled</u>
Others in Attendance: <u>Currently Not Scheduled</u>
District: <u>Rocky Mountain</u>

### FOR MANAGEMENT EMPLOYEES:

I, <u>Matthew A. Smith</u>, do <u>X</u> do not ____ consent to UPS sharing my medical
information with the appropriate personnel for all purposes relating to my request for
accommodation.

_____          Date: <u>7-Mar-2016</u>
Employee Signature

A.   To Be Answered By Employee:

   1.   Job Analysis

      a.   What is your current job at UPS: <u>Origin Data Capture</u>
<u>Supervisor</u>

      b.   Identify all of the medical conditions that you believe affect your
ability to do your current job and that led to your request for an
accommodation: <u>Attention Deficit Disorder, Generalized</u>
<u>Anxiety Disorder, Depression, and Phobia.</u>

      c.   Describe how your medical conditions prevent you from being
able to do your job or affect your ability to do your job: <u>My</u>
<u>conditions prevent my abilities in concentration/focus. My</u>
<u>conditions prevent me from carrying out the mental tasks of</u>
<u>doing my job in a timely fashion and without lapse in</u>
<u>judgement, order, importance, and etc.</u>

      d.   Describe how you believe that you can be accommodated in a way
that would permit you to be able to do your current job: <u>I do not</u>
<u>believe I can be accommodated in a way that would permit me</u>
<u>to be able to do my current job in Operations with the</u>
<u>workplace barrier which in this case is the conveyer belt/alarm</u>
<u>system and sort auditory disturbances. These disturbances are</u>

2

CONFIDENTIAL                                              UPS 1249

Case Number: 215787          Smith vs. Aetna,          Exhibit# ⁄S

too much of an issue for me. Mentally, I am not sure when I will be 100% again. At the time I left on average I use to work in the office 73% of my shift and 95% of my shift requires mental concentration, focus, recollection, thought, and etc. To avoid any further impairment and while I'm on medication and otherwise; in that segment of the hub even behind closed doors it is a challenge because the walls are too thin.

e.     Identify any other jobs at UPS that you believe that you could do, with or without an accommodation: I believe I could do Administrative work in Business Development, Industrial Engineering, and Human Resources. I also believe I could do work comparable dependent upon what is available.

f.     Please describe any prior work experience, training and education that you believe may assist UPS in assessing your qualifications for potential accommodations: All prior work experience, training, and education that may assist UPS in assessing my qualifications for potential accommodations can be found on my attached resume.

_____                    7-Mai-2015
Employee Signature                          Date

3

CONFIDENTIAL                                                      UPS 1250

Case Number: 21S787          Smith vs. Aetna,          Exhibit# *16*

### UNITED PARCEL SERVICE
## ACCOMMODATION CHECKLIST
### (revised effective 1/1/11)

Name:  Matthew A. Smith
Completed by:  _____
Date of Meeting:  Currently Not Scheduled
Others in Attendance:  Currently Not Scheduled
District:  Rocky Mountain

## FOR MANAGEMENT EMPLOYEES:

I,  Matthew A. Smith  , do  X  do not _____ consent to UPS sharing my medical
information with the appropriate personnel for all purposes relating to my request for
accommodation.

_____          Date: 7-Mar-2012
Employee Signature

A.     To Be Answered By Employee:

   1    Job Analysis

      a.     What is your current job at UPS:  **Origin Data Capture
             Supervisor**

      b.     Identify all of the medical conditions that you believe affect your
             ability to do your current job and that led to your request for an
             accommodation:  **Attention Deficit Disorder, Generalized
             Anxiety Disorder, Depression, and Phobia.**

      c.     Describe how your medical conditions prevent you from being
             able to do your job or affect your ability to do your job:  **My
             conditions prevent my abilities in concentration/focus. My
             conditions prevent me from carrying out the mental tasks of
             doing my job in a timely fashion and without lapse in
             judgement, order, importance, and etc.**

      d.     Describe how you believe that you can be accommodated in a way
             that would permit you to be able to do your current job:  **I do not
             believe I can be accommodated in a way that would permit me
             to be able to do my current job in Operations with the
             workplace barrier which in this case is the conveyer belt/alarm
             system and sort auditory disturbances.  These disturbances are**

                                        2

CONFIDENTIAL

UPS 1251

Case Number: 21S787          Smith vs. Aetna,          Exhibit# 17

too much of an issue for me.  Mentally, I am not sure when I will be 100% again.  At the time I left on average I use to work in the office 73% of my shift and 95% of my shift requires mental concentration, focus, recollection, thought, and etc. To avoid any further impairment and while I'm on medication and otherwise; in that segment of the hub even behind closed doors it is a challenge because the walls are too thin.

e.   Identify any other jobs at UPS that you believe that you could do, with or without an accommodation: I believe I could do Administrative work in Business Development, Industrial Engineering, and Human Resources.  I also believe I could do work comparable dependent upon what is available.

f.   Please describe any prior work experience, training and education that you believe may assist UPS in assessing your qualifications for potential accommodations: All prior work experience, training, and education that may assist UPS in assessing my qualifications for potential accommodations can be found on my attached resume.

_Employee Signature_          _7-Dec-2015_
Employee Signature                    Date

3

CONFIDENTIAL

UPS 1252

Case Number: 21S787          Smith vs. Aetna,          Exhibit# 18

**I.**

*UNITED PARCEL SERVICE*
## ACCOMMODATION CHECKLIST
**(revised effective 1/1/11)**

Name: _____

Completed by: _____

Date of Meeting: _____

Others in Attendance: _____

District: _____

FOR UNION EMPLOYEES:

I, _____, do ___ do not ____ consent to UPS sharing my medical
information with the union for all purposes relating to my request for accommodation.

_____          Date: _____
Employee Signature

**A.**     To Be Answered By Employee:

    1.    Job Analysis

        a.    What is your current job at UPS:
            _____

        b.    Identify all of the medical conditions that you believe affect your
            ability to do your current job and that led to your request for an
            accommodation: _____

        c.    Describe how your medical conditions prevent you from being
            able to do your job or affect your ability to do your job:
            _____

        d.    Describe how you believe that you can be accommodated in a way
            that would permit you to be able to do your current job:
            _____

        e.    Identify any other jobs at UPS that you believe that you could do,
            with or without an accommodation: _____

CONFIDENTIAL                                    UPS 1253

Case Number: 21S787        Smith vs. Aetna,         Exhibit# 19

f.   Please describe any prior work experience, training and education
     that you believe may assist UPS in assessing your qualifications
     for  potential accommodations: _____

_____
_____
_____
_____

_____          _____
Employee Signature                Date

2

CONFIDENTIAL                              UPS 1254

Case Number: 215787          Smith vs. Aetna,          Exhibit# *2i*

B.  To Be Answered By the District Human Resources Operations Manager, Area Human Resources Manager, Occupational Health Supervisor and District Labor Manager (if applicable) at or following Checklist Meeting:

1.  With respect to each accommodation identified by the employee which involves modification of his or her <u>current</u> job, answer the following questions:
    a.  Do the means exist to make the requested accommodation?
    b.  Does the accommodation conflict with any portion of a collective bargaining agreement?

| PROPOSED ACCOMMODATION | DO MEANS EXIST? | CBA CONFLICT? |
|---|---|---|
| 1. | | |
| 2. | | |
| 3. | | |

Attach a copy of the essential job functions list for the employee's current position.

2.  With respect to each accommodation identified by the employee which involves a <u>transfer</u> or <u>reassignment</u>, answer the following questions:
    a.  Are there any current openings or does the company know that a vacancy will occur within a reasonable period of time?
    b.  Does the employee possess the requisite education, skills and experience ("ESE") for the position?
    c.  Does the employee preliminarily appear capable of performing the essential job functions ("EJF") of this position with or without reasonable accommodation?
    d.  Does the transfer or reassignment conflict with any portion of a collective bargaining agreement?

Attach a copy of the essential functions list of each identified position.

| PROPOSED ACCOMMODATION | AVAILABLE? | ESE? | EJF?* | CBA CONFLICT? |
|---|---|---|---|---|
| 1. | | | | |
| 2. | | | | |
| 3. | | | | |

3

CONFIDENTIAL

UPS 1255

Case Number: 21S787          Smith vs. Aetna,          Exhibit# *2/*

*NOTE: If you answered "no" in the EJF column, briefly describe which essential functions the employee may not be able to perform and explain why.

_____

_____

_____

3.  Identify any other potential accommodations that have been identified by the company that have not been identified by the employee that may be available._____

_____

For each accommodation identified, perform the analysis listed in Questions 1 and 2. Be sure to attach a copy of the essential job functions for each position identified.

| OTHER IDENTIFIED ACCOMMODATION | DO MEANS EXIST? | CBA CONFLICT? |
|---|---|---|
| 1. | | |
| 2. | | |
| 3. | | |

| OTHER IDENTIFIED ACCOMMODATION | AVAILABLE? | ESE? | EJF?* | CBA CONFLICT? |
|---|---|---|---|---|
| 1. | | | | |
| 2. | | | | |
| 3. | | | | |

_____     Date Completed:_____
Signature

NOTE: Be sure to memorialize the search for an accommodation and preserve supporting documents in the file

4

CONFIDENTIAL

UPS 1256

Case Number: 21S787      Smith vs. Aetna,      Exhibit# 22

Community Reach Center                                          PN 113703

# Intake Assessment

---

Assessment Disposition

---

Patient Name      Smith  Matthew A
DOB               01/16/1986

Address      PO Box 350217, Westminster  CO  80035-

---

Marital Status    Never Married
Screening Staff   Sines  Adrienne M
Screening Date    02/19/2015        Screening Time  10 30 am
Type

---

Insurance

| | Group Number | Policy Number |
|---|---|---|
| Primary Insurance - Self Pay | | 071615 |
| Primary Insurance  Self Pay | | 021815 |
| Primary Insurance - Value Option Medicaid | FHBH01 | O165822 01 |
| Primary Insurance - Self Pay | | 01272016 |
| Primary Insurance - Cigna | 338117 | U5808035801 |
| Primary Insurance - Self Pay | | 051717 |
| Primary Insurance - Aetna | 0865246 | W235565752 |

---

Contacts

Name      Smith  Michael and Gina

Phone     .303.741.4008

---

Primary Referent

Name                              Phone Number

Organization
Name                              Phone Number

Organization
Name                              Phone Number

Organization

---

Homicidal

Case Number: 21S787          Smith vs. Aetna,          Exhibit# 23

Assessment Date                    Does Individual have homicidal thoughts

When were last thoughts of homicide or homicidal behavior?

| | |
|---|---|
| Is there a plan | Is risk immediate |
| Is there intent to act | History of previous attempts |
| Are there deterrents | Willing to contract for safety |

Comments

---

**Suicidal**

Date                    Time                              Total Score

**Suicidal Risk Evaluation**

| | |
|---|---|
| Method | Isolation/Withdrawal |
| Time | Previous Attempts |
| Location | Anxiety |
| Availability of Means | Family/Significant Others |
| Possibility of Rescue | Current Resources |
| Final Arrangements | Daily Functioning |
| Depression | Recent Losses |
| Alcohol/Drug Abuse | Disoriented/Disorganized |
| | Lifestyle |
| | Hostility |

Comments

---

Physician

Phone                    (303)336-4545

Phone                    (303)336-4545

Phone

---

Problem Existed One Year or Longer

Presenting Problem

Case Number: 21S787          Smith vs. Aetna,          Exhibit# 24

Client is a 29 year old male referred by Kaiser. Client reports due to losing his job and insurance can no longer be seen at kaiser, and would like to be seen at CRC to continue his medications. Client reports has been off medications for 2 months Buspar, Trazaone, Klonopin, Celexa. Client reports medications have helped him to reduce his anxiety and psychosis. Client presents very disorganized in speech, tangential speech, Client is orientated x3, denies SI/HI, denies substance use. Client reports history of cannabis use, last used 2 months ago. Client reports general worry, panic attacks, reports physical symptoms of stomach aches. Client reports good sleep, about 6 hours. Client reports history of staying up "hear myself think" Client reports good appetite, three times a day. With the anxiety "the nerves make me feel taken" "I can't step inside of other people to know what they feel". "It's hard to think and concentrate". Hears voices saying "don't" "yes or no" "they explain where they are coming from". They "say codes when I'm a sleep, and then when I'm awake they explain the codes" Which client reports as "REM hallucinations". Client reports feeling distress due to having to know do physical labor instead of mental labor to use his master's degree

Client reports is currently homeless has been living out of his car and would like case management help. Client reports is in a civil suit, client is suing previous employer UPS, due to discrimination. Client reports he is currently working to pay off back taxes

Client reports now is a good time for therapy to get back on medications. Client reports previous medications helped reduce anxiety/psychosis.

Client presents overall disorganized in speech, long sentences and tangential speech to yes or no questions. Client is orientated x3. Client appears tired, somewhat irritable. Continue to assess for accurate history and symptoms

## History of Presenting Problem

Client denies history of hospitalizations or certifications.
Client reports symptoms first started in 2011 "nervous breakdown due to a promotion at work" Client denies legal history denies trauma. Denies all history of issues questions
Denies family history of mental health, suicide, and denies family history of substance abuse

| | | | |
|---|---|---|---|
| Treatment Type | Outpatient Mental Health | Facility Name | |
| Level of Care | Continuing Care Services | Address | |
| Condition Treated | | | |
| Counselor Name | Kaiser | | |
| Approximate Admit Date | | Approximate Discharge Date | |
| Length of Stay | | | |
| Response to Treatment | | | Discharge Type |
| Permission given to contact for treatment records? | | No | |
| Release obtained and signed for permission to contact for Records? | | No | |
| Treatment Type | Outpatient Mental Health | Facility Name | CRC |
| Level of Care | | Address | |
| Condition Treated | | | |
| Counselor Name | Michele Willingham | | |
| Approximate Admit Date | | Approximate Discharge Date | |
| Length of Stay | | | |
| Response to Treatment | | | Discharge Type |
| Permission given to contact for treatment records? | | | |
| Release obtained and signed for permission to contact for Records? | | | |

## Medical and Medication History

Case Number: 21S787          Smith vs. Aetna,          Exhibit# 2S

## Medication History

| Medication Name | Strength | Reason | Date Start | Date End | Physician |
|---|---|---|---|---|---|

## Pain Assessment

| Date and Time | Staff Administer | Location | Side | Score |
|---|---|---|---|---|

Comments

## Nutritional Assessment

Daily Eating Habits

Known Eating Disorders and Problems

Weight in past 30 days - Loss          Gained

Weight in past 6 months - Loss          Gained

Comments

## Alcohol and Drug Use/Abuse

| Substance | Current Use | Past Use | Last Used |
|---|---|---|---|
| Tobacco | No | No | |
| Caffeine | Yes | Yes | |
| Alcohol | No | No | |
| Marijuana | Yes | Yes | 12/1/2014 |
| Cocaine | No | No | |
| Stimulants | No | No | |
| Hallucinogens | No | No | |
| PCP | No | No | |
| Opiates | No | No | |
| Other | | | |

## Substances Abused

| Substance | Amount | Frequency | Route | Last Used | #days in Last 30 |
|---|---|---|---|---|---|

## Family History

Denies family history of mental health, suicide, and denies family history of substance abuse. Client is currently homeless, living in his car.

Client reports has a brother and sister, mother and father answered "ya" if he had a good relationship. Unable to accurately assess due to client's disorganization/irritability.

Client is a 29 year old black male, client reports he values "life, nature". Client reports he is spiritual and has studied a lot of religions.

Case Number: 21S787          Smith vs. Aetna,          Exhibit# 56

## Legal Status

Date of Offense    Offense                    Status                    Probation Officer

## CRS 27-65 Involuntary Treatment

Is Voluntary      Type Involuntary                    Date Initiated    Expiration Date    Termination Date

## Social Function

Client reports likes to work and weight lift  Client reports  likes reading  meditating.
Client denies any supports  denies having friends or family. Client denies having an emergency contact.
Client denies TBI, denies cognitive delays or learning disabilities
Client reports his strengths are" education, cognitive, and health"
Client reports barriers to treatment are his stress, anxiety, and financial issues

## Vocational/Educational/Community Resources

### Vocational

Current Employment Type

### Educational

Highest Level of Education Completed    Graduate Degree

Vocational/Educational Comments    Client reports has a bachelor and master's degree in business, went to Metro
State and Devry universities  Client works part time pressing metal, reports
good functioning  Client has history of working as a manager for UPS  Client
declines vocational services

### Community Resources

Community Resources Comments    Has medicaid and food stamps, client has a car  Client denies community
resources  Given case management info. United Way, food bank/resource
list

## Diagnosis

Case Number: 21S787          Smith vs. Aetna,          Exhibit# 27

| Date Start | Axis Rank | Type | Axis Code | Axis Description |
|---|---|---|---|---|
| **Axis I** | | | | |
| 02/24/2015 | Other | Current | 305.20 | Cannabis Abuse |
| 02/19/2015 | Primary | Preliminary | 298.9 | Psychotic Disorder NOS |
| 02/24/2015 | Primary | Current | 295.90 | Schizophrenia - Undifferentiate |
| 07/16/2015 | Primary | Current | 295.90 | Schizophrenia - Undifferentiate |
| 02/19/2015 | Secondary | Preliminary | 300.00 | Anxiety Disorder NOS |
| 07/16/2015 | Secondary | Current | 300.00 | Anxiety Disorder NOS |
| 07/16/2015 | Tertiary | Current | 305.20 | Cannabis Abuse |
| **Axis II** | | | | |
| 02/19/2015 | Primary | Preliminary | 799.9 | Diagnosis Deferred on Axis II |
| **Axis IV** | | | | |
| 02/19/2015 | Other | Current | 2 | Economic Problems |
| 02/19/2015 | Other | Current | 2 | Occupational Problems |
| 07/16/2015 | Primary | Current | 2 | Legal Problems |
| 02/19/2015 | Secondary | Current | 2 | Problems related to Social Environment |
| **Axis V** | | | | |
| 02/19/2015 | Primary | Current | 2 | 45 |
| 07/16/2015 | Primary | Current | 2 | 51 |
| **Mental He** | | | | |
| 09/11/2015 | Primary | Update | F20.3 | Undifferentiated schizophrenia |
| 09/11/2015 | Secondary | Update | F41.9 | Anxiety disorder, unspecified |

**Intake Summary and Recommendations**

Client appears with Psychotic Disorder NOS, active visual hallucinations, delusions, disorganized speech and thoughts, Anxiety Disorder NOS, anxiety, general worry, possible panic attacks, poor concentration.
Client appears at a level 1 due to active psychosis and hallucinations. Denies SI, denies access to guns, denies previous attempts. Protective factors are "you only live once, fishing, mountains, I want to own businesses, I love life". Client denies HI, denies substance use. Client has risk factors of homelessness and financial issues, lack of supports or resources. Client given 24/7 crisis line, weekend clinic, and CCC
Client appeared in pleasant mood, flat affect at times and racing thoughts, overall disorganized in thoughts and speech. Client was casually dressed. Client orientated x3, not gravely disabled as he is adequately care for his needs, bathing, going to work. Client's first apt scheduled with primary therapist Marilyn Desparrois Monday Feb 23rd at 2 pm. Crisis IDI offered March 11th at 11am with Mary Bobaye in NG, this clinician called and left a message to confirm this appointment. Client also given PCP list as he no longer has a PCP. Salud clinic in CRC in Commerce City. United Way, food/resource list

**Inquiry Summary**

| | | | |
|---|---|---|---|
| Admission Date | 02/19/2015 | Discharge Date | |
| Facility | MCMB- | Program | Thornton Outpatient |
| Department | Clinical | Bed | |
| Level of Care | Intermediate Services | Care Coordinator | Desparrois, Marilyn E |
| Admit Date and Time | | | |
| UR Type | Adult Mental Health | Next UR Review | |

Case Number: 21S787       Smith vs. Aetna,       Exhibit# 28

Community Reach Center                                          PN 113703

## Intake Assessment

---

### Assessment Disposition

| | |
|---|---|
| Patient Name | Smith, Matthew A |
| DOB | 01/16/1986 |

Address       PO Box 350217, Westminster, CO 80035-

---

| | |
|---|---|
| Marital Status | Never Married |
| Screening Staff | Jordan, Valerie A |
| Screening Date | 07/16/2015       Screening Time   1 30 pm |
| Type | |

---

### Insurance

| | Group Number | Policy Number |
|---|---|---|
| Primary Insurance - Self Pay | | 071615 |
| Primary Insurance - Self Pay | | 021815 |
| Primary Insurance - Value Option Medicaid | FHBH01 | O165822 01 |
| Primary Insurance - Self Pay | | 01272016 |
| Primary Insurance - Cigna | 338117 | U5808035801 |
| Primary Insurance - Self Pay | | 051717 |
| Primary Insurance - Aetna | 0855246 | W235585762 |

### Contacts

Name       Smith, Michael and Gina

Phone       303;741-4008

### Primary Referent

Name                              Phone Number

Organization

Name                              Phone Number

Organization

Name                              Phone Number

Organization

---

### Homicidal

Case Number: 21S787          Smith vs. Aetna,          Exhibit# 29

Assessment Date                Does Individual have homicidal thoughts

When were last thoughts of homicide or homicidal behavior?

| | |
|---|---|
| Is there a plan | Is risk immediate |
| Is there intent to act | History of previous attempts |
| Are there deterrents | Willing to contract for safety |

Comments

---

Suicidal

Date                    Time                          Total Score

Suicidal Risk Evaluation

| | |
|---|---|
| Method | Isolation/Withdrawal |
| Time | Previous Attempts |
| Location | Anxiety |
| Availability of Means | Family/Significant Others |
| Possibility of Rescue | Current Resources |
| Final Arrangements | Daily Functioning |
| Depression | Recent Losses |
| Alcohol/Drug Abuse | Disoriented/Disorganized |
| | Lifestyle |
| | Hostility |

Comments

---

Physician

Phone            (303)338-4545

Phone            (303)338-4545

Phone

---

Problem Existed One Year or Longer

Presenting Problem

Case Number: 21S787       Smith vs. Aetna,          Exhibit# 3º

Client is a 29 year old male referred by Kaiser. Client reports due to losing his job and insurance can no longer be seen at kaiser. and would like to be seen at CRC to continue his medications. Client reports has been off medications for 2 months Buspar. Trezaone. Klonopin, Celexa. Client reports medications have helped him to reduce his anxiety and psychosis. Client presents very disorganized in speech, tangential speech. Client is orientated x3. denies SI/HI, denies substance use. Client reports history of cannabis use, last used 2 months ago. Client reports general worry, panic attacks, reports physical symptoms of stomach aches. Client reports good sleep, about 6 hours. Client reports history of staying up "hear myself think" Client reports good appetite, three times a day. With the anxiety "the nerves make me feel taken" "I can't step inside of other people to know what they feel". "It's hard to think and concentrate". Hears voices saying "don't" "yes or no" "they explain where they are coming from'. They "say codes when I'm a sleep, and then when I'm awake they explain the codes" Which client reports as "REM hallucinations" Client reports feeling distress due to having to know do physical labor instead of mental labor, to use his master's degree.
Client reports is currently homeless has been living out of his car and would like case management help. Client reports is in a civil suit. client is suing previous employer, UPS, due to discrimination. Client reports he is currently working to pay off back taxes.
Client reports now is a good time for therapy to get back on medications. Client reports previous medications helped reduce anxiety/psychosis.
Client presents overall disorganized in speech, long sentences and tangential speech to yes or no questions. Client is orientated x3. Client appears tired, somewhat irritable. Continue to assess for accurate history and symptoms

Update 7/16/15:
Client was triaged to complete a mental health intake. Client was oriented X4. denied SI/HI. Client is self-referred for treatment. Client denied having a weapon, denied any substance use in the past 24 hrs and denied being a registered sex offender in the state of Colorado. Client reported having a restraining order with Michela Mauser. Client continued to endorse the above symptoms of anxiety. Client reported when he hears voices "it tells me a dream that I am going to have or going to have. sort of like some creative review." Client reported when he is not on medication he will feel irritable. anxious and hear voices. Client denied any current sleep or appetite disturbance. He reported his current mood is "fine."

History of Presenting Problem

Client denies history of hospitalizations or certifications.
Client reports symptoms first started in 2011 "nervous breakdown due to a promotion at work". Client denies legal history denies trauma. Denies all history of issues questions.
Denies family history of mental health. suicide. and denies family history of substance abuse
Update 7/16/15:
How long have you struggled with your symptoms? "Since 2011"

When did you first notice these issues? "I first noticed in 2010."

Have your symptoms worsened over time or remained constant? "They are getting better". "Except when I revisit a case (legal) it raises issues for me."

Violent environment. Client denied any DV. fire setting or animal cruelty.

Legal: Client is on probation for violation of protection order

Family Hx. Client denied

Substance abuse. Client continues to endorse his last THC use was 12/2014

Case Number: 21S787          Smith vs. Aetna,          Exhibit# 31

| | | | |
|---|---|---|---|
| Treatment Type | Outpatient Mental Health | Facility Name | |
| Level of Care | Continuing Care Services | Address | |
| Condition Treated | | | |
| Counselor Name | Kaiser | | |
| Approximate Admit Date | | Approximate Discharge Date | |
| Length of Stay | | | |
| Response to Treatment | | | Discharge Type |
| Permission given to contact for treatment records? | | No | |
| Release obtained and signed for permission to contact for Records? | | No | |
| Treatment Type | Outpatient Mental Health | Facility Name | CRC |
| Level of Care | | Address | |
| Condition Treated | | | |
| Counselor Name | Michele Willingham | | |
| Approximate Admit Date | | Approximate Discharge Date | |
| Length of Stay | | | |
| Response to Treatment | | | Discharge Type |
| Permission given to contact for treatment records? | | | |
| Release obtained and signed for permission to contact for Records? | | | |

**Medical and Medication History**

**Medication History**

| Medication Name | Strength | Reason | Date Start | Date End | Physician |
|---|---|---|---|---|---|

**Pain Assessment**

| Date and Time | Staff Administer | Location | Side | Score |
|---|---|---|---|---|

Comments

**Nutritional Assessment**

Daily Eating Habits

Known Eating Disorders and Problems

| | | |
|---|---|---|
| Weight in past 30 days - Loss | Gained | |
| Weight in past 6 months - Loss | Gained | |
| Comments | | |

Case Number: 21S787          Smith vs. Aetna,          Exhibit# 32

## Alcohol and Drug Use/Abuse

| Substance | Current Use | Past Use | Last Used |
|---|---|---|---|
| Tobacco | No | No | |
| Caffeine | Yes | Yes | |
| Alcohol | No | No | |
| Marijuana | Yes | Yes | 12/1/2014 |
| Cocaine | No | No | |
| Stimulants | No | No | |
| Hallucinogens | No | No | |
| PCP | No | No | |
| Opiates | No | No | |
| Other | | | |

## Substances Abused

| Substance | Amount | Frequency | Route | Last Used | #days in Last 30 |
|---|---|---|---|---|---|

## Family History

Denies family history of mental health, suicide, and denies family history of substance abuse. Client is currently homeless, living in his car.
Client reports has a brother and sister, mother and father answered "ya" if he had a good relationship. Unable to accurately assess due to client's disorganization/irritability.
Client is a 29 year old black male, client reports he values "life nature". Client reports he is spiritual and has studied a lot of religions.

7/16/15  Client continues to endorse the above information. He is currently homeless and living in his car.

## Legal Status

| Date of Offense | Offense | Status | Probation Officer |
|---|---|---|---|

## CRS 27-65 Involuntary Treatment

| Is Voluntary | Type Involuntary | Date Initiated | Expiration Date | Termination Date |
|---|---|---|---|---|

## Social Function

Case Number: 21S787        Smith vs. Aetna,            Exhibit# *33*

Client reports likes to work and weight lift. Client reports  likes reading, meditating.
Client denies any supports  denies having friends or family  Client denies having an emergency contact.
Client denies TBI, denies cognitive delays or learning disabilities
Client reports his strengths are" education, cognitive, and health"
Client reports barriers to treatment are his stress, anxiety  and financial issues

Update 7/16/15.

Living Arrangements.  Client reported he is currently living alone in his car

Social Support   "My parents"

Hobbies:  Client continues to endorse the above hobbies."

Birth Development:  Client reported his mother's pregnancy and delivery were normal and that he hit developmental milestones within normal limits

Gang/Military:  Client denied any gang or military involvement

Strengths  Client continues to endorse the above strengths

Psychiatric Hospitalizations   Client denied

TBI  Client denied

## Vocational/Educational/Community Resources

Vocational
    Current Employment Type

Educational
    Highest Level of Education Completed     Graduate Degree

Vocational/Educational Comments   Client reports has a bachelor and master's degree in business, went to Metro State and Devry universities  Client works part time pressing metal, reports good functioning. Client has history of working as a manager for UPS  Client declines vocational services.

7/16/15  Client continues to endorse the above information regarding his education.  He reported he currently owns his own businesses doing property management, nuts and candy retail and a warehouse unloader.

Community Resources
    Public Aid
    Transportation

Community Resources Comments   Has medicaid and food stamps  client has a car. Client denies community resources  Given case management info, United Way  food bank/resource list

7/16/15  Client continues to report that he has Medicaid and food stamps  Client reported he has his own car and a driver's license   Client reported his religious beliefs Buddhism  Hinduism  Christianity  Koran  Catholicism and "all kinds of stuff "  Client was given the contact information for Navigation in order to access housing resources

## Diagnosis

Case Number: 21S787          Smith vs. Aetna,          Exhibit# 34

| Date Start | Axis Rank | Type | Axis Code | Axis Description |
|---|---|---|---|---|
| **Axis I** | | | | |
| 02/24/2015 | Other | Current | 305.20 | Cannabis Abuse |
| 02/19/2015 | Primary | Preliminary | 298.9 | Psychotic Disorder NOS |
| 02/24/2015 | Primary | Current | 295.90 | Schizophrenia - Undifferentiate |
| 07/16/2015 | Primary | Current | 295.90 | Schizophrenia - Undifferentiate |
| 02/19/2015 | Secondary | Preliminary | 300.00 | Anxiety Disorder NOS |
| 07/16/2015 | Secondary | Current | 300.00 | Anxiety Disorder NOS |
| 07/16/2015 | Tertiary | Current | 305.20 | Cannabis Abuse |
| **Axis II** | | | | |
| 02/19/2015 | Primary | Preliminary | 799.9 | Diagnosis Deferred on Axis II |
| **Axis IV** | | | | |
| 02/19/2015 | Other | Current | 2 | Economic Problems |
| 02/19/2015 | Other | Current | 2 | Occupational Problems |
| 07/16/2015 | Primary | Current | 2 | Legal Problems |
| 02/19/2015 | Secondary | Current | 2 | Problems related to Social Environment |
| **Axis V** | | | | |
| 02/19/2015 | Primary | Current | 2 | 45 |
| 07/16/2015 | Primary | Current | 2 | 51 |
| **Mental He** | | | | |
| 09/11/2015 | Primary | Update | F20.3 | Undifferentiated schizophrenia |
| 09/11/2015 | Secondary | Update | F41.9 | Anxiety disorder, unspecified |

**Intake Summary and Recommendations**

Case Number: 21S787        Smith vs. Aetna,        Exhibit# 5S

Client appears with Psychotic Disorder NOS: active visual hallucinations, delusions  disorganized speech and thoughts  Anxiety Disorder NOS: anxiety, general worry, possible panic attacks, poor concentration.
Client appears at a level 1 due to active psychosis and hallucinations. Denies SI, denies access to guns, denies previous attempts. Protective factors are "you only live once, fishing, mountains, I want to own businesses, I love life". Client denies HI  denies substance use. Client has risk factors of homelessness and financial issues, lack of supports or resources  Client given  24/7 crisis line, weekend clinic, and CCC.
Client appeared in pleasant mood  flat affect at times and racing thoughts  overall disorganized in thoughts and speech. Client  was casually dressed, Client orientated x3, not gravely disabled as he is adequately care for his needs  bathing, going to work  Client's first apt scheduled with primary therapist Marilyn Desparrois Monday Feb 23rd at 2 pm  Crisis IDI offered March 11th at  11am with Mary Bobeye in NG, this clinician called and left a message to confirm this appointment  Client also given PCP list as  he no longer has a PCP  Salud clinic in CRC in Commerce City, United Way, food/resource list

Update 7/16/15:
Brief Description  Client is a 29 year old male completing a mental health intake  Client is on probation for motor vehicle theft  Client was casually attired and dressed appropriate to the weather  Client was alert and oriented to person  place and time  Behaviorally, the consumer was engaged in the interview

Client reported he is currently homeless and living in his car  Client did not identify a support system  Client denied any military or  gang involvement  He reported he currently owns his own businesses doing property management  nuts and candy retail and a  warehouse unloader.

Client reported a history of marijuana use and reported his last marijuana use was in December 2014  Client was administered  the CAGE screening assessment and scored with a zero which does not fall within the clinically significant range and does not  indicate a need for further assessment  Client is provisionally diagnosed with Cannabis Abuse - Early Full Remission

Client continued to report general worry, panic attacks  and physical symptoms of stomach aches  Client endorsed symptoms of  psychosis  Client reported when he hears voices "it tells me a dream that I am going to have or going to have  sort of like some  creative review "  Client reported when he is not on medication he will feel irritable  anxious and hear voices  Client denied any  current sleep or appetite disturbance  He reported his current mood is "fine."  Client is provisionally diagnosed with  Schizophrenia - Undifferentiated and Anxiety Disorder NOS

ID#  8388550

Age  29

Race  African American

Risk Level  (Level 3 No SI/HI and no A/V hallucinations)

SI/HI  None reported

Provisional Diagnosis  Schizophrenia - Undifferentiated, Anxiety Disorder NOS and Cannabis Abuse - Early Full Remission

GAF/ DLA  51

Substance Use  None reported

Probation/Parole  On probation

Referral from  Self

Recommended referrals  Individual therapy, group therapy and a psychiatric medication evaluation are recommended at this time  to increase client's ability to manage his symptoms  Client first scheduled appointment is with individual therapist Jenna Peyton  on 7/17 at 8:00am

Notable Factors  None identified

Language  English

Current Medications  Risperidone

Case Number: 215787          Smith vs. Aetna,          Exhibit# 36

---

**Inquiry Summary**

| | | | |
|---|---|---|---|
| Admission Date | 07/16/2015 | Discharge Date | |
| Facility | Gateway | Program | JAR-Justice, Accountability & Recovery |
| Department | Clinical | Bed | |
| Level of Care | Brief Services | Care Coordinator | Bogan, Jenna L |
| Admit Date and Time | | | |
| UR Type | Adult Mental Health | Next UR Review | |

Case Number: 215787        Smith vs. Aetna,            Exhibit# 37                    Pk 112795
Community Reach Center .

Client ID 8388550                                                          MRN 8388550

# Treatment Plan for Smith, Matthew A

Staff   Desparrois, Marilyn           Date 02 23 2015       Next Scheduled Review      08 23 2015
Discharge Criteria Expected                                 Projected Length of Stay
Client will identify coping skills                          6 months

                                                            Team Members
                                                             Desparrois, Marilyn  F

Discharge Criteria Minimum
Client will identify one coping skill

As Evidenced By
Self report

## Overall Treatment Focus

Treatment will focus on managing psychotic symptoms and anxiety

Plan

| | Initial | Update |
|---|---|---|
| 1  Psychotic Disorder NOS  Anxiety Disorder NOS | Initial  02 23 2015   Assess | Update  02 23 2015   Assess |
| Goal  Manage psychotic symptoms  anxiety | Initial  02 23 2015   Assess | Update  02 23 2015   Active |
| 1 1  Matthew will attend all psychiatric appointments and take any medication as agreed upon with doctor  per self and staff report  He will use medline as needed to report concerns or ask questions about medication  Target Date  08 23 2015 | Initial  02 23 2015   Active | Update  02 23 2015   Active |
| Psychiatric Med Mgmt  Serv    Every 90 Days    Marilyn  E Desparrois LPC | Initial  02 23 2015 | |
| 2  Staff will coordinate between other agencies  family  and other support systems and resources  Staff will provide CM and care coordination through follow up  monitoring  referrals  assessment  and service planning at least monthly  Target Date  08 23 2015 | Initial  02 23 2015   Active | Update  02 23 2015   Active |
| Case Management  Monthly    Alison Schmidt-Treusen BS | Initial  02 23 2015 | |
| 1 3  Matthew will attend and participate in weekly group therapy sessions on 3 out of 4 occasions  Target Date  08 23 2015 | Initial  02 23 2015   Active | Update  02 23 2015   Active |
| Psychotherapy Group  Weekly    Marilyn E Desparrois LPC | Initial  02 23 2015 | |
| 1 4  Matthew will identify 3 triggers to anxiety and will identify 3 coping skills to use between sessions on 3 out of 4 occasions  Target Date  08 23 2015 | Initial  02 23 2015   Active | Update  02 23 2015   Active |
| Psychotherapy  Twice a Month    Marilyn E Desparrois LPC | Initial  02 23 2015 | |

## Summary of Key Assessment Findings

Axis I  298 9 Psychotic Disorder NOS  300 00 Anxiety Disorder NOS  Axis II  071 09  Axis III  Deferred  Axis IV  Economic problems  Occupational problems  Problems related to the social environment  Axis V  45
Symptoms include  racing heart  sweating palms  racing thoughts  tangential speech  auditory hallucinations

Run Time   4 30 2017                                                               Page 1 of 2
Run User   4 58 HPS

Case Number: 215787    Smith vs. Aetna,    Exhibit# 38    PN 112795

Community Reach Center

Client ID 8388550    MRN 8388550

## Treatment Plan for Smith, Matthew A

| | |
|---|---|
| Patient Strengths/Resources | Responsive; Bright; Energetic; Hopeful; Good support system. |
| Patients Motivation/Ability to Participate | Highly motivated and able to participate in treatment |
| Family Motivation/Willingness to Participate | Highly motivated and willing to participate in treatment |

Comments

Cultural Factors
Matthew is a 29 year old male African American man who is currently homeless. This may impact treatment as access to services may be affected

Overall Treatment Strategy
CBT, SF

Obstacles to Discharge
None

Client/Guardian Signature _____    Date _____
Matthew A Smith

Provider Signature _____    Date _____
Desparrois  Marilyn

Supervisor Signature _____    Date _____

Medical Doctor Signature _____    Date _____
Nguyen  Sanh

Case Number: 215787    Smith vs. Aetna,    Exhibit# 59
Community Reach Center                                    PN 112795

Client ID 8388550                                        MRN 8388550

## Treatment Plan for Smith, Matthew A

Staff   Willingham, Michele         Date 03 30 2015      Next Scheduled Review    06 30 2015
Discharge Criteria Expected                              Projected Length of Stay
Client will identify coping skills, remain complain with probation;    6 months

                                                        Team Members
                                                        Willingham, Michele C
                                                        Armenta, Joseph R
Discharge Criteria Minimum                              Sewald, Jennifer
Client will identify one coping skill

As Evidenced By
Self report

---

**Overall Treatment Focus**

Consumer has been started in the CESE program and is here to address mental health symptoms and issues to improve quality of life

---

Plan

| | | |
|---|---|---|
| 1. Psychotic Disorder NOS  Anxiety Disorder NOS | Initial: 02 25 2015 | Active |
| Review   continue | Update: 03 30 2015 | Active |
| Goal Manage psychiatric symptoms  anxiety | Initial: 02 25 2015 | Active |
| Review   continue | Update: 03 30 2015 | Active |
| 1.1 Matthew will attend all psychiatric appointments and take any medication as agreed | Initial: 02 25 2015 | Active |
| upon with doctor, per self and staff report. He will use medline as needed to report concerns or ask questions about medication Target Date  08 25 2015 | Update: 03 30 2015 | Resolved |
| Psychiatric Med Mgmt Serv   Every 90 Days   John Morris MD | Initial: 03 30 2015 | |
| 1.2 Staff will coordinate between other agencies, family, and other support systems and | Initial: 02 25 2015 | Active |
| resources. Staff will provide CM and care coordination through follow up monitoring, referrals, assessment, and service planning at least monthly Target Date  08 25 2015 | Update: 03 30 2015 | Resolved |
| Case Management   Twice a Month   Christina Dennis BA | Initial: 03 30 2015 | |
| 1.3 Matthew will attend and participate in weekly group therapy sessions on 7 out of 8 | Initial: 02 25 2015 | Active |
| occasions Target Date  08 25 2015 | Update: 03 30 2015 | Resolved |
| Psychotherapy Group   Weekly   Michele C Willingham LPC, CAC | Initial: 03 30 2015 | |
| 1.4 Matthew will identify 5 triggers to anxiety  and will identify 5 coping skills to use | Initial: 02 25 2015 | Active |
| between sessions on 3 out of 4 occasions Target Date  08 25 2015 | Update: 03 30 2015 | Resolved |
| Psychotherapy   Twice a Month   Michele C Willingham LPC  CAC | Initial: 03 30 2015 | |
| 1.5 Consumer will address his legal issues by working with the CESE team and meeting | Initial: 03 30 2015 | Active |
| with peer specialist and PSR case manager and set up objectives for his recovery  Target Date  07 30 2015 | Update: 03 30 2015 | Active |

Case Number: 215787   Smith vs: Aetna,   Exhibit# 40

Community Reach Center

PS 112795

Client ID 8388550

MRN 8388550

## Treatment Plan for Smith, Matthew A

| Peer Specialist | Weekly | Hugh Earnest Peer Specialist | Initial: | 03 30 2015 |
|---|---|---|---|---|
| Psychosocial Rehabilitation Services | Twice a Month | Joseph R Armenta M.Ed. | Initial: | 03 30 2015 |

**Summary of Key Assessment findings**

Axis I: 298.9 Psychotic Disorder NOS, 300.00 Anxiety Disorder NOS, Axis II: V71.09, Axis III: Deferred, Axis IV: Economic problems, Occupational problems, Problems related to the social environment, Axis V: 45
Symptoms include racing heart, sweating palms, racing thoughts, tangential speech, auditory hallucinations

| Patient Strengths/Resources | Responsive; Bright; Energetic; Hopeful; Good support system. |
| Patients Motivation/Anility to Participate | Highly motivated and able to participate in treatment |
| Family Motivation/Willingness to Participate | Highly motivated and willing to participate in treatment |

**Comments**


**Cultural Factors**

Matthew is a 29 year old male African American man who is currently homeless. This may impact treatment as access to services may be affected

**Overall Treatment Strategy**

Clinician will use CBT and trauma informed care to address consumer mental health and social issue that he has experienced, use supports and peer specialist as needed.

**Obstacles to Discharge**

Legal

Case Number: 21S787   Smith vs. Aetna,        Exhibit# 4
Community Reach Center                                              PN 112795

Client ID 8388550                                                  MRN 8388550

## Treatment Plan for Smith, Matthew A

Client/Guardian Signature

Matthew Smith

Date

03 30 2015

Provider Signature

Willingham, Michele

Date

03 30 2015

Supervisor Signature

Date

Medical Doctor Signature

Morris, John

Date

04 30 2015

Community Health Center    Smith vs. Aetna,    Exhibit# 42-    PN 112795

Case Number 213787

Client ID 8388550    MRN 8388550

## Treatment Plan for Smith, Matthew A

Staff   Bouan, Jenna    Date 07 17 2015    Next Scheduled Review   01 17 2016
Discharge Criteria Expected    Projected Length of Stay
C will demonstrate ability to manage MH symptoms and utilize skills    6 months to one year
outside of treatment
    Team Members
    Peyton, Jenna L
    Wilcox  Brandon
Discharge Criteria Minimum    Ceilley, John
C will attend scheduled apts and maintain safety for self and others

As Evidenced By
Self report, treatment assignments, collateral reports, FIT score of 36
consistently

## Overall Treatment Focus

Consume  has been started in  the CESE program and is here to address mental health symptoms and issues to improve quality of life.

Plan
1  Schizophrenia-undifferentiated, anxiety - symptoms arise from stress, auditory    Initial:  07 17 2015
hallucinations, some visual hallucinations, confusion, stomach aches, sweats, can't sleep,    Update: 07 17 2015
irritation no
    Goal "I learn a better understanding of what I'm going through"    Initial:  07 17 2015
    Update: 07 17 2015

    1    Using insight, C will engage in cognitive restructuring, mindfulness, and reality    Initial:  07 17 2015
testing to alleviate anxiety and hallucinations. C will practice 2-3 skills weekly as evidenced by    Update: 07 17 2015
self report, treatment assignments. Target Date: 01 17 2016
    Psychotherapy    Twice a Month    Jenna L Peyton MA    Initial:  07 17 2015

    Psycho Education Services   Twice a Month    Jenna L Peyton MA    Initial:  07 17 2015

    11  C will engage in case management services as needed for common to resources.    Initial:  07 17 2015
Therapist will communicate with case management team as needed Target Date: 01 17 2016    Update: 07 17 2015
    Case Management   Month h    Brandon Wilcox BS    Initial:  07 17 2015

    1   C is interested in medication management and will attend scheduled apts. Therapist    Initial:  07 17 2015
will communicate with med team as needed Target Date: 01 17 2016,    Update: 07 17 2015
    Psychiatric Med Mgmt Serv    Every 90 Days    John Ceilley MD    Initial:  07 17 2015

    1   C will engage in coping skills group to develop healthy coping skills and develop    Initial:  07 17 2015
support group. Target Date: 01 17 2016    Update: 07 17 2015
    Psychotherapy Group    Weekly    Jenna L Peyton MA    Initial:  07 17 2015

Community Health Center   Smith vs. Aetna,   Exhibit# 43        PN 112795

Client ID 8388550                                          MRN 8388550

## Treatment Plan for Smith, Matthew A

| | | Initial: | 07 17 2015 | Active |
|---|---|---|---|---|
| 2   Legal Involvement - currently on probation | | Update: | 07 17 2015 | Active |
| Goal:""I want to successfully complete requirements of the court"" | | Initial: | 07 17 2015 | Active |
| | | Update: | 07 17 2015 | Active |
| 2.1  Using good communication skills, C will address concerns with therapist as needed. | | Initial: | 07 17 2015 | Active |
| Therapist will communicate with internal and external providers as needed Target Date 01 17 2016 | | Update: | 07 17 2015 | Active |
| Care Coordination   Monthly   Jenna L Peyton MA | | Initial: | 07 17 2015 | |

---

### Summary of Key Assessment findings

Axis I  Schizophrenia - Undifferentiated Type, Anxiety Disorder NOS - symptoms arise from stress, AH VH, confusion, stomach aches, poor sleep, sweats, rumination
Axis II  Diagnosis Deferred
Axis III  None reported
Axis IV  Occupational Problems, Legal Problems, Economic Problems, Problem related to Social Environment
Axis V  51

| | |
|---|---|
| Patient Strengths/Resources | Responsive, Bright, Energetic, Hopeful, Good support system. |
| Patients Motivation Ability to Participate | Highly motivated and able to participate in treatment |
| Family Motivation Willingness to Participate | Highly motivated and willing to participate in treatment |

### Comments
Strengths  educated, like to learn, resilient  good insight

### Cultural Factors
Matthew is a 29 year old male African American man who is currently homeless   This may impact treatment as access to services may be affected
Hobbies  working, working on cars, going out to eat  hanging out will  family  working out
Supports  close with parents and grandparents, two siblings

### Overall Treatment Strategy
C will engage in individual, group, med apts as scheduled  C will utilize case management as needed  Treatment methods to be utilized include CBT, mindfulness, reality testing, MI, and psychoeducation

### Obstacles to Discharge
Legal involvement

Case Number: 215787
Community Reach Center    Smith vs. Aetna,    Exhibit# 44    PN 112795

Client ID 8388550    MRN 8388550

## Treatment Plan for Smith, Matthew A

Client/Guardian Signature _____    Date _____

Matthew Smith    07 17 2015

Provider Signature _____    Date _____

Bogan, Jenna    07 17 2015

Supervisor Signature _____    Date _____

Turl, Andrea    07 17 2015

Medical Doctor Signature _____    Date _____

Cohlen, John

Case Number: 21S787          Smith vs. Aetna,          Exhibit# 4S

Community Reach Center

# Treatment Plan for Smith, Matthew A

| MTP Originating Date: 01/27/2016 | Staff: Aloul Vanessa | Program: Mele Dah | Type: Revised |
| Next Scheduled Review:01/27/2017 | Revision Date: | End Date: 2/3/2017 1 | ClientKey: 8388550 |

**Overall Treatment Focus**

Summary of Presenting Problems: Areas in need of or change from the consumer's perspective focus on current episode of care). Schizophrenia, All and VII Treatment Needs/Preferences: Medication only services will focus on 1 attending scheduled appts, taking meds as prescribed, reporting symptom management through effective use of coping techniques, and contacting tx team to identify changes in tx needs or concerns.

**Discharge Criteria**

Expected:        Until consumer tx goals are met/episode of care completed. Per Client or Client episode of increased need for services and/or meds through another provider
As Evidenced By: Med compliance, attend scheduled appts, practice effective coping skills, report symptom management 5-7 days a week

**Projected Length of Stay:** 12 months

**Team Members**

| Staff Name: Aloul Vanessa BA | Signed Date: 01/28/2016 |
| Staff Name: Coffey, John MD | Signed Date: |

**Summary of Key Assessment Findings:**

Schizophrenia: hears voices and All VII
Axv 1 Schizophrenia Undifferentiated Type Anxvts Disorder Dkts symptoms arise from stress All VII confusion stomach aches, poor sleep, sweats, rumination,
Axv II Diagnosis Deferred
Axv III None reported
Axv IV Occupational Problems, Legal Problems, Economic Problems, Problems related to Social Environment
Axv V 51
DxTx Anxiety in 2011, and in 2013 was dx'd w Schizophrenia

**Patient Strengths/Resources:**

| ☑ Responsive | ☐ Bright | ☐ Energetic | ☑ Hopeful | ☐ Good support system | ☑ Resourceful | ☑ Previous success in treatment |
| ☐ History of stable functioning | | | | | | |

**Patient Motivation/Ability to Participate:** Highly motivated and able to participate in treatment
**Family Motivation/Willingness to Participate:** Someshat motivated and willing to participate in treatment

**Comments:**

**Cultural Factors:** Strengths: educated, like to learn, resilient, good insight

Cultural factors impacting treatment (include HOW they will impact treatment)
Matthew is a Black African American male who is currently homeless, driving out of car Ty. This may impact treatment as access to services may be affected.

Prin Out  11 30 2017
Run Tim  1 55 50PM

Case Number: 21S787          Smith vs. Aetna,                    Exhibit# 46

Community Reach Center

## Treatment Plan for Smith, Matthew A

Hobbies, working, working on cars, going out to eat, hanging out with Sarah, working out
Supports: close with parents and stepparents, two siblings
Strengths: educated, like to learn resilient, good insight
Smoking Status: Never smoked Tobacco user

### DIAGNOSIS

| Start Date | Ranking | Diagnosis Code | Axis Descr |
|---|---|---|---|
| 09/11/2018 | Primary | F20.3 | Undifferentiated schizophrenia |
| 09/11/2018 | Secondary | F41.9 | Anxiety disorder, unspecified |

Case Number: 21S787          Smith vs. Aetna,          Exhibit# 47

Community Reach Center

## Treatment Plan for Smith, Matthew A

**Plan**

**Domain:** Mental health

**Problem:** Schizophrenia AH and VH, hearing voices, paranoia and anxiety

**Long Term Goal:** Matt will remain med compliant and attend appts, report tx improvt, utilize effective coping skills to manage symptoms of Schizophrenia

**Short Term Goal:** Per Ct "I'd like tx mods in order to lessen symptoms""

**Objective:** Matt will use determination, readiness to manage symptoms, and remain stable by attending all psychiatric appts, identifying changes in s/x, and following all doc'tm recommendations, including medications, labs, and other treatment needs within 12 Months  Target Date: 01/27/2017

**Intervention:** Provider  Medical Office Visit Level 4  1 very 90 Days  Gridley, John

**Objective:** Matthew will use medication desire to remain in med-only tx, by maintaining contact w/ CM as needed to report any changes in tx care needs/concerns. C will present sign all required pw keeping all records up to date within 12 Months  Target Date: 01/27/2017

**Intervention:** Provider  Targeted Case Management per 15 minutes  1 very 90 Days  Aland, Vanessa

**Signatures**

_[signature]_                                                          01/27/2016
_____                    _____
Client Signature                                                   Date


_____                    _____
Witness Signature                                                Date


_____                    _____
Guardian Signature                                               Date


Client Signature Name


Witness Signature Name


Guardian Signature Name


Page 3 of 3

Case Number: 215787     Smith vs. Aetna     Exhibit# *41*

Community Reach Center

Client ID 8388550     Physician Notes for Smith, Matthew A     MRN

| Physician Note | Date: | 02/24/2015 | Staff: | Nguyen, Sanh MD | | |
|---|---|---|---|---|---|---|
| | Time Start: 11:00 am | | Length of Service: 75 | Time Out: 12:15 pm | | |
| Type of Service: | Psychiatric/Med Mgmt Serv. | | | Department: | Clinical | |
| Program | Medical Services | | | | | |
| Service: | Psychiatric Diagnostic Eval W Medical Services | | | Procedure Dtl Min 90792 | 1 | 75 |
| Location: | MCMB- | | | Place of Service | Office | |
| Mode of Delivery: | Face to Face (In Person) | | | | | |
| Diagnosis: | Psychotic Disorder NOS | | | 298.9 | | |

Note:
REASON FOR VISIT (Chief Complaint):
Referred by PCP on "Bryant ST." Concentra Urgent Care clinic "My head feel' compressed, I just want to do manual labor for a couple of years. I just want to let my brain heal." "I need an attorney because of the credibility and liability issues." "Charge of negligence, treachery, deceit and collusion with the law firm."
"I feel beat down by all kinds of religion. It's insane."
HPI
Location: Severity, Timing, Quality, Duration, Context, Modifying Factors, Associated Signs & Sx
Insomnia:
6 hours a night. Feels that this is too much sleep at times. Previous records indicate 6 hours a night.
Anxiety:
Worries a lot "for the most part but only while I'm working on the law. Right now."
PTSD
No h o trauma. Sleeping well.
Depression
Mood is "good." Interactions with people at work. Works 40-60 hours a week. Exercises once a week with weightlifting and running. Good energy level. Concentration is "bad and learning is bad." "That why I work with boxes and loading. This requires less mental focus." Feels hopeful. "I'm an optimist always." Denies guilt and shame. Denies SI
Mania
Longest period of being awake was for 1 week, in 12 2014. "It was mania. It was insane." Not hospitalized. "It was a forecast. I still got the paperwork done. It covered me in a way. I don't know." He also had an episode similar to this in 2012. He was also writing "law cases." Had a "breakdown" in 2012 after a promotion at work. No pressure speech. No racing thoughts. After a period of worry and work on the court proceedings. Matthew may have periods of prolonged insomnia. Denies grandiose sense of self.
Psychosis
Denies AVH. "They have bad hiring processes. It was just that." "I hear some voices. It's usually people I'm going after." The attorneys, all represented partie- in the cases, legal proceedings." This has been on-going since 2012. Disorganized at times. "I feel weighted down. You can feel the weight of the cases. I feel weighed down."
OCD,
"Washing my hands. Logging my time. If somebody is doing a better job than me. Subconsciously. If somebody comes - they don't bother me but if they rush me - yeah, it's like that.
Substance use
Please see below
MEDS
Celexa 20 mg. 1 PO Daily
Buspar 20 mg. 1 PO daily
Clonazepam 0.5 mg. 1 PO daily prn anxiety
Ranitidine
ALLERGIES
NKDA
Psychiatric hx
Dx'ed with MDD and OCD severa, years ago. Treated by psychiatrist at Kaiser. Denies psych hosp. Denies SA and SI. Denies access to a gun.
Medication Hx (what meds have they used in the past and what was the efficacy of each of those past meds?)
Prozac for multiple years. "It didn't help."
The buspar and the celexa helped. "The Klonopin really helped."
Developmental Hx
Run Date: 11 59 2017
Run Time: 1 56 24PM

Page   of 7

Case Number: 21S787     Smith vs. Aetna     Exhibit# 47

Community Reach Center

Client ID 8388550     Physician Notes for Smith, Matthew A     MRN

Denies abuse. Had 2 siblings(brother does "technology," sister works in dentistry as an assistant). FOC was a project manager. MOC worked in insurance.

PMHx
Denies
Past surgical Hx:
denies
Social History:
Never married. No children. Employed at a metal shop(pressing, welding). Homeless and staying in his car at this time. His family does not know how to help him manage his life at this time.
Substance use Hx:
Drinks cannabis tea for the past 9 years. Last used this 3 months ago. 1.8 of an ounce every 2 months. He also stated that it may have been 2 ounces per week. Denies tobacco use. Occasional etoh use. Denies cocaine, meth, heroin, PCP, LSD, ecstasy, mushrooms and huffing.
Educational Hx:
Bachelors deg in business from Metro state. Masters deg in project management from Devry Univ.
Family Hx:
MOC has depression which is not treated with medication. Denies BMD and psychosis. Denies suicide. Denies etoh and substance abuse.
Legal Hx
"USPS, Devry, GMAC mortgage, dept of (justice, labor and employment)"
ROS AND ACTIVE MEDICAL PROBLEMS
  1. CONSTITUTIONAL: no wt gain
  2. EYES:
  3. EARS/NOSE/MOUTH THROAT, no dry mouth
  4. CARDIOVASCULAR: no palpitations
  5. RESPIRATORY: no SOB
  6. GASTROINTESTINAL: no constipation
  7. GENITOURINARY:
  8. MUSCULAR: no adventitious movements
  9. INTEGUMENTARY:
  10. NEUROLOGICAL, no maranoia
  11. ENDOCRINE:
  12. HEMOTOLOGIC LYMPHATIC
  13. ALLERGIES IMMUNE
  14. Skin
  15. Psych: no sense of unreality, no feelings of loss of control, no dread

PSYCHIATRIC SPECIALTY EXAM
VITAL SIGNS: BP: 140 90, P: 66, wt: 238 pounds
GENERAL APPEARANCE AND MANNER: WDWN male in NAD
Level of Consciousness (arousal): alert
MUSCULOSKELETAL: stable GAIT
THOUGHT PROCESS: concrete
ASSOCIATIONS: linear, logical
THOUGHT CONTENT: Denies AH, VH, SI, HI

Case Number: 21S787          Smith vs. Aetna          Exhibit# 5d
                                        Community Reach Center
       Client ID 8388550                Physician Notes for Smith, Matthew A                    MRN

ABNORMAL PSYCHOTIC THOUGHTS not present
JUDGMENT/INSIGHT: fair and limited
ORIENTATION: x4
MEMORY: RECENT & REMOTE poor
ATTENTION & CONCENTRATION: fair
SPEECH: normal rate, volume, and tone.
LANGUAGE: Fluency, fair
FUND OF KNOWLEDGE, below average
MOOD & AFFECT: mood is "good". Affect is constricted
OTHER: eye contact is poor
Labwork: Utox negative.
DIAGNOSIS
AXIS I:
1.   Schizophrenia, undifferentiated(likely disorganized type versus paranoid type)
2.   Cannabis abuse, in early remission
AXIS II: deferred for now
AXIS III: GERD
AXIS IV: homeless, owes IRS money.
AXIS V: GAF 45
25 minutes of the 75 minute visit were spent counseling this patient about dx side effects, test results, possible tx options, prognosis.
Assessment
28 y o AA male with a h o cannabis use for 9 years with onset of paranoia and disorganization over the last 3 years which have led to
a precipitous decline in functional capacity. Now homeless but continues to work up to 60 hours a week.  Collateral from family will
be very helpful  Called parents, Michael and Gina Smith at 303-741-4098, with permission of client and only able to leave message
with request for return call.
Plan
1    Rx for 1 month with 4 RF sent to Wal-Mart Pharmacy 2225  9499 SHERIDAN BLVD, WESTMINSTER  CO 303-427-2276
a    Risperdal 1 mg, 1 PO QHS for 1 week, then 2 PO QHS
2    Rx for 1 month with 4 RF handed to client
a    Clonazepam 0.5 mg  1 PO Daily prn anxiety, #15
3    Dx celexa 20 mg  1 PO Daily, Buspar once daily
4    Abstain from cannabis use
5    Labwork at next visit
6    RTC in 14 weeks, and call nurseline in 2 weeks to provide update
Informed consent:
Patient counseled on informed consent about impact on other meds. Common side effects    consequences of not taking it.

Case Number: 21S787          Smith vs. Aetna          Exhibit #-5 /

**Community Reach Center**

Client ID 8388550          Physician Notes for Smith, Matthew A          MRN

| Physician Note | Date: | 07 21 2015 | Staff: | Ceilley, John  MD | | |
|---|---|---|---|---|---|---|
| | Time Start: 1:00 pm | | Length of Service: 35 | Time Out: 1:35 pm | | |
| Type of Service: | Psychiatric Med Mgmt. Serv. | | | Department | Clinical | |
| Program: | Medical Services | | | | | |
| Service | Medical Office Visit Level 2 | | | Procedure Dttl Min: 99212 | 1 | 35 |
| Location: | Gateway | | | Place of Service:   Office | | |
| Mode of Delivery | Face to Face (In Person) | | | | | |
| Diagnosis | Schizoaffective Disorder | | | 295.70 | | |

Note,
ID  29yo SAAM, lives in car
No Quest or scanned labs
CC  "I'm doing pretty good"

HPI  Patient reports taking Risperdal 1mg BID consistently with stable mood  Denies severe depressive symptoms, no recent SI or SIB  Reports history of AH  multiple voices making comments, along with disorganized thinking  disorganized behavior, erratic and impulsive behavior, irritability, insomnia, and grandiose religious beliefs  Reports overall sleeping 6-8 hours, stable mood, working part time in a warehouse  Does not want medications changed  No recent physical symptoms or side effects  Denies drug or alcohol use  complying with probation DV counseling

Past Psychiatric & Substance Abuse History
No inpatient or suicide attempts
History of daily cannabis abuse

Social, Family  Trauma, Legal History
Denies childhood abuse or neglect   Mother has depression
Master's Degree
Never married, no children
Homeless, lives in car
Probation for violation of a restraining order against ex-GF

PMHX
Seasonal allergies - takes OTC loratadine
Arthritis - takes PRN ibuprofen 200-400mg once a day
No current PCP

Mental Status Exam
Tall  mildly overweight AAM, malodorous
Cooperative
Mildly slowed
Speech RRR
Mood "OK" "Good"
Affect restricted
Thoughts organized
Denies SI, HI, VI, AH
No evident delusions
Fair memory
Fair insight

Assessment
Schizoaffective Disorder - bipolar type
History of cannabis use disorder
Probation

Run Date    11 30 2017
Run Time    1 56 45PM

Case Number: 21S787        Smith vs. Aetna        Exhibit# 52

**Community Reach Center**

Client ID 8388550        Physician Notes for Smith, Matthew A        MRN

Plan:
Discussed nursing line and Colorado Crisis Line
Continue Risperidone 1mg BID: RXNT Walmart 92nd Sheridan, Month 3 refills
Discussed risk of TD and metabolic syndrome with Risperidone
Check BMP, CBC, LFT, TSH, Lipids
Signed work leave request for job for 4 days
F U 3 months, earlier if needed

Case Number: 215787         Smith vs. Aetna
                                       Community Reach Center      Exhibit # 53

Client ID 8388550                      Physician Notes for Smith, Matthew A                    MRN 8388550

| Physician Note | Date. | 10-19 2015 | Staff. | Ceilley, John MD | | | |
| | Time Start | 1:00 pm | Length of Service   15 | Time Out   1:15 pm | | | |

| Department: | Clinical | | | |
| Program | Medical Services | | | |
| Service. | Medical Office Visit Level 2 | Procedure Dfil Min | 99212 | ( |
| Location: | Gateway | Place of Service | Office | |
| Mode of Delivery | Face to Face (In Person) | | | |
| First Diagnosis. | Undifferentiated schizophrenia | | F20 3 | |
| Second Diagnosis | | | | |
| EBP Description: | | EBP Description2: | | |
| EBP Description3: | | EBP Description4 | | |

Note :

"I'm alright " Reports continuing to live in his car but started a new job in accounting auditing at a hotel  Reports  paranoid ideas of reference regarding computers, people, and noises at work  Reports stable mood without agitation or irritability or violence  Denies any recent SI or SIB  No recent somatic complaints  Reports wanting more medication for paranoia  Reports believing he is hallucinating at times but difficulty describing

PMHX
Seasonal allergies - takes OTC loratadine
Arthritis - takes PRN ibuprofen 200-400mg once a day
PCP  St  Anthony
NKDA

Mental Status Exam
Tall, well appearing  mildly overweight AAM
Cooperative
Speech RRR
Mood "alright"
Affect restricted
Thoughts organized
Denies SI, HI, VI, AH
~Paranoid ideas of reference
Fair memory
Fair insight

Assessment.
Schizophrenia versus Schizoaffective Disorder - bipolar type
History of cannabis use disorder
Probation

Plan
Discussed nursing line and Colorado Crisis Line
Discussed risks/benefits of increasing Risperdal versus transition to alternative antipsychotic
Increase Risperdal 2mg BID (=mg 1 2 tab BID RXNT Walmart Grant 69th Thornton)
Discussed risk of sedation, EPS, TD, and metabolic syndrome with Risperidone
Encouraged compliance with previously ordered blood test  check BMP, CBC  LFT  TSH  l quas
F 1/6 weeks  earlier if needed

Case Number: 215787          Smith vs. Aetna Community Reach Center          Exhibit# 23 ?

Client ID 8388550                     Physician Notes for Smith, Matthew A                     MRN 8388550

| Physician Note | Date: | 04 01 2016 | Staff: | | Leblanc, Doris, MD | | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | Time Start: 8:52 am | | Length of Service: 60 | | Time Out: 9:52 am | | |

| Department: | Clinical | | | |
| --- | --- | --- | --- | --- |
| Program | Meds Only | | | |
| Service | Medical Office Visit Level 4 | Procedure Dft Min | 99214 | 1 |
| Location | MCMB- | Place of Service: | Office | |
| Mode of Delivery | Face to Face (In Person) | | | |
| First Diagnosis: | Undifferentiated schizophrenia | | F20.3 | |
| Second Diagnosis | Anxiety disorder, unspecified | | F41.9 | |
| EBP Description: | | EBP Description2: | | |
| EBP Description3: | | EBP Description4 | | |

Note

The patient is scheduled for a 60 minute Meds Only Fu

Date of Birth 01 16 1986

Medications Risperdone 2 mg po bid
            Ibuprofen 800 po prn pain
            Megamen Sport Vitamins
            Gingseng

Pharmacy  Walman on Grant in Thornton

PCP  Dr Krystal Tamura, last seen one month ago for Fu of pain

Review of Systems, recent "cold", no respiratory difficulties

Allergies  mold rashes

Substance Use, alcohol use, one beer a month

Today, this 33 year old single male presents with "I'm here just to check in"
The patient reports that he continues to hear "internal noise", but the Risperdone lessens the noise and sometimes the noise does go away  He denies any specific voices  The patient does report feeling "tired" with the Risperdone
The patient denies any paranoia
He sleeps at least 8 hours a night
He denies any symptoms of EPS

Past Psych Hx  The patient began hearing the "internal noise" in 2015  He has been treated on an inpatient and on an outpatient basis  The patient has not been hospitalized since the start of Risperdone, 7 months ago

Social Hx Update  The patient was born and raised in Denver  He maintains a close relationship with his family, having been raised by both parents  The patient works as a night Auditor for the J W Marriott, since 08 2015  Prior to that, the patient worked 5 years as the night Supervisor for UPS  His current job is less stressful  He likes his work, and he likes working alone

The patient has a significant other  He spends time with friends, but he likes to exercise alone
The patient denies any current substance abuse issues
the patient denies any current legal problems

Case Number: 21S787        Smith vs. Aetna        Exhibit# 55

**Community Reach Center**

Client ID 8388550                Physician Notes for Smith, Matthew A                MRN 8388550

Mental Status Exam- large build young man. in NAD. ambulates independently. cooperative. flat affect. but does smile several times. appropriately. "okay" mood but moderate guardedness. no paranoia. no delusional ideations presented. patient denies SI and HI. average intelligence. aware of Presidential elections and 3 candidates. immediate recall of 3 words and 3 3 after 5 minutes. similarities are fair. interprets "spilled milk" as "don't worry about things that have already happened". counts with good concentration and without error. limited to fair insight. fair judgement. staring gaze with adequate rapport.

AIMS- 1(stiffness)

VS  not taken

Dx-  Axis I Schizophreniform D O
  Axis II deferred
  Axis III none

Impressions: The patient is somewhat guarded in his rapport. however. he is cooperative. The patient is pleasant. He does not present as a danger to others or to himself. The patient denies SI and HI. The patient is not delusional. He denies active hallucinations during the interview. The patient ambulates slowly and with good balance. His arm swing is mildly decreased. There are no s t of tardive movements. The patient is not fully compliant with his medication. There is the possibility that the patient may stop taking his medication. He is not willing to make any changes in his current treatment. He is willing to return for medication f/u in 3 months. It is best of this patient to have the same Psychiatrist in going forth in his treatment.

Plan  #1cRx to Walman - 1231  Risperdone 4 mg #30. sig  1 2 po bid. with 3 refills
  #2 continue with Meds Only f/u in 3 months
  #3 card given to the patient for medline and crisis services. how and when to access.

Case Number: 21S787    Smith vs. Aetna    Exhibit# 5a
Community Reach Center

Client ID 8388550    Physician Notes for Smith, Matthew A    MRN 8388550

| Physician Note | Date | 06/29/2016 | Staff | Yu, Jennifer NP | | |
|---|---|---|---|---|---|---|
| | Time Start: 2:11 pm | | Length of Service: 58 | Time Out: 3:09 pm | | |

| Department | Clinical | | | |
|---|---|---|---|---|
| Program: | Meds Only | | | |
| Service: | Medical Office Visit Level 5 | | ' Procedure Dtil Min: | 99215 | i |
| Location: | Northglenn | | Place of Service: | Office | |
| Mode of Delivery: | Face to Face (In Person) | | | |
| First Diagnosis: | Undifferentiated schizophrenia | | | F20.3 |
| Second Diagnosis: | | | | |
| EBP Description: | | | EBP Description2: | |
| EBP Description3: | | | EBP Description4 | |

Note

Patient identifying information: Matthew Smith  DOB: 1 16 1986

Vital signs: see TIER

PCP: St. Anthony

Chief complaint/reason for visit: Matthew is a 30 year old male who presents to the clinic with for medication follow-up appt. Patient last seen on 4/1/ 6 by Dr. Leblanc. Patient stated, "I'm okay, the Risperdal is working fine." Patient stated he has been on current meds for about past 6 months and feels he has been doing well on it. Patient stated he sometimes experiences AH of "internal noise" but the Risperdal helps lessen it. Patient denied side effects from medication. Patient stated he is working as a night auditor for the J W Marriot. Patient stated he lives by himself in an apartment and he has a girlfriend.

Depression: Patient denied current depression. Patient denied current SI/HI and denies plan or intent. Patient denied current self-harming behavior. Patient denied suicide attempts. Patient's current protective factors include his family and his willingness to engage in treatment.

Sleep: Patient stated that he has been sleeping well

Appetite: Patient stated his appetite has been good. Eating disorder: denied eating disorder history.

Mania: Patient denied current excess energy, decreased need for sleep, grandiosity

Psychosis: Patient denied current AH VH. No evidence of delusions

safety: Patient denied access to weapons. Patient denied current self-harm behaviors

Substance use history: Patient stated he uses cigarettes occasionally and stated he drinks alcohol "occasionally" like three times a month, a beer."

Current medications: risperdal 4mg take ½ tab BID

ROS

Constitutional: neg - no significant concern at this time

Eyes: neg, no vision changes

Ear/Nose/Mouth/Throat: neg - denies ear pain, denies sinusitis

Cardiovascular: neg - no cp

Respiratory: neg - no SOB or cough, denies - asthma, pt denies cough or SOB

Gastrointestinal: neg, denies constipation

Genitourinary: neg - denies dysuria or hematuria

Muscular: neg: neck, back and leg pain

Integumentary: neg - no rash

Endocrine: neg

Hematologic Lymphatic: neg

Neurological: neg

Labs: Patient stated he will get labwork done at PCP soon. No records available today.

Mental status exam

Appearance: dressed and groomed appropriately, good eye contact

Orientation: Ox3

Musculoskeletal: steady gait, no abnormal movements noted

Attitude: cooperative

Mood: "okay"

Affect: flat

Case Number: 21S787        Smith vs. Aetna        Exhibit# 57
                            Community Reach Center
Client ID 8388550            Physician Notes for Smith, Matthew A        MRN 8388550

Speech: normal rate, normal tone and volume
Thought process: linear, logical
Thought content: Denies current AH VH. Denies current SI, HI. Denies intent or plan.
Attention/Concentration: appropriate in session
Memory: recent and remote: good for both
Insight/judgment: fair/limited
Assessment: This is a 30 year old male with a history of schizoaffective disorder. Patient stated today he feels he is doing well on Risperdal and wants to continue on Risperdal. Patient denied current AH VH SI HI. Patient denied current intent or plan. Patient does not appear to be a danger to himself or others at this time.
Diagnosis:
Axis I: Schizoaffective Disorder - bipolar type
Axis II deferred
Axis III none
Plan:
Health promotion: sleep hygiene, diet, exercise, substance avoidance
Continue Risperdal 4mg: take 1 2 tab BID. Patient stated he has refills left.
Discussed risk of TD and metabolic syndrome with Risperdal.
40 58 minutes spent on counseling regarding diagnosis, medication side effects and coordination of care.
RTC 4-8 weeks but patient agrees to return to clinic sooner if there are any problems. Call crisis line if worsening of symptoms or any problems. Discussed with patient resources for additional support 24 7 crisis line weekend clinic, nurse line and CCC. Patient verbalized understanding and stated she will utilize these resources if necessary

Case Number: 215787 Center Smith vs. Aetna,                    Exhibit# 58                    PN 112798

# Discharge Summary - Smith, Matthew A

Admitted    05 17 2017

| Sex | Male | Date Of Birth | 01 16 1986 |
|------|------|---------------|-----------|
| SSN | 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 | Marital Status | Never Married |
| Race | Black or African American | | |

## Program Admission

| Date Admit Program | Date Discharged Program | Program |
|--------------------|-------------------------|---------|

## Active Diagnosis

| Axis | Rank | Start | End | Code | Description |
|------|------|-------|-----|------|-------------|
| 1 | | 07/21/2015 | 02/03/2017 | 295 70 | Schizoaffective Disorder |
| 1 | 1 | 07/16/2015 | 02/03/2017 | 295 90 | Schizophrenia - Undifferentiate |
| 1 | 2 | 07/16/2015 | 02/03/2017 | 300 00 | Anxiety Disorder NOS |
| 1 | 3 | 07/16/2015 | 02/03/2017 | 305 20 | Cannabis Abuse |
| 2 | 1 | 02/19/2015 | 02/03/2017 | 799 9 | Diagnosis Deferred on Axis II |
| 4 | 1 | 02/19/2015 | 02/03/2017 | 2 | Problems related to Social Environment |
| 4 | 1 | 02/19/2015 | 02/03/2017 | 4 | Occupational Problems |
| 4 | 1 | 02/19/2015 | 02/03/2017 | 5 | Economic Problems |
| 4 | 1 | 07/16/2015 | 02/03/2017 | 7 | Legal Problems |
| 5 | 1 | 07/16/2015 | 02/03/2017 | | |
| 5 | 2 | 02/19/2015 | 02/03/2017 | | |
| 5 | 4 | 02/19/2015 | 02/03/2017 | | |

Case Number: 215787   Smith vs. Aetna,          Exhibit# 54                    PN 112798
Community Reach Center

## Discharge Summary - Smith, Matthew A

### Discharge Summary

| Date | 05/26/2015 | Discharge Type | Administratively Terminated |

**Client's participation in treatment**
Consumer attended intake psychiatric assessment for medication and one individual session. He was accepted into CESE but then he moved to California and his probation was transferred.

**Clients progress through treatment**
Insufficient participation to assess

**Recommendations for client at discharge**
Consumer may resume care at any time should symptoms or issues emerge that require dual diagnosis treatment. At that time he should attend a new intake assessment for diagnosis followed by a plan of care which may include individual and group therapy, case management, medications and other services as needed for psychosocial rehabilitation.

Referral Source  Probation/parole
Referral Resources provided to client at discharge        Yes
Requested electronic copy of discharge instructions

Client has portal access
Client was provided instructions to receive portal
access to retrieve electronic discharge instructions

Medical issues treated while in Care            [X]  N/A

Pain Management Needs      [X]  N/A      [ ] Prescription
                          [ ] Other

Treatments/Wound care      [X]  N/A
        Instructions

Other Instructions      [ ]
See resources recommendations sheet

Additional resource materials provided at discharge

Case Number: 245787   Community Reach Center   Smith vs. Aetna,                    Exhibit# 60                    PN 112798

# Discharge Summary - Smith, Matthew A

|  | Admitted | 05 17 2017 |  |
|---|---|---|---|

| Sex | Male | Date Of Birth | 01 16 1986 |
|---|---|---|---|
| SSN | 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 | Marital Status | Never Married |
| Race | Black or African American | | |

## Program Admission

| Date Admit Program | Date Discharged Program | Program |
|---|---|---|

## Active Diagnosis

| Axis | Rank | Start | End | Code | Description |
|---|---|---|---|---|---|
| 1 | | 07/21/2015 | 02/03/2017 | 295 70 | Schizoaffective Disorder |
| 1 | 1 | 07/16/2015 | 02/03/2017 | 295 90 | Schizophrenia - Undifferentiate |
| 1 | 2 | 07/16/2015 | 02/03/2017 | 300 00 | Anxiety Disorder NOS |
| 1 | 3 | 07/16/2015 | 02/03/2017 | 305 20 | Cannabis Abuse |
| 2 | 1 | 02/19/2015 | 02/03/2017 | 799 9 | Diagnosis Deferred on Axis II |
| 4 | 1 | 02/19/2015 | 02/03/2017 | 2 | Problems related to Social Environment |
| 4 | 1 | 02/19/2015 | 02/03/2017 | 4 | Occupational Problems |
| 4 | 1 | 02/19/2015 | 02/03/2017 | 5 | Economic Problems |
| 4 | 1 | 07/16/2015 | 02/03/2017 | 7 | Legal Problems |
| 5 | 1 | 07/16/2015 | 02/03/2017 | | |
| 5 | 2 | 02/19/2015 | 02/03/2017 | | |
| 5 | 4 | 02/19/2015 | 02/03/2017 | | |

Community Reach Center Smith vs. Aetna,          Exhibit# 4.1          PS 112798

Case Number 215787

## Discharge Summary - Smith, Matthew A

Discharge Summary

| Date | 06/26/2015 | Discharge Type | Administratively Terminated |

**Client's participation in treatment**
Consumer attended intake, psychiatric assessment for medication, and one individual session. He was accepted into CESE but then he moved to California and his probation was transferred.

**Clients progress through treatment**
Insufficient participation to assess

**Recommendations for client at discharge**
Consumer may resume care at any time should symptoms or issues emerge that require dual diagnosis treatment. At that time he should attend a new intake assessment for diagnosis followed by a plan of care which may include  individual and group therapy case management, medications and other services as needed for psychosocial rehabilitation

Referral Source  Probation/parole
Referral Resources provided to client at discharge          Yes
Requested electronic copy of discharge instructions

Client has portal access
Client was provided instructions to receive portal
access to retrieve electronic discharge instructions

Medical issues treated while in Care          [X] N/A

Pain Management Needs     [X] N/A     [ ] Prescription
                          [ ] Other

Treatments/Wound care     [X] N/A
            Instructions

Other instructions     [ ]
See resources recommendations sheet

Additional resource materials provided at discharge

Case Number: 21S787 Community Reach Center Smith vs. Aetna,          Exhibit# 62          PN 112798

## Patient Summary - Smith, Matthew A

Admitted   02 18 2015          Date Of Birth   01 16 1986          ClientKey   8388550

### Program Admission

| Date Admit Program | Date Discharged Program | Program |
|---|---|---|
| 02 18 2015 | 02 18 2015 | Finance |
| 02 19 2015 | 02 19 2015 | Intake Team Urgent Care |
| 02 19 2015 | 03 09 2015 | Thornton Outpatient |
| 02 19 2015 | 06 26 2015 | Case Management |
| 02 19 2015 | 06 26 2015 | Medical Services |
| 03 09 2015 | 06 26 2015 | JAR-Justice, Accountability & Recovery |
| 07 16 2015 | 02 03 2017 | Finance |
| 07 16 2015 | 01 28 2016 | JAR-Justice, Accountability & Recovery |
| 07 2 2015 | 01 28 2016 | Medical Services |
| 01 27 2016 | 02 03 2017 | Case Management |
| 01 27 2016 | 02 03 2017 | Meds Only |

Community Reach Center Smith vs. Aetna,          Exhibit# 63          PN 112798

## Patient Summary - Smith, Matthew A

### Discharge Summary

| Condition at Discharge | Discharge Reason | Discharge Date |
|---|---|---|
| | Moves | 02-01-2017 |

**Chief Complaint at Admission**   Schizophrenia  Anxiety

**Summary of Treatment**
Primary problems treated  Schizophrenia and anxiety
Summary of services provided  JAR  thx and med mgmnt services  CM
Changes in legal status during treatment  unknown
Summary of advanced directives developed or initiated during services if applicable    N/A

**Course of Treatment**
Summary of progress towards goals and objectives  C m ssed appts fairly often  he did progress to meds-only services but then disengaged
Symptoms/Functioning at discharge   UNKNOWN
Summary of response to medication   SEE DOC NOTES
Pre/Post ORS score if applicable.   N/A

**Discharge Recommendations and Continuing Care Plan**
Continued care coordination needs   unknown or N/A
Attitude towards discharge (family/individual)  Unknown
Medication recommendations    see doc notes
Additional concerns and treatment recommendations not address/resolved   N/A

**Anticipated Future Challenges**
Recommendations for maintenance of improvements  Continue meds as prescribed and follow doc orders and recommendations for services and tx
Plan to address return of symptoms  - COMPLETE NEW INTAKE AND ENGAGE IN MH SERVICES FOR MED MGMNT S. PPORT

Case Number 318787 Center Smith vs. Aetna,          Exhibit# 64          PN 112798

## Patient Summary - Smith, Matthew A

### All Diagnosis

| Axis | Code | Start Date | Description | End Date | Priority |
|------|------|-----------|-------------|----------|----------|
| Axis I | 295.90 | 02/24/2015 | Schizophrenia - Undifferentiate | 06 26 2015 | Primary |
| Axis I | 295.90 | 07/16/2015 | Schizophrenia - Undifferentiate | 02 03 2017 | Primary |
| Axis I | 298.9 | 02/19/2015 | Psychotic Disorder NOS | 03 24 2015 | Primary |
| Axis I | 300.00 | 02/19/2015 | Anxiety Disorder NOS | 06 26 2015 | Secondary |
| Axis I | 300.00 | 07/16/2015 | Anxiety Disorder NOS | 02 03 2017 | Secondary |
| Axis I | 305.20 | 02/24/2015 | Cannabis Abuse | 06 26 2015 | Other |
| Axis I | 305.20 | 07/16/2015 | Cannabis Abuse | 02 03 2017 | Tertiary |
| Axis II | 799.9 | 02/19/2015 | Diagnosis Deferred on Axis II | 02 03 2017 | Primary |
| Axis IV | 2 | 02/19/2015 | Economic Problems | 02 03 2017 | Other |
| Axis IV | 2 | 02/19/2015 | Occupational Problems | 02 03 2017 | Other |
| Axis IV | 2 | 07/16/2015 | Legal Problems | 02 03 2017 | Primary |
| Axis IV | 2 | 02/19/2015 | Problems related to Social Environment | 02 03 2017 | Secondary |
| Axis V | 2 | 02 19 2015 | 45 | 07 16 2015 | Primary |
| Axis V | 2 | 07 16 2015 | 51 | 02 03 2017 | Primary |
| Mental Health | F20.3 | 09 11 2015 | Undifferentiated schizophrenia | | Primary |
| Mental Health | F41.9 | 09 11 2015 | Anxiety disorder unspecified | | Secondary |

Case Number: 21S787       Smith vs. Aetna,       Exhibit# *4.5*



Aetna Disability-Workability
PO Box 14560
Lexington, KY 40512-4560
Phone: 1-866-825-0186
Fax: 1-866-667-1987

09/14/2011

MATTHEW SMITH
2035 WEST 81ST AVE UNIT F
WESTMINSTER, CO  80031

Employer:        UPS
Plan:            FLEXIBLE BENEFITS PLAN
Employee's ID Number: 1994509
Disability Claim No:  4614828

Dear MATTHEW A SMITH:

Thank you for initiating your UPS Short-Term Disability claim at Aetna Life Insurance Company, (Aetna). An Aetna Claim Specialist will contact you shortly to review your claim.

According to our records, your last day worked was 09/02/2011, and your first day absent from work was 09/06/2011. Aetna will contact your Health Care Provider's (HCP) office to obtain clinical information in order to certify your work absence. Once clinical information has been received and reviewed, a determination will be made regarding your claim, and notification will be sent to you and your work site.

You and your health care provider play a crucial role in the management of your work absence. In order to facilitate this process you must contact your HCP and ask him/her to cooperate when information is requested. This information may include but is not limited to:

- Medical Examination Findings
- Test Results
- X-ray Results
- Observation of anatomical, physiological or psychological abnormalities

Additionally, please complete the forms listed below:

- **Authorization for Release of Information Form:** Sign and give a copy to your HCP and fax a copy to Aetna at 1-866-667-1987. You may also mail it to the address listed on the form.
- **W-4 Form:** Disability benefits are subject to Federal taxes, including FICA taxes. Federal income tax withholding will be withheld automatically at the "Single Status with 0 Allowances" deduction until we receive a completed W-4 Form.
- **Reimbursement Agreement Form:** You must sign this agreement. In doing so, you agree to repay Aetna and UPS any overpayment(s) of STD benefits. An overpayment means that you have received payment amounts in excess of the amount you would have been entitled to under the plan. Payments made to you for Workers' Compensation, Social Security or any other income benefits as determined by the STD plan reduces the amount of STD benefits that you are entitled to receive.
- **Other Employment / Earnings Statement:** You must complete and sign this form only if you are working another job other than UPS.
- **Motor Vehicle Reimbursement Agreement Form:** You must complete and sign this form only if your accident/illness is a result of a Motor Vehicle Accident (MVA)

It is your responsibility to ensure that all information, including any information requested from your HCP is given promptly to Aetna. Failure to complete and return the necessary forms, including the signed Authorization for Release of Information, and failure to provide the necessary clinical information may adversely affect your benefits.

If you have any questions, please feel free to contact us at 1-866-825-0186.

Case Number: 215787          Smith vs. Aetna,          Exhibit# 66

Sincerely,

UPS Short-Term Disability Program

Enclosures:
Authorization to Share and Use Medical Information and Sensitive
W-4 Form
Reimbursement Agreement
Other Employment Earnings Statement
Motor Vehicle Reimbursement Agreement Form
Frequently Asked Questions
Process Overview
Solutions Resource Sheet
Authorization to Discuss Claim with Others
Union HCIC Flyer

Case Number: 21S787      Smith vs. Aetna,        Exhibit# 67

STD Claim # 4614828

# ⅄Aetna·

## Authorization to Share and Use Medical Information

Mail this completed form to:
Aetna Life Insurance Company
PO Box 14560
Lexington, KY 40512-4560
Fax  866-667-1987

I allow all doctors, hospitals, other health care providers, government agencies, insurers, employers, health plans, policyholders, contract holders, vendors, health and benefit plan administrators or their successors ("Records Holders") to give out my medical information as explained on this form.

This information includes, but is not limited to, any records or facts about my medical condition, treatment, supplies, employment, vocation, education training, income, and other insurance coverage including benefits paid ("Information").

I allow the Records Holders to give my Information to the following individuals or entities ("Benefit Managers"): Aetna Life Insurance Company ("Aetna") and its related companies, subcontractors, service consultants; the employer named below and its benefit plan or claims administrators; their investigators, attorneys, service consultants, authorized union representatives, health care providers  evaluating me or my claim, and other individuals or entities involved in administering, evaluating, analyzing and managing the benefit plan or my disability and/or leave claim.

I allow the Benefit Managers to use and give out the Information only to evaluate, analyze, manage and/or administer a claim for short term disability benefits, long term disability benefits, salary continuation, leave under the federal Family and Medical Leave Act, and state leave laws, workers' compensation and/or any other health benefit program or leave benefits offered by and through my employer ("Benefits Program").  I also allow the Benefits Managers to give my Information to any other person or entity if needed to find out whether I am eligible for benefits, to manage my claim, or to run the Benefits Program.  The Benefits Managers will tell those receiving the Information that the Information is confidential.  The information provided to Aetna will not be used for any purpose other than its intended use stated above.

I understand that once my Information is given out as allowed in this form, federal privacy laws may not protect it.

I understand that this permission lasts twelve (12) months after my claim is processed or twelve (12) months after the end of my coverage under the Benefits Program, whichever is longer, unless law requires a shorter period   If I change my mind before that time, I can tell my Records Holders in writing that I do not want them to share any more information.  If I tell them in writing to stop sharing Information, it will not change any actions they took before I told them   If I do not sign this form, it will not affect how my health care providers treat me.  However, if I do not sign, the Benefits Managers may not be able to review my claim and cannot find out whether I am eligible for benefits.  This may result in denial of my request for benefits.

The Information released under this authorization can be submitted to the Records Holders electronically, by phone or fax, or by mail.  I know I can see or copy the records given to the Benefits Managers.  I agree that a copy of this form may be treated as a signed original.

| Claimant s Name | Date |
|---|---|
| Claimant s or Legal Representative s Signature | Legal Representative s Name and Relationship |
| Employer's Name | Claim Number |



Case Number: 215787     Smith vs. Aetna,     Exhibit# 65

STD Claim # 4614828

 **Aetna**

## Authorization to Release Alcohol, Drug, Psychiatric and HIV Related Information

Mail this completed form to:
Aetna Life Insurance Company
PO Box 14560
Lexington, KY 40512-4560
Fax 866-667-1987

| Full Name of Patient | Year of Birth |
|---|---|

In accordance with state and federal statutes and regulations, I authorize _____ of _____ ("Record Holder") to release my complete health information, including any and all information and records in the possession of Record Holder, whether rendered prior to or after this authorization, pertaining to ("Information"):

1. Diagnosis, treatment and education related to drug and/or alcohol abuse;
2. Communicable infectious diseases, including sexually transmitted diseases which may include, but are not limited to, diseases such as hepatitis, syphilis, gonorrhea, human immunodeficiency virus ("HIV")/Acquired Immune Deficiency Syndrome ("AIDS") and genetic marker information; and
3. Psychiatric and other mental health services.

I allow the Record Holder to give my Information to the following individuals or entities ("Benefit Managers"): the employer named below, Aetna Life Insurance Company, their benefit plan or claims administrator(s), their related companies, contractors, investigators, attorneys, service consultants, authorized union representatives, health care providers evaluating me or my claim, and other individuals or entities involved in administering, evaluating, analyzing and managing the plan or my disability and/or leave claim.

I allow the Benefit Managers to use and give out the Information only to evaluate, analyze, manage and/or administer a claim for short term disability benefits, long term disability benefits, salary continuation, leave under the federal Family and Medical Leave Act, and state leave laws, workers' compensation and/or any other health benefit program or leave benefit offered by and through my employer ("Benefits Program"). I also allow the Benefits Managers to give my Information to any other person or entity if needed to find out whether I am eligible for benefits, to manage my claim, or to run the Benefits Program. The Benefits Managers will tell those receiving the Information that the Information is confidential. The information provided to Aetna will not be used for any purpose other than its intended use stated above.

I understand that once my Information is given out as allowed in this form, federal privacy laws may not protect it.

This authorization shall expire twelve (12) months after the date appearing below or twelve (12) months after my final treatment, whichever is later, unless law requires a shorter period. If I change my mind before that time, I can tell my Record Holder in writing that I do not want them to share any more information. If I tell them in writing to stop sharing information, it will not change any actions they took before I told them.

If I do not sign this form, it will not affect how my health care providers treat me. However, if I do not sign, the Benefits Managers may not be able to review my claim and cannot find out whether I am eligible for benefits. This may result in denial of my request for benefits. I know I can see or copy the records given to the Benefits Managers.

The Information released under this authorization can be submitted to the Records Holders electronically, by phone or fax, or by mail. I agree that a copy of this form may be treated as a signed original.

NOTICE TO RECIPIENT(S) OF INFORMATION
Information disclosed to you pertaining to alcohol or drug abuse treatment is protected by federal confidentiality rules (42 CFR Part 2) which prohibit any further disclosure of this information by you without the express written consent of the person to whom it pertains or otherwise permitted by 42 CFR Part 2. A general authorization for the release of medical or other information is NOT sufficient for this purpose. The federal rules restrict any use of the information to criminally investigate or prosecute any drug or alcohol abuse patient

| Claimant's Name | Date |
|---|---|
| Claimant's or Legal Representative's Signature | Legal Representative's Name and Relationship |
| Employer's Name | Claim Number |

WKAB – ASC Clients Only                         Page 2 of 2
GR-68320-2 (11-16)



Case Number: 215787
STD Claim # 4614828

Smith vs. Aetna,

Exhibit# 65

# Form W-4 (2011)

**Purpose.** Complete Form W-4 so that your employer can withhold the correct federal income tax from your pay. Consider completing a new Form W-4 each year and when your personal or financial situation changes.

**Exemption from withholding.** If you are exempt, complete only lines 1, 2, 3, 4, and 7 and sign the form to validate it. Your exemption for 2011 expires February 16, 2012. See Pub. 505, Tax Withholding and Estimated Tax.

**Note.** If another person can claim you as a dependent on his or her tax return, you cannot claim exemption from withholding if your income exceeds $950 and includes more than $300 of unearned income (for example, interest and dividends).

**Basic instructions.** If you are not exempt, complete the Personal Allowances Worksheet below. The worksheets on page 2 further adjust your withholding allowances based on itemized deductions, certain credits, adjustments to income or two-earners/multiple jobs situations.

Complete all worksheets that apply. However, you may claim fewer (or zero) allowances. For regular wages, withholding must be based on allowances you claimed and may not be a flat amount or percentage of wages.

**Head of household.** Generally, you may claim head of household filing status on your tax return only if you are unmarried and pay more than 50% of the costs of keeping up a home for yourself and your dependent(s) or other qualifying individuals. See Pub. 501, Exemptions, Standard Deduction, and Filing Information for information.

**Tax credits.** You can take projected tax credits into account in figuring your allowable number of withholding allowances. Credits for child or dependent care expenses and the child tax credit may be claimed using the Personal Allowances Worksheet below. See Pub. 919, How Do I Adjust My Tax Withholding, for information on converting your other credits into withholding allowances.

**Nonwage income.** If you have a large amount of nonwage income, such as interest or dividends, consider making estimated tax payments using

Form 1040-ES, Estimated Tax for Individuals. Otherwise, you may owe additional tax. If you have pension or annuity income, see Pub. 919 to find out if you should adjust your withholding on Form W-4 or W-4P.

**Two earners or multiple jobs.** If you have a working spouse or more than one job, figure the total number of allowances you are entitled to claim on all jobs using worksheets from only one Form W-4. Your withholding usually will be most accurate when all allowances are claimed on the Form W-4 for the highest paying job and zero allowances are claimed on the others. See Pub. 919 for details.

**Nonresident alien.** If you are a nonresident alien, see Notice 1392, Supplemental Form W-4 Instructions for Nonresident Aliens, before completing this form.

**Check your withholding.** After your Form W-4 takes effect, use Pub. 919 to see how the amount you are having withheld compares to your projected total tax for 2011. See Pub. 919, especially if your earnings exceed $130,000 (Single) or $180,000 (Married).

### Personal Allowances Worksheet (Keep for your records.)

| | | | |
|---|---|---|---|
| A | Enter "1" for yourself if no one else can claim you as a dependent | | A |
| B | Enter "1" if: { • You are single and have only one job; or | | B |
| | • You are married, have only one job, and your spouse does not work; or | | |
| | • Your wages from a second job or your spouse's wages (or the total of both) are $1,500 or less. } | | |
| C | Enter "1" for your spouse. But, you may choose to enter "-0-" if you are married and have either a working spouse or more than one job. (Entering "-0-" may help you avoid having too little tax withheld.) | | C |
| D | Enter number of dependents (other than your spouse or yourself) you will claim on your tax return | | D |
| E | Enter "1" if you will file as head of household on your tax return (see conditions under Head of household above) | | E |
| F | Enter "1" if you have at least $1,900 of child or dependent care expenses for which you plan to claim a credit | | F |
| | (Note. Do not include child support payments. See Pub. 503, Child and Dependent Care Expenses for details.) | | |
| G | Child Tax Credit (including additional child tax credit). See Pub. 972, Child Tax Credit, for more information. | | |
| | • If your total income will be less than $61,000 ($90,000 if married), enter "2" for each eligible child; then less "1" if you have three or more eligible children | | |
| | • If your total income will be between $61,000 and $84,000 ($90,000 and $119,000 if married), enter "1" for each eligible child plus "1" additional if you have six or more eligible children | | G |
| H | Add lines A through G and enter total here. (Note. This may be different from the number of exemptions you claim on your tax return.) ▶ | | H |
| | For accuracy, complete all worksheets that apply. | • If you plan to itemize or claim adjustments to income and want to reduce your withholding, see the Deductions and Adjustments Worksheet on page 2. | |
| | | • If you have more than one job or are married and you and your spouse both work and the combined earnings from all jobs exceed $40,000 ($10,000 if married), see the Two-Earners/Multiple Jobs Worksheet on page 2 to avoid having too little tax withheld. | |
| | | • If neither of the above situations applies, stop here and enter the number from line H on line 5 of Form W-4 below. | |

--- Cut here and give Form W-4 to your employer. Keep the top part for your records. ---

| Form **W-4** | **Employee's Withholding Allowance Certificate** ▶ Whether you are entitled to claim a certain number of allowances or exemption from withholding is subject to review by the IRS. Your employer may be required to send a copy of this form to the IRS. | OMB No. 1545-0074 **2011** |
|---|---|---|

| 1 | Type or print your first name and middle initial.     Last name | 2  Your social security number |
|---|---|---|
| | Home address (number and street or rural route) | 3  ☐ Single  ☐ Married  ☐ Married, but withhold at higher Single rate. |
| | City or town, state, and ZIP code | Note. If married, but legally separated, or spouse is a nonresident alien, check the "Single" box. |
| | | 4  If your last name differs from that shown on your social security card, check here. You must call 1-800-772-1213 for a replacement card. ▶ ☐ |

| 5 | Total number of allowances you are claiming (from line H above or from the applicable worksheet on page 2) | 5 | |
|---|---|---|---|
| 6 | Additional amount, if any, you want withheld from each paycheck | 6 | $ |
| 7 | I claim exemption from withholding for 2011, and I certify that I meet both of the following conditions for exemption. | | |
| | • Last year I had a right to a refund of all federal income tax withheld because I had no tax liability and | | |
| | • This year I expect a refund of all federal income tax withheld because I expect to have no tax liability. | | |
| | If you meet both conditions, write "Exempt" here ▶ | 7 | |

Under penalties of perjury, I declare that I have examined this certificate and to the best of my knowledge and belief, it is true, correct, and complete.

Employee's signature
(This form is not valid unless you sign it.) ▶ _____   Date ▶ _____

| 8  Employer's name and address (Employer: Complete lines 8 and 10 only if sending to the IRS.) | 9  Office code (optional) | 10  Employer identification number (EIN) |

For Privacy Act and Paperwork Reduction Act Notice, see page 2.          Cat. No. 10220Q          Form **W-4** (2011)

Case Number: 21S787        Smith vs. Aetna,        Exhibit# 70

STD Claim # 4614828
Form W-4 (2011)                                                                                    Page 2

## Deductions and Adjustments Worksheet

Note. Use this worksheet *only* if you plan to itemize deductions or claim certain credits or adjustments to income.

| | | | |
|---|---|---|---|
| 1 | Enter an estimate of your 2011 itemized deductions. These include qualifying home mortgage interest, charitable contributions, state and local taxes, medical expenses in excess of 7.5% of your income, and miscellaneous deductions | 1 | $ |
| 2 | Enter: { $11,600 if married filing jointly or qualifying widow(er) / $8,500 if head of household / $5,800 if single or married filing separately } | 2 | $ |
| 3 | Subtract line 2 from line 1. If zero or less, enter "-0-" | 3 | $ |
| 4 | Enter an estimate of your 2011 adjustments to income and any additional standard deduction (see Pub. 919) | 4 | $ |
| 5 | Add lines 3 and 4 and enter the total. (Include any amount for credits from the *Converting Credits to Withholding Allowances for 2011 Form W-4 Worksheet* in Pub. 919.) | 5 | $ |
| 6 | Enter an estimate of your 2011 nonwage income (such as dividends or interest) | 6 | $ |
| 7 | Subtract line 6 from line 5. If zero or less, enter "-0-" | 7 | $ |
| 8 | Divide the amount on line 7 by $3,700 and enter the result here. Drop any fraction | 8 | |
| 9 | Enter the number from the Personal Allowances Worksheet, line H, page 1 | 9 | |
| 10 | Add lines 8 and 9 and enter the total here. If you plan to use the Two-Earners/Multiple Jobs Worksheet, also enter this total on line 1 below. Otherwise, stop here and enter this total on Form W-4, line 5, page 1 | 10 | |

## Two-Earners/Multiple Jobs Worksheet (See *Two earners or multiple jobs* on page 1.)

Note. Use this worksheet *only* if the instructions under line H on page 1 direct you here.

| | | | |
|---|---|---|---|
| 1 | Enter the number from line H, page 1 (or from line 10 above if you used the Deductions and Adjustments Worksheet) | 1 | |
| 2 | Find the number in Table 1 below that applies to the LOWEST paying job and enter it here. However, if you are married filing jointly and wages from the highest paying job are $65,000 or less, do not enter more than "3" | 2 | |
| 3 | If line 1 is more than or equal to line 2, subtract line 2 from line 1. Enter the result here (if zero, enter "-0-") and on Form W-4, line 5, page 1. Do not use the rest of this worksheet | 3 | |

Note. If line 1 is less than line 2, enter "-0-" on Form W-4, line 5, page 1. Complete lines 4 through 9 below to figure the additional withholding amount necessary to avoid a year-end tax bill.

| | | | |
|---|---|---|---|
| 4 | Enter the number from line 2 of this worksheet | 4 | |
| 5 | Enter the number from line 1 of this worksheet | 5 | |
| 6 | Subtract line 5 from line 4 | 6 | |
| 7 | Find the amount in Table 2 below that applies to the HIGHEST paying job and enter it here | 7 | $ |
| 8 | Multiply line 7 by line 6 and enter the result here. This is the additional annual withholding needed | 8 | $ |
| 9 | Divide line 8 by the number of pay periods remaining in 2011. For example, divide by 26 if you are paid every two weeks and you complete this form in December 2010. Enter the result here and on Form W-4, line 6, page 1. This is the additional amount to be withheld from each paycheck | 9 | $ |

### Table 1

| Married Filing Jointly | | All Others | |
|---|---|---|---|
| If wages from LOWEST paying job are— | Enter on line 2 above | If wages from LOWEST paying job are— | Enter on line 2 above |
| $0 - $5,000 | 0 | $0 - $8,000 | 0 |
| 5,001 - 12,000 | 1 | 8,001 - 15,000 | 1 |
| 12,001 - 22,000 | 2 | 15,001 - 25,000 | 2 |
| 22,001 - 25,000 | 3 | 25,001 - 30,000 | 3 |
| 25,001 - 30,000 | 4 | 30,001 - 40,000 | 4 |
| 30,001 - 40,000 | 5 | 40,001 - 50,000 | 5 |
| 40,001 - 48,000 | 6 | 50,001 - 65,000 | 6 |
| 48,001 - 55,000 | 7 | 65,001 - 80,000 | 7 |
| 55,001 - 65,000 | 8 | 80,001 - 85,000 | 8 |
| 65,001 - 72,000 | 9 | 85,001 - 120,000 | 9 |
| 72,001 - 85,000 | 10 | 120,001 and over | 10 |
| 85,001 - 97,000 | 11 | | |
| 97,001 - 110,000 | 12 | | |
| 110,001 - 120,000 | 13 | | |
| 120,001 - 135,000 | 14 | | |
| 135,001 and over | 15 | | |

### Table 2

| Married Filing Jointly | | All Others | |
|---|---|---|---|
| If wages from HIGHEST paying job are— | Enter on line 7 above | If wages from HIGHEST paying job are— | Enter on line 7 above |
| $0 - $65,000 | $560 | $0 - $35,000 | $560 |
| 65,001 - 125,000 | 930 | 35,001 - 90,000 | 930 |
| 125,001 - 185,000 | 1,040 | 90,001 - 165,000 | 1,040 |
| 185,001 - 335,000 | 1,220 | 165,001 - 370,000 | 1,220 |
| 335,001 and over | 1,300 | 370,001 and over | 1,300 |

Privacy Act and Paperwork Reduction Act Notice.

You are not required to provide the information requested on a form that is subject to the Paperwork Reduction Act unless the form displays a valid OMB control number.



Case Number: 215787          Smith vs. Aetna,          Exhibit# 71

STD Claim # 4614828

### Aetna Reimbursement Agreement

Case #:

I understand that the amount of my benefits under the Plan will be reduced by the amount of benefits that I am eligible to receive from certain other sources, such as:

- Social Security Benefits (including, in certain instances, Social Security benefits for which my family members are eligible)
- Workers' Compensation Benefits
- State Disability Benefits
- Salary Continuation Pay
- No-Fault Automobile Insurance Benefits
- Occupational Disease Law
- Group Insurance Plan
- Governmental Retirement System
- Jones Act
- Pension Benefits
- Retirement Benefits

I have reviewed the section regarding the offset of Other Benefits set forth in the Plan booklet previously provided to me by my Employer. I understand that Other Benefits may be paid periodically or in a lump sum.

To commence the Plan benefits and in recognition of the fact that these benefits will not be reduced until Other Benefits are actually awarded, I voluntarily agree as follows:

- I agree to reimburse the Plan for the full amount of its overpayments. I understand that these overpayments equal the amount by which my benefits under the Plan should have been reduced because of the award of any Other Benefits (such as Social Security and/or Workers' Compensation benefits). I recognize that Other Benefits may be awarded to me for a retroactive period and agree to reimburse the Plan for the full amount of the deductions that should have been made from the Plan benefit payments for all periods in which I was entitled to both the Plan benefits and Other Benefits.

- I agree to make this reimbursement immediately upon receipt or commencement of Other Benefits.

- I agree to send to Aetna a copy of the written notice of an award or denial of any Other Benefits as soon as I receive this notice. I understand that, among other things, this notice provision requires me to send a copy of any Social Security Disability award or denial letter as soon as I receive it from the Social Security Administration. I recognize that if I fail to apply for Social Security, or furnish a copy of the Social Security Award or denial letter within the period prescribed by Aetna, my benefits under the Plan may be offset by an estimated Social Security Disability Award amount.

- If I fail to reimburse the Plan for the full amount due as the result of an award of Other Benefits, I agree that Aetna may decrease or cease to pay my benefits under the Plan until full reimbursement has been received by Aetna.

- I agree that, if the Plan benefits cease before I complete reimbursement of the Plan under the terms of this agreement, I shall, at the request of Aetna, enter into another reasonable agreement to provide for full reimbursement to the Plan.

I acknowledge that I have read and understand the terms of this agreement.

_____                    _____
Signature of Employee                                              Date

_____
Name of Employee (print or type)

_____
Address of Employee (print or type)



Case Number: 215787       Smith vs. Aetna,       Exhibit# 23

STD Claim # 4614828

## OTHER EMPLOYMENT/EARNINGS STATEMENT
## UPS DISABILITY PLANS

Aetna Life Insurance Company ("Aetna") is currently reviewing your claim for benefits under the UPS Disability Plans and needs additional information regarding your current employment status.

Your UPS Short Term (STD) and Long Term (LTD) Disability Plans may contain a statement that your STD/LTD benefit will be reduced by the full amount (or subject to the residual disability provisions if you belong to the Flexible Benefit Plan) of other earnings, disability income, or retirement income you may receive. In other words, if a disabled covered employee receives any compensation or remuneration for personal services as an employee (other than from UPS), or as a self-employed individual, a reduction of disable benefits for earned other income may apply to your current disability benefits depending on your plan language.

The UPS Disability Plans require that you contact Aetna at (866) 825-8486 and speak with your STD/LTD Payroll Coordinator should you begin employment of any type after your disability benefits commence. Please refer to your Summary Plan Description (SPD) regarding the specific offset provision for Other Earned Income as stated above.

Please complete this entire form, sign it, and return it in the self-addressed envelope included with this form.

NAME _____

       (LAST      FIRST      INITIAL)

TELEPHONE (_____)_____

Please circle YES or NO for each question

    Are you currently working for an employer other than UPS?   YES   NO

    Are you currently self-employed?   YES   NO

### PLEASE PROVIDE THE DETAILS OF THE EMPLOYMENT. (1st Employer)

EMPLOYER/BUSINESS NAME _____

COMPLETE ADDRESS _____

CITY _____

STATE AND ZIP CODE _____

WORK PHONE NUMBER _____

SUPERVISOR'S NAME _____

SUPERVISOR'S PHONE NUMBER _____

TOTAL HOURS WORKED
   PRIOR TO DISABILITY _____   (daily/weekly/biweekly/monthly)

TOTAL HOURS WORKED
   AFTER DISABILITY _____   (daily/weekly/biweekly/monthly)

GROSS EARNINGS _____

WHAT TIME PERIOD DOES
   GROSS EARNING COVER? _____



Case Number: 215787      Smith vs. Aetna,          Exhibit# 73

STD Claim # 4614828

*ADDITIONAL EMPLOYER INFORMATION: (2nd EMPLOYER-IF APPLICABLE)*

EMPLOYER/BUSINESS NAME _____

COMPLETE ADDRESS _____

CITY _____

STATE AND ZIP CODE _____

WORK PHONE NUMBER _____

SUPERVISOR'S NAME _____

SUPERVISOR'S PHONE NUMBER _____

TOTAL HOURS WORKED
PRIOR TO DISABILITY _____ (daily weekly biweekly monthly)

TOTAL HOURS WORKED
AFTER DISABILITY _____ (daily weekly biweekly monthly)

GROSS EARNINGS _____

WHAT TIME PERIOD DOES
GROSS EARNING COVER _____

Are you able to continue this employment while disabled from EPS?   YES   NO

Date you last reported to work and for whom? _____

_(SIGNATURE)_ _____          _(DATE)_ _____



Case Number: 21S787        Smith vs. Aetna,        Exhibit# 7 Y

STD Claim # 4614828

If your disability/illness has been caused by a motor vehicle accident, lease complete this form.

## MOTOR VEHICLE (MVA) REIMBURSEMENT AGREEMENT
### PLANS COVERED:

Short Term and Long Term Disability Plans
(Hereinafter "Disability Plans" or the "Plan")

Covered Employee _____

SS # _____        UPS Employee ID # _____

Employee's Home Address _____

_____

Employee's Phone #. _____

Covered Dependent(s) (if involved in accident) _____

_____

Date of Occurrence Giving Rise to Claim _____

How, When, Where Injury Occurred _____

_____

Name, address and telephone number of Insurance Company providing "No-Fault" Automobile Insurance Benefits (if applicable)

_____

Telephone # _____

Name and Address of Employee's or Dependent's Attorney (if applicable): _____

_____

_____

Name and Address of Parties Causing Injury _____

_____

_____

Name and Address of Attorney or Insurance Company for Other Party(ies) (if applicable) _____

_____



Case Number: 215787          Smith vs. Aetna,          Exhibit# 75

STD Claim # 4614826                                                    2

I hereby acknowledge payment of benefits under one or more of the above-referenced Plans.

I agree to reimburse the Plan or cause the Plan to be reimbursed from all proceeds recovered from a third party (such as the proceeds from a settlement, judgement, or otherwise, including insurance proceeds) as a result of an occurrence that gives rise to disability benefit payments under the Plan, regardless of the characterization of these proceeds and without regard to any "make whole doctrine". The reimbursement shall equal the lesser of the amount of benefit payments provided under the Plan as a result of the occurrence given rise to the third party recovery, and the recovery amount. The Plan's right of reimbursement is subject to a reduction in attorney's fees and other cost of recovery equal to the lesser of the actual fees and costs or 1/3 of the Plan's right of reimbursement. I understand that failure to reimburse the Plan or failure to cause the Plan to be reimbursed from proceeds recovered from a third party as set forth in this paragraph and the applicable summary Plan description may result in an offset against future disability claims (regardless of the cause) equal to the Plan's right of reimbursement.

I further understand that the Plan shall have a right of subrogation or assignment for all of your claims against any third party arising from the occurrence giving rise to disability benefit payments under the Plan as set forth in the applicable summary Plan description, such right being equal to the Plan's right of reimbursement set forth in the preceding paragraph. Any amounts recovered will be applied first to satisfy the Plan's right of reimbursement set forth in the preceding paragraph as well as the Plan's cost to recover such benefits. Any amounts recovered in excess of the Plan's right of reimbursement and recovery costs shall be paid to me but shall be applied by the Plan as an offset against future disability payments that are otherwise payable under the Plan arising from the same occurrence. I shall execute and deliver instruments and papers and do whatever else is necessary to enable UPS to secure and pursue the rights set forth in this paragraph.

I agree to keep UPS Disability Management Department and Aetna Life Insurance Company (Aetna) fully informed as to the status of my claim against any person or entity so that the Plan may take whatever action it deems necessary to protect its interests. I also agree to authorize any person, including but not limited to any insurance company attorney, hospital, physician, surgeon, or pharmacist to release to UPS and Aetna any information pertaining to this occurrence or claim.

I further agree to have a copy of this Agreement review by legal counsel prior to my signing it. I agree to notify legal counsel that he or she may contact UPS and Aetna at any time to the extent deemed necessary.

Failure to sign this agreement will be deemed by the Plan to be approval from me as to the terms of the Plan's reimbursement and right of recovery provisions set forth herein and in the applicable summary Plan description.

_____
Signature

_____
Date

_____
Dependent's Signature (if involved in accident)

_____
Date



Case Number: 21S787          Smith vs. Aetna,          Exhibit# 76

STD Claim # 4614828

### UPS
### FREQUENTLY ASKED QUESTIONS & ANSWERS

**What is "Disability"?**

Disability is a benefit offered by UPS to eligible employees to help bridge the financial gap caused as a result of lost income after an accident or illness leaves you unable to perform the material and substantial functions of your regular occupation. UPS uses Aetna to administer the disability plans UPS writes. For questions regarding your benefits, please refer to your Summary Plan Description (SPD). If you do not have a SPD, call (800) UPS–1508.

**Completing the Release of Medical Information Form**

- **Who is the claimant?**

The claimant is the employee/patient filing the claim. The claimant's full name should be printed legibly on the release for medical information form.

- **I don't have a legal representative. Do I need to obtain legal representation?**

A legal representative's signature is only required when there is an attorney involved in your case. For example, third party liability cases such as motor vehicle accidents or other accidents may be handled by your attorney. Legal representation could also involve power of attorney if you are unable to complete and sign your forms on your own.

- **Why did I receive an HIV, Drug and Alcohol form when I do not have this disability?**

When a claim is initially filed, all possible pertinent forms are mailed to all claimants. The HIV, Drug and Alcohol/Psychiatric release form is enclosed to be completed only if you are going out on a disability related to any of the conditions listed above. If your disability is related to one of the listed conditions, please sign the enclosed form along with the general medical release form and return it as soon as possible. If your disability is not related to any of these conditions, simply destroy the form.

**I already completed a W-4 form at my workplace. Why must I complete a new W-4 form?**

The W-4 form is provided to you to complete, because we do not receive information regarding your withholding status from your employer. While employees are on disability, many employers have arranged for Aetna Life Insurance Company ("Aetna") to pay disability benefits. These benefits are mailed directly to your home, therefore we must have a signed W-4 on file. Failure to fully complete the W-4 in accordance with the instructions provided in the form (signed and dated) will result in an automatic selection of a "Single Status with 0 Allowances" deduction being applied to the payment of your disability benefits. Any applicable state tax withholding will be applied as needed. Please make sure to complete your full name, address, social security number and number of deductions you will be taking while out on disability. Please note, a separate W-4 form will be provided at the beginning of next year for tax purposes.



Case Number: 215787       Smith vs. Aetna,              Exhibit# 77

STD Claim # 4614828

### Why must I sign a reimbursement agreement?

By signing this form you agree to repay Aetna any amounts overpaid to you as a result of a miscalculation or a determination that you are entitled to other benefits that may be an offset or exclusion under your plan

### Why are there two reimbursement agreements?

The Motor Vehicle Reimbursement Agreement Form is only applicable if your disability is the result of a motor vehicle accident. By signing this form you agree to repay Aetna any amounts overpaid to you as a result of subrogation (or payment by an insurance company or settlement involved) that may be an offset under your plan. You must sign both reimbursement agreement forms if your disability was the result of a motor vehicle accident otherwise, only the standard reimbursement agreement needs to be completed

### Do I have to sign the Other Employment/Earnings Statement?

If you are employed by another employer in addition to UPS, you need to sign this form. By signing this form you agree to repay Aetna any amounts overpaid to you as a result of other earnings from that employer that may be an offset under your plan

### Once I've filed a claim, what happens next?

Your claim will be assigned to a Benefits Representative who will contact you within a week after you file your claim or miss your first day of work whichever is later Provided Aetna receives clinical documentation from your healthcare provider(s) regarding your disability a decision will be made within ten business days of the date you filed your claim or from your first day absent from work whichever is later. It may be necessary to suspend a decision on your claim if clinical medical information is not received within the time specified above

### What can I do to help in the claim process?

- Immediately complete and sign all applicable forms enclosed and return to our office. You may fax the information to 1-866-667-1987.

   Contact your healthcare provider(s) who are treating you for your disability and request that they forward any and all office notes test results and any other information that would support why you cannot perform the essential functions of your job. The information provided must demonstrate your inability to perform the material and substantial functions of your regular occupation

### Once my claim is approved:

Your benefits manager will continue to contact you, your healthcare provider and your employer to update your disability status until you are no longer disabled or have exhausted your benefits

If you have questions regarding your check, please call (866) 825-0155 and follow the voice prompts for a question regarding a payment on your existing claim



Case Number: 21S787      Smith vs. Aetna,      Exhibit# 7 5

STD Claim # 4614828

### If my claim is suspended:

A claim is suspended when the benefits manager has made 3 attempts and is still unable to obtain sufficient clinical information from your physician(s) to support why you cannot perform your essential job functions. A suspension is Aetna's way of giving you MORE time to submit clinical information in support of your disability. Once a claim is suspended, it becomes your responsibility to make sure that Aetna receives the supporting clinical documentation. The Benefits Manager will no longer pursue clinical information from your physician(s)

### If my claim is denied:

A claim is denied when no information is received or when the clinical information from your physician(s) fails to support why you cannot perform your essential job functions. A denial must be appealed via the appeal process. Once a claim is denied, the claim is closed and the only way to change that decision is to send in new clinical information along with a request to appeal your claim. The Benefits Manager is no longer assigned to your claim and your best option is to take your denial letter to your treating physician to help him/her support why you cannot perform your essential job functions

### When should I call Aetna to file a STD Claim?

The time that you have to file a claim depends on your position with UPS. Non-management employees must file their claims by the third consecutive day of their absences. Management employees have two weeks to file claims. All employees who have a planned absence should file their claims within two weeks prior to their anticipated first day of absence

### How do I contact Aetna?

You can contact Aetna by simply dialing 1-866-825-0186. A series of automated prompts will help guide your call to its desired destination

### Under what criteria do I qualify for short-term disability benefits?

Aetna will obtain objective medical findings to make sure your condition meets the definition of disability and supports your inability to perform the material and substantial duties of your regular occupation. You may be asked to help Aetna obtain the necessary documentation to make this determination. A note from your physician is not considered sufficient evidence to ascertain whether or not you qualify for short-term disability benefits

### Should I contact Aetna if I become injured at work?

You should not contact Aetna if you become injured in the workplace. Your supervisor can inform you about the proper claim procedure for workplace injuries

### If I have surgery scheduled, when should I contact Aetna to file a claim?

Aetna should be notified of all planned absences, including scheduled surgery two weeks before the surgery date. Please call Aetna toll-free at 1-866-825-0186 and follow the automated prompts to file a claim. Or you can return to this website

### If I am pregnant, when should I file my claim with Aetna?

You may file your claim two weeks before your scheduled delivery date. You may also file a claim if your doctor decides to take you out of the workplace for medical reasons that can be supported by objective medical findings



Case Number: 21S787          Smith vs. Aetna,          Exhibit# 79

STD Claim # 4614828

**Are there any forms that I must complete?**

Yes, you must complete a Medical Release Form. It is imperative that you complete this form promptly to make sure Aetna has immediate access to your medical records. Your timely attention to this form will help expedite the claim process. Download forms by returning to the Home page and selecting the Print Forms option.

**What will happen if Aetna's benefits manager doesn't receive my medical information from my treating physician?**

Aetna will contact you if we are unable to obtain, within seven calendar days, the objective medical information that supports your absence. You will be requested to lend assistance in obtaining records that may include lab results, X-rays, various reports and office visit notes. If Aetna has not received the necessary clinical information within 14 calendar days, benefits can not be authorized. Aetna will send you a letter to notify you of what you need to do next in the claim process.

**How often will I receive my disability checks?**

Short-term disability (STD) checks are issued on a weekly basis. Long-term disability checks are paid on a monthly basis.

**If I live in CA, RI, or Puerto Rico, do I need to submit proof that I am receiving benefits from the state (i.e. check or letter)?**

  ~ CALIFORNIA Employees must furnish Aetna with a copy of the state's DE-429-D form for benefit calculation. Aetna will offset your STD payment by the maximum California State benefit until the DE-429-D is received.  ~ RHODE ISLAND Employees must submit a letter or copy of their state benefit check stub to Aetna. Aetna will offset your STD benefit by the maximum Rhode Island benefit until this information is received. ~ PUERTO RICO Employees must also submit a letter or copy of their state benefit check stub to Aetna. Aetna will offset your STD benefit by the maximum Puerto Rico benefit until this information is received.

**How do I get in contact with my Statutory State?**

California ~ Telephone. 916-227-0220 or 800-480-3267 ~ Web site  http://www.edd.ca.gov ~Rhode Island ~ Telephone: 401-462-8420 ~Web site  http://www.dlt.state.ri.us ~Puerto Rico ~ Telephone  787-754-2146 ~Hawaii ~ Web site  http://hawaii.gov/labor/dcd/about/dr.shtml  ~ New York ~ Web site  http://www.wcb.state.ny.us/content/main/offthejob/IntroToLaw_DB.jsp ~ New Jersey ~ Web site ~ http://lwd.dol.state.nj.us/labor/tdi/worker/state/sp_clt_menu.html

**Where can I find claim status or payment information on my claim?**

Use the claim system (www.wkabsystem.com – employer is UPS) and/or the integrated voice response (IVR) system to check the status of your claim or inquire on a payment or report your return to work  (via IVR – 866-825-0186 · Use the claim system (www.wkabsystem.com – employer is UPS) and/or the integrated voice response (IVR) system to check the status of your claim or inquire on a payment or report your return to work  (via IVR – 866-825-0186 - hold for options
· option 1 – is to report a Short Term or Long Term Disability claim
· option 2 – is for  payment information
· option 3 – is for claim status on an existing claim
· option 4 - is to report a return to work;
· option 5 - is for questions on a LTD claim;
· option 6 - is for an appeal question.



Case Number: 21S787          Smith vs. Aetna,          Exhibit# 80

STD Claim # 4614828

## Who is responsible for providing the clinical records to support my claim?

While Aetna will attempt to help you obtain information from your healthcare provider(s) per the UPS Plan, it is ultimately your responsibility to make sure we have the information needed to approve your claim for benefits

## Special Services:

**TDD:** Aetna disability offers services for the hearing impaired via TDD service. If you are a hearing impaired employee we will be happy to help you via TDD equipment. You can reach us at the TDD number   1-866-247-9236 or our local number  954-693-2009

**UPS HCIC PROGRAM:**  Depending on your health plan, UPS offers their employees and covered family members a free and unique benefit designed to have registered nurses (RNs) work with you and/or your doctor(s) to provide information, access to online tools services, and understanding of your doctor's direction related to your condition(s)

You can be assigned a personal case manager (RN) who will partner with you in your recovery process to assist you in preparation for and post-discharge of an in patient hospital stay. They can help you navigate your benefits and the health care system while helping you stay on track with post-discharge recovery

In addition, health coaches (RNs) specialized according to diagnosis (e.g. diabetes, heart disease) can provide current information, resources and understanding regarding your condition(s), medications, lab results, etc. while helping you set personal goals to achieve and live a healthier life even with a chronic condition such as diabetes

For more detailed information regarding this program please refer to the UPS Healthy Connections - Informed Choices brochure included in your introductory packet or visit the HCIC Website link at UPSers.com. Starting today set a personal goal to achieve a healthier life.



Case Number: 215787          Smith vs. Aetna,          Exhibit# 87



## PROCESS OVERVIEW
### Short Term Disability (STD)

- Aetna must receive clinical medical data from your physician's office within 14 calendar days of the date the claim is received or the first day absent, whichever is later. Examples of clinical medical data include objective medical findings such as lab results, diagnostic test results, x-ray results, physician's physical exam findings, confirmation of surgical procedures, etc. Subjective complaints must be supported by the clinical findings. An example of a subjective complaint would be pain or fatigue.

- Your STD case manager will contact your physician's office a minimum of 3 times to obtain the clinical medical data. If the office does not respond or refuses to release the information without the signed medical authorization, we will make the balance of the 3 contacts to the patient to obtain the signed release. If medicals are believed available but Aetna has not received them by the 14th day, the claim will be suspended for a maximum of 20 days prior to denial.

- You will receive a benefit approval letter when your claim is initially approved. For benefits to continue beyond the date specified in your letter, we must receive ongoing clinical medical data that continues to support your disability from your physician.

- Your STD case manager will contact your physician's office after your appointments, as necessary, to obtain the information necessary to continue to approve your STD benefits. Therefore, it is imperative that you inform your case manager of all office visits in a timely manner. We may call upon you for assistance in acquiring your medical information if we are having trouble obtaining it from your physician.

- In the event that medical information does not support disability or if no medical information is received from your provider, your STD benefits will not be approved. We will make every effort to obtain this information for up to one week following your physician's office visit. As a result, it is possible benefits will not be approved retroactive to your last physician's office visit.

- Finally, you need to contact your STD case manager and your HR department when you are released to return to work. Your STD case manager will then confirm this information with your physician's office and notify the district of your projected return to work.

*As required by California Insurance Code 1734.5, Californians are being insured under the Aetna Life Insurance Company form.

Case Number: 21S787      Smith vs. Aetna,      Exhibit# 8

# Solutions

Your EAP and WorkLife benefit

Sometimes the challenges of life on or off the job lead to stress or interrupt your sense of well-being. Having a place to turn to for guidance, information and resources can really make a difference. After all, everyone can benefit from help and coaching at one time or another.

Contact your EAP or WorkLife program to speak with a professional Counselor who can offer confidential guidance, information and/or referrals to local resources including licensed behavioral health professionals and family care providers. Counselors can help you resolve personal work, family and relationship challenges that may be having an impact on your well-being or work performance. You, or an immediate family member, can receive assistance with a wide variety of issues and concerns, including those shown here.

| | | | |
|---|---|---|---|
| ADULT CARE | Finding services & care | Housing options | Support surrounding caregiving issues | Helping from a distance |
| INTERPERSONAL CHALLENGES | Information about returning to work after disability leave | Working successfully with others | Communicating with your boss | Dealing with stress |
| PARENTING | Talking with your teen | Behavioral norms | Child care & back up care | Special needs services |
| HEALTH & WELLNESS | Exercise & preventive health | Nutrition | Maintaining balance | Resources regarding diverse health issues |
| COMMUNITY RESOURCES | Transportation services | Support groups | Emergency resources | Government services & financial support programs |
| EVERYDAY ISSUES | Consumer education | Moving & relocation | Pet care | Recreational activities |
| LEGAL & FINANCIAL CONCERNS | Entitlements & Social Security disability information | Budget & credit management | Resolving legal problems | Coping with financial issues |

## Your WorkLife Program Can Help

Dealing with an injury or illness, even a short-term one, can be very challenging. It not only affects your body, it also affects seemingly everything in your life. Whatever your circumstances, your WorkLife program has something to offer.

Thousands of expert articles on:
- Health and Wellness
- Relationship and family issues
- Parenting and caregiving
- Choosing the right type of care for your loved ones
- Workplace challenges
- Legal and financial concerns
- Managing day-to-day responsibilities

- Self-search for child care, elder care, private and public schools, colleges and more
- "Best-of-the-web" resources
- Interactive self-assessments and quizzes
- Sound information, an audio tips library covering hundreds of useful topics
- Think Global, presenting family care information for those living or traveling abroad
- Cool Minds, a site just for kids, with opportunities for learning and fun

**Call the UPS Benefits Service Center at 1-800-UPS-1508 for more information on disability benefits.**



Contact Solutions at 800 336 9117 to speak with a WorkLife Specialist or log on to www.achievesolutions.net/ups to access information and resources.

Confidentiality, namely, information shared in confidence, is strictly observed and in confidence. Contact with counselors is confidential in accordance with federal, state, and professional guidelines. The information must not be shared without the written consent of the individual except as is otherwise required or legally obligated to take action.

Note: These services are provided at no cost to you. However, should you need services beyond the counseling beyond the coverage provided directly to you, you may be responsible for the cost of those services. In that case, your counselor or referral source will work to select services that are reasonable and appropriate to your budget and requirements.

Case Number: 21S787        Smith vs. Aetna,          Exhibit# 5 3

STD Claim # 4614828

## ✕ Aetna

PO Box 14560, Lexington, KY 40512-4560

### Authorization to Discuss Claim with Others

I _____ hereby authorize Aetna Insurance Company
(Short Term Disability) to communicate with and to discuss all aspects of my claim with

_____ , my _____
    Authorized Person                              Relationship to You

I understand that this permission will last for the duration of my claim. If I change my
mind before that time, I will notify Aetna in writing to inform that I do not want Aetna
representatives to continue discussing my claim information with this named individual.
It will not change any actions Aetna representatives took before I discontinued this
authorization.

Claimant's Name _____   Claim # _____

Claimant's signature _____

Witness _____   Date _____



Case Number: 21S787     Smith vs. Aetna,     Exhibit# 89

# UPS Healthy Connections – Informed Choices

## Welcome to UPS Healthy Connections – Informed Choices.

This unique health program, brought to you by your UPS-administered health plan, will help you receive maximum value from your health care benefits, become a more informed health care consumer, and improve your overall health and wellness.

Maybe all you need is occasional support for creating and maintaining a healthy lifestyle. However, if you or a family member is coping with a complex health issue, facing an upcoming hospitalization or require help with home health care, durable medical equipment or other needs related to a recent hospital stay, a more supportive partnership with a health care professional may be more appropriate. This valuable interaction will help you navigate the health care system, learn about the benefits, resources, and choices available to you, and work to improve your health. No matter what the need, UPS Healthy Connections - Informed Choices provides the tools and resources to help you and your family take charge of your health.



Case Number: 21S787      Smith vs. Aetna,            Exhibit# 3-5

## A Health Care Team for Your Ongoing Needs

As a program participant, you and your family members may be assigned an enhanced case manager who is a registered nurse with years of clinical experience. Your nurse can assist you one-on-one with your health care concerns or health conditions directly related to a hospital stay — all to help you feel better and less stressed. He or she will work closely with your primary care and specialty doctors as part of your health care team.

Nurses can help you:

- Understand your medications and follow your doctor's treatment plan.
- Identify and access physicians and facilities best qualified to manage your care.
- Make sense of laboratory values and the results of medical tests, as well as their importance to your health.
- Implement lifestyle changes that can improve your health.
- Connect with other resources and partners available through the UPS Healthy Connections - Informed Choices program.



Case Number: 215787        Smith vs. Aetna,         Exhibit# 56



## Your Health Assessment – The Big Picture

You and your spouse are eligible to complete a Health Assessment questionnaire. The results will provide a picture of your current health status and identify possible future health risks. Use the assessment results to prioritize which health care issues are most important to you. Take time to complete a follow-up program online as suggested by the Health Assessment tool and discuss the results with your family and your doctor. For example, if your current eating habits contribute to an elevated cholesterol level, you and your doctor can develop an action plan to change your habits and reduce your cholesterol. This action plan may decrease your risk of developing further health complications, such as high blood pressure and heart disease.

It's easy to get started.
Visit **www.upshealthyconnections-informedchoices.com** to complete your Health Assessment today.



Case Number: 21S787        Smith vs. Aetna,            Exhibit# 5-7

## Your Personal Health Record –
## The Whole Story

You and your covered dependents also have access to a secure, online Personal Health Record (PHR). The information in your PHR comes from both your health plan carriers (such as prescriptions, illnesses, and lab values) and from you (such as allergies, past illnesses, and the over-the-counter vitamins and medications you take). Adding your own information to the pre-populated claim information is completely voluntary but will help you get the greatest benefit from the PHR tool. A fully up-to-date PHR will allow you to:

- View your whole health story in one place.
- Receive important health care reminders and alerts; for example, a warning that you are taking two drugs that don't mix well together.
- Keep vital information readily available in case of an emergency.
- Provide your health care providers,* spouse, and other covered dependents access to your records, at your option.
- Store, save, download, and share your information, if you choose — even if you change your coverage or your job.

Start by going to **www.upshealthyconnections-informedchoices.com** and clicking on the Personal Health Record link.

---

* Health care providers must have access to Navinet™, a Web solution that links physician offices and hospitals to Aetna. For more information about this feature, log on to your secure PHR and click "Share Your PHR."

Case Number: 21S787          Smith vs. Aetna,          Exhibit# (

## Hospital Admissions and a Successful Recovery

If you are scheduled for a hospital admission, you may be contacted by an enhanced case manager—a registered nurse—before your admission and after you go home. You can also be proactive by calling the toll-free number on your health plan ID card to discuss how to make your inpatient hospitalization and post-hospital recovery more successful.

**Before Admission:** Once you and your doctor have determined that you will be admitted to a hospital, the UPS Healthy Connections · Informed Choices nurse can:

- Discuss what will occur during your hospitalization.
- Help you think through additional questions and concerns that you may want to talk to your doctor about.
- Answer questions or provide additional health care information and resources.
- Start planning for a successful recovery period after discharge from the hospital.

**After Discharge:** Whether your hospitalization was planned or the result of an emergency, your UPS Healthy Connections Informed Choices nurse will be there to help. The nurse can:

- Help you understand and follow your doctor's discharge instructions; for example, the medications you must take or the physical therapy he or she prescribes.
- Coordinate home care, medical equipment, and outpatient follow-up services ordered by your doctor, such as wheelchairs, wound care or cardiac rehabilitation.
- Provide educational resources that will help you recover successfully and stay as healthy as possible.

You may contact your health plan and ask to speak to your enhanced case manager if you have questions about your diagnosis, hospitalization, or recovery.



Case Number: 21S787        Smith vs. Aetna,        Exhibit# 9̸9̸

## Working With Your Doctor

The services offered by UPS Healthy Connections - Informed Choices are not meant to take the place of your doctor's care. This program is meant to provide wellness information to complement and reinforce your doctor's instructions. Our goal is to help you make the most of your health plan benefits while being proactive and preventive in your approach to your health and well-being. Always seek the advice of your doctor with any questions you have regarding the diagnosis and treatment of a health condition.

## Additional Resources

To learn more about UPS Healthy Connections - Informed Choices, visit the program's Web site directly at **www.upshealthyconnections-informedchoices.com**. You can also access the site through **www.UPSers.com** on the My Life and Career tab. You will find a wide range of helpful information, including topics on healthy living, links to other third-party medical or health-related informational Web sites, tools and valuable health reference materials.

*Health · Plan*
*Changing it*

The UPS Healthy Connections – Informed Choices program is available to UPS employees, under 65 retirees and their covered dependents participating in a UPS administered health care plan. If you are a UPSer (active or retired) currently covered under a health and welfare plan administered by a multi employer trust (MET), you are not eligible for the program. Contact your MET plan sponsor by calling the plan's Member Services number to inquire about the availability of similar care management programs.

If there is any discrepancy between the summarized information provided in this publication and the official plan document(s), the plan document(s) will always govern. Detailed information regarding the plan can be found in the plan's Summary Plan Description (SPD) or in the official plan documents, which legally govern the plan's operation. UPS reserves the right to terminate or change any benefit plan at any time

© 2009 United Parcel Service of America, Inc. All rights reserved        CCG 09-0132U (8/09)  600-1010

Case Number: 215787     Smith vs. Aetna,     Exhibit# 90

PO Box 14560
Lexington, KY 40512-4560
DANETTE GIPSON
STD Claim Analyst

Phone: 1-866-825-0186
Fax: 1-866-667-1987

# ẎAetna®

09/27/2011

MATTHEW SMITH
2935 WEST 81ST AVE UNIT F
WESTMINSTER CO - 80031

Employer:         UPS
Plan:             FLEXIBLE BENEFITS PLAN
Employee's ID Number: 1994509
Disability Claim No:  4614828

Dear MATTHEW A SMITH:

Aetna is the claim administrator for UPS's Short-Term Disability Plan. The STD Plan requires a medical and administrative review of the appropriateness of your request for STD benefits.

On September 14, 2011, you reported an absence from work beginning on September 6, 2011 related to mental health. You also indicated that you worked September 7, 2011 and September 8, 2011, UPS confirmed that your correct first day absent was September 10, 2011.

We contacted Mary Ann Mahoney via phone and fax on September 22, 2011. We have not received any clinical information to substantiate your out of work status. On September 26, 2011 you informed us that your appointment is October 3, 2011. We need medical documents in the form of abnormal examination findings, office notes, progress notes, and treatment plan from your first date of disability through the present. At this time you will now be required to contact your treating provider(s) and obtain the information needed for review of your claim.

Therefore, in an effort to afford you every consideration under your plan, we will provide a 20 day extension to allow you and/or your provider to submit medical information.

Please be aware that Aetna cannot clinically support your work absence until this information is received and reviewed. At this time, your claim will be placed in a suspended status for 20 days. If the required clinical information has not been provided by October 17, 2011, your claim for benefits will not be approved based upon insufficient evidence to establish disability under the terms of the STD Plan.

Documentation to support your disability must include verifiable, significant medical data such as:

    ·   Mental status examination, psychological testing and/or observable clinical findings indicating significant cognitive, emotional or behavioral impairments
    ·   Behavioral Health Clinician Statement completed by a psychiatrist or psychologist
    ·   Office notes, consultation notes, progress reports
    ·   Behavioral examinations to support your diagnosis and claim for disability; and which provides specific functional abilities, including any and all restrictions and limitations

Please fax or mail the above information to:

Aetna
UPS Operations Unit
Attention: DANETTE GIPSON, STD Claim Analyst
PO Box 14560
Lexington, KY 40512-4560
Fax: 1-866-667-1987

If you have any questions, please feel free to contact me at 1-866-825-0186, extension 6932512.

Sincerely,

Case Number: 21S787          Smith vs. Aetna,          Exhibit# 47

DANETTE GIPSON
STD Claim Analyst

Case Number: 215787          Smith vs. Aetna,          Exhibit# 92

**Aetna**

PO Box 14578
Lexington, KY 40512-4578
DONNA RALLS
Appeals Assistant
Phone: 1-866-825-0186
Fax: (855) 733-1262

10/20/2011

MATTHEW SMITH
1780 N OSWEGO ST
AURORA CO - 80010

Group Control No:        0704636
Employer:                UPS
Employee:                MR. MATTHEW SMITH
Disability Claim Case No:  4614828

** MAINTAIN A COPY OF THIS LETTER FOR YOUR RECORDS **

Dear MR. SMITH:

Claims under the UPS self-funded STD group plan (Plan) are administered by Aetna Life Insurance Company (Aetna).

This letter confirms our receipt of your appeal request on October 18, 2011. We will now begin the review of your appeal. You will be notified in writing of our decision no later than December 01, 2011.

We may extend the time needed to complete our review of your appeal if special circumstances require such an extension, in which case you will be notified before December 01, 2011 of the need for an extension.

Please contact us by telephone, as soon as possible, to let us know if you intend to submit additional information in support of your appeal. If you do intend to submit additional information, please forward that information to our office immediately so it can be considered during our appeal review.

Please mail or fax the additional information to:

Aetna Life Insurance Company
Aetna Disability - Workability Appeals
PO Box 14578
Lexington, KY 40512-4578
Fax: (855) 733-1262

Should you have any questions, feel free to contact our office at 1-866-825-0186 extension 6932763.

Sincerely,

DONNA RALLS
Appeals Assistant
Aetna Life Insurance Company

Case Number: 21S787    Smith vs. Aetna,    Exhibit#93

Aetna Disability-Workability
PO Box 14560
Lexington, KY 40512-4560
DANETTE GIPSON
STD Claim Analyst
Phone: 1-866-825-0186
Fax: 1-866-667-1987

# Aetna

10/17/2011

MATTHEW SMITH
2935 WEST 81ST AVE UNIT F
WESTMINSTER, CO - 80031

Employer:      UPS
Plan:          FLEXIBLE BENEFITS PLAN
Employee's ID Number: 1994509
Disability Claim No:   4614828

Dear MATTHEW A SMITH:

Aetna Life Insurance Company, ("Aetna") is the claim administrator for UPS's Short-Term Disability Plan. The STD Plan requires a medical and administrative review of the appropriateness of your request for STD benefits

Aetna has reviewed your claim for disability benefits in accordance with the definition of disability under UPS's Short-Term Disability Plan.

According to the FLEXIBLE BENEFITS PLAN, disability is defined as:    "You are considered disabled if the claims administrator, Aetna, determines that you are unable to perform the material and substantial duties of your regular occupation because of an illness or injury."

On September 14, 2011, you reported an absence from work beginning on September 6, 2011 related to mental health. You also indicated that you worked September 7, 2011 and September 8, 2011. UPS confirmed that your correct first day absent was September 10, 2011.

We contacted Mary Ann Mahoney via phone and fax on September 22, 2011. We had not received any clinical information to substantiate your out of work status. On September 26, 2011 you informed us that your appointment was scheduled for October 3, 2011. We need medical documents in the form of abnormal examination findings, office notes, progress notes, and treatment plan from your first date of disability through the present. At that time you were required to contact your treating provider(s) and obtain the information needed for review of your claim.

In an effort to afford you every consideration under your plan, we provided a 20 day extension to allow you and/or your provider to submit medical information.

On September 27, 2011, we sent you a suspension letter indicating that your claim for STD benefits could not be approved unless medical information, supporting your disability, was received by October 17, 2011. To date, we have not received any medical information from you or from your treating provider (s) to support a disability. Therefore, we are unable to approve your claim for STD benefits effective September 10, 2011.

Upon your written request, you are entitled to receive copies of the information used in making our decision at no cost to you.

Under ERISA guidelines, if you disagree with this determination, in whole or in part, you may file a written request to appeal this decision within 180 days of receipt of this notice. The review on appeal will consist of a fresh review of your claim based on information already existing in your file, along with any additional information, records, documents, comments, or other relevant material you may submit in support of your appeal.

In order to assist with your appeal, please provide us with current medical documentation, which includes clinical data, such as, but not limited to the following:

·   Mental status examination, psychological testing and/or observable clinical findings indicating significant cognitive, emotional or behavioral impairments
·   Behavioral Health Clinician Statement completed by a psychiatrist or psychologist

Office notes, consultation notes, progress reports

Case Number: 21578 Behavioral conditions that support your diagnosis and claim for disability; and which provides specific functional abilities, including any and all restrictions and limitations

Exhibit 24

Please mail your appeal letter along with the above information to:

Aetna Disability-Workability Appeals
Attn: UPS Appeals Department
PO Box 14578
Lexington, KY 40512-4578
Fax Number: (855) 733-1262

If you have any questions, please feel free to contact me at 1-866-825-0186, extension 6932512.

Sincerely,

DANETTE GIPSON
STD Claim Analyst

Case Number: 21S787          Smith vs. Aetna,          Exhibit# 95



PO Box 14560
Lexington, KY 40512-4560
DANETTE GIPSON
STD Claim Analyst

Phone: 1-866-825-0186
Fax: 1-866-667-1987

11/10/2011

MATTHEW SMITH
1780 N OSWEGO ST
AURORA, CO - 80010

Group Control No:      0704636
Employer:              UPS
Employee:              MR. MATTHEW SMITH
Disability Claim Case No:  4614828

Dear MATTHEW A SMITH:

Aetna Life Insurance Company, ("Aetna") is the claim administrator for UPS's Short-Term Disability Plan. The STD Plan requires a medical and administrative review of the appropriateness of your request for STD benefits.

Aetna has reviewed your claim for disability benefits in accordance with the definition of disability under UPS's Short Term Disability Plan.

According to the FLEXIBLE BENEFITS PLAN, disability is defined as: "You are considered disabled if the claims administrator, Aetna, determines that you are unable to perform the material and substantial duties of your regular occupation because of an illness or injury."

Clinical information received from Judith Libby-Lawrence, LMFT, on November 4, 2011 in the form of office notes from October 3, 2011, October 13, 2011 and October 31, 2011 and from Dr. Krishnaeni Goje, M.D., dated October 11, 2011 does not support your inability to perform your job duties as a part time supervisor for UPS. Your first day absent was September 10, 2011. It appears that your first office visit was October 3, 2011. Judy Lauwerens advised that you made preference for any appointment time on short notice. You came to the session with a typed note detailing your symptoms. Symptoms include: issues with anxiety, anger and some paranoia that you are followed around and listened in on. You denied threats to harm yourself or others and denies owning a gun. EE reports irritability and drinking. EE also reports OCD and has a hard time sleeping. EE feels people at work pick on him. Mental status report for this visit advised that you were appropriately dressed, good hygiene, affect and mood was depressed however no examination findings or observations were given. You were oriented in all spheres, speech was appropriate, through process, memory and associations were all intact. Your insight/judgment was good, attention and concentration were appropriate and motor behavior was normal. You follow up with this provider every two weeks. The office visit note of October 11, 2011 with Dr. Goje, M.D. gave you the same mental health status with the exception that your mood was not good, and affect was non labile. There were no other impairments noted, no examination findings or observations for your mood were given. On October 11, 2011 visit with Dr. Goje, M.D.., you advised that you were exacerbated by the work situation. You felt like you were discriminated at work and currently going through mediation and litigation at work. You were blamed for misspelling words. You have been dealing with legal practice since 2008 when you first made a case against your boss. Psychosis and suicidal ideation were denied. There were no impairments noted other than mood and affect anxious with no examination findings or observations. Judith Libby Lauwerens, LMFT, recommended an anger class on October 4, 2011 and again on October 31, 2011. This recent information is not sufficient to warrant a reversal of your disability claim decision at this level.

A review of your clinical information has been completed, and this information is not sufficient as your treating providers, Dr. Goje and Judith Libby Lauwerens have failed to provide any functional deficits that will support your inability to perform the essential functions of your job at UPS as a Supervisor which is deemed heavy. Your provider did not include documentation of abnormal findings such as: mental status examination, psychological testing and/or observable clinical findings indicating significant cognitive, emotional or behavioral impairments.

Case Number: 2135-76 - Sensitive Material - Exhibit 77

At this time, we have provided you a review of new clinical data following the closure of your Short Term Disability claim on October 17, 2011. It will now be necessary for you to file a formal appeal, should you have any additional clinical data to consider, for a reversal of our decision.

Please refer to the initial denial that was sent to you on October 17, 2011. As indicated in that letter dated October 17, 2011, you have the right to file a written appeal if you disagree with our decision. You must send us a written and signed request in order to open an appeal claim. In addition, please include new clinical data for our review of your claim. This data must be submitted by April 23, 2012 in order to be considered.

Please submit the appeal to the following address:

Aetna Disability-Workability Appeals
Attention: UPS Appeals Department
PO Box 14578
Lexington, KY 40512-4578
Fax: (855) 733-1262

If you have any questions, please call 1-866-825-0186.

Sincerely,

DANETTE GIPSON
STD Claim Analyst
Aetna Life Insurance Company

Case Number: 215787      Smith vs. Aetna,      Exhibit# 97



PO Box 14578
Lexington, KY 40512-4578
DONNA RALLS
Appeals Assistant
Phone: 1-866-825-0186
Fax: (855) 733-1262

11/15/2011

MATTHEW SMITH
1780 N OSWEGO ST
AURORA CO - 80010

Group Control No       0704636
Employer.       UPS
Employee       MR. MATTHEW SMITH
Disability Claim Case No       4614828

☛ MAINTAIN A COPY OF THIS LETTER FOR YOUR RECORDS ☛

Dear MR. SMITH

Claims under the UPS self funded STD group plan (Plan) are administered by Aetna Life Insurance Company (Aetna).

This letter confirms our receipt of your appeal request on November 11, 2011. We will now begin the review of your appeal. You will be notified in writing of our decision no later than December 23, 2011.

We may extend the time needed to complete our review of your appeal if special circumstances require such an extension, in which case you will be notified before December 23, 2011 of the need for an extension.

Please contact us by telephone, as soon as possible, to let us know if you intend to submit additional information in support of your appeal. If you do intend to submit additional information, please forward that information to our office immediately so it can be considered during our appeal review.

Please mail or fax the additional information to:

Aetna Life Insurance Company
Aetna Disability – Workability Appeals
PO Box 14578
Lexington, KY 40512-4578
Fax (855) 733-1262

Should you have any questions, feel free to contact our office at 1-866-825-0186 extension 6932765.

Sincerely,

DONNA RALLS
Appeals Assistant
Aetna Life Insurance Company

Case Number: 21S787       Smith vs. Aetna,          Exhibit# 98          PO Box 14578



Lexington, KY 40512-4578
KETLIE FARQUHARSON
Appeal Specialist
Phone: 1 866-825-0186
Fax: (855) 733-1262

12/07/2011

MATTHEW SMITH
1780 N OSWEGO ST
AURORA CO - 80010

Group Control No:          0704636
Employer:                  UPS
Employee:                  MR. MATTHEW SMITH
Disability Claim Case No:  4614828

**☛ MAINTAIN A COPY OF THIS LETTER FOR YOUR RECORDS ☚**

Dear MR. SMITH:

This letter is in response to your appeal letter received on November 11, 2011, in which you advised that you are appealing the denial of your Short Term Disability (STD) claim. We have attempted to contact you at the phone number listed on record 720-938-3766, on November 17, 2011 and November 18, 2011. Please contact me as soon as possible to confirm whether or not you will be submitting any additional information from your providers in support of your appeal.

Inasmuch as we are aware that additional information may exist, which could affect the appeal decision, we are placing the review on hold until we receive the materials you wish us to consider. Please submit all information for review on or before **December 21, 2011.**

If you need additional time, please contact me in advance of **December 21, 2011.** If we do not receive the documentation by **December 21, 2011,** we will commence the review on **December 22, 2011** based on the existing materials to your claim file.

Upon submission of the additional documentation, please retain confirmation of the date on which you faxed or mailed the information. This documentation may be sent to Aetna either at the address or fax number shown below.

Aetna Life Insurance Company
UPS Appeals
PO Box 14578
Lexington, KY 40512-4578
Fax: (855) 733-1262

Upon receipt of the additional documentation, we will render a written determination on or before January 6, 2012. We may extend the time for up to an additional 45 days if special circumstances require such an extension, in which case you will be notified prior to the end of the first 45 day period.

If you have any questions, or require any additional information regarding this matter, please contact me at 866 825 0186, extension 6932734.

Sincerely,

KETLIE FARQUHARSON
Appeal Specialist
Aetna Life Insurance Company

Case Number: 21S787     Smith vs. Aetna,     Exhibit# 97

PO Box 14578

# Aetna®

Lexington, KY 40512-4578
KETLIE FARQUHARSON
Appeal Specialist
Phone: 1-866-825-0186
Fax: (855) 733-1262

01/06/2012

MATTHEW SMITH
1789 N OSWEGO ST
AURORA CO   80010

Group Control No.         0704656
Employer                  UPS
Employee                  MR. MATTHEW SMITH
Disability Claim Case No.  4614828

## ** MAINTAIN A COPY OF THIS LETTER FOR YOUR RECORDS **

Dear MR. SMITH

Claims under the **UPS STD** group plan are administered by Aetna Life Insurance Company ("Aetna").

As you are aware, we are currently reviewing information related to your appeal for Short Term Disability (STD) benefits. In order to complete the review, your file has been sent to an independent peer review physician specializing in Psychiatry. At this time, we require an extension of time to complete our review of medical information and the results of the pending independent peer review report.

We expect to be able to render a decision by **February 17, 2012**. However, every effort will be made to provide you with a determination at a much earlier date.

Should you have questions or need additional information regarding this matter, please feel free to contact me at 866-825-0186, extension 6932754

Sincerely,

KETLIE FARQUHARSON
Appeal Specialist
Aetna Life Insurance Company

Case Number: 215787          Smith vs. Aetna,          Exhibit# 10C



PO Box 14578
Lexington, KY 40512-4578
DONNA RALLS
Appeals Assistant
Phone: 1-866-825-0186
Fax: (855) 733-1262

04/02/2012

MATTHEW SMITH
1780 N OSWEGO ST
AURORA CO - 80010

Group Control No:     0704656
Employer:             UPS
Employee:             MR. MATTHEW SMITH
Disability Claim Case No:   4614828

** MAINTAIN A COPY OF THIS LETTER FOR YOUR RECORDS **

Dear MR. SMITH:

Claims under the UPS self funded STD group plan (Plan) are administered by Aetna Life Insurance Company (Aetna).

This letter confirms our receipt of your appeal request on March 30, 2012. We will now begin the review of your appeal. You will be notified in writing of our decision no later than May 11, 2012.

We may extend the time needed to complete our review of your appeal if special circumstances require such an extension, in which case you will be notified before May 11, 2012 of the need for an extension.

Please contact us by telephone, as soon as possible, to let us know if you intend to submit additional information in support of your appeal. If you do intend to submit additional information, please forward that information to our office immediately so it can be considered during our appeal review.

Please mail or fax the additional information to:

Aetna Life Insurance Company
Aetna Disability – Workability Appeals
PO Box 14578
Lexington, KY 40512-4578
Fax: (855) 733-1262

Should you have any questions, feel free to contact our office at 1-866-825-0186 extension 6932763.

Sincerely,

DONNA RALLS
Appeals Assistant
Aetna Life Insurance Company

Case Number: 21S787       Smith vs. Aetna,       Exhibit# *101*

**Aetna®**

PO Box 14578

Lexington, KY 40512-4578
TRICIA JAMES
Appeal Specialist
Phone: 1-866-825-0186
Fax: (855) 733-1262

04/12/2012

MATTHEW SMITH
1780 N OSWEGO ST
AURORA CO - 80010

| | |
|---|---|
| Group Control No: | 0704636 |
| Employer | UPS |
| Employee: | MR. MATTHEW SMITH |
| Disability Claim Case No: | 4614828 |

**✱ MAINTAIN A COPY OF THIS LETTER FOR YOUR RECORDS ✱✱**

Dear MR. SMITH:

This letter serves to confirm that I have made several attempts to contact you by phone on April 5, 2012, April 6, 2012 and April 11, 2012. Voice mail messages were left for you on these dates however, to date a return call has not been received. Your appeal letter, dated March 30, 2012, indicates that "additional information will be available if needed". In as much as you have indicated that additional information is available for review, the appeal review is being placed on hold until the additional materials are received. Please submit all documentation for review by May 14, 2012.

If you need additional time, please contact me in advance of May 14, 2012. If we do not receive the documentation by May 14, 2012, we will commence the review on May 15, 2012, based on the existing materials in your claim file.

Upon submission of the additional documentation, please retain confirmation of the date on which you faxed or mailed the information. This documentation may be sent to Aetna either at the address or fax number shown below.

Aetna Life Insurance Company
UPS Appeals
PO Box 14578
Lexington, KY 40512-4578
Fax: (855) 733-1262

Upon receipt of the additional documentation, we will render a written determination on or before June 15, 2012. We may extend the time for up to an additional 45 days if special circumstances require such an extension, in which case you will be notified prior to the end of the first 45 day period.

If you have any questions, or require any additional information regarding this matter, please contact me at 866-825-0186, extension 6932731.

Sincerely,

TRICIA JAMES
Appeal Specialist
Aetna Life Insurance Company

Case Number: 21S787        Smith vs. Aetna,        Exhibit# 102

PO Box 14578

 Aetna®

Lexington, KY  40512-4578
TRICIA JAMES
Appeal Specialist
Phone: 1-866-825-0186
Fax: (855) 733-1262

05/16/2012

MATTHEW SMITH
1780 N OSWEGO ST
AURORA CO  80010

Group Control No:        0704636
Employer                 UPS
Employee                 MR. MATTHEW SMITH
Disability Claim Case No  4614828

**\*\* MAINTAIN A COPY OF THIS LETTER FOR YOUR RECORDS \*\***

Dear MR. SMITH:

This letter serves to confirm the voice mail message left for you on Monday May 14, 2012, advising that we had received your handwritten note indicating that additional information was available in support of your appeal. In as much as you have advised that additional documentation exists which may support your claim for disability benefits, the appeal review is being placed on hold until the additional materials are received. Please submit all documentation for review by June 14, 2012

If you need additional time, please contact me in advance of June 14, 2012. If we do not receive the documentation by June 14, 2012, we will commence the review on June 15, 2012, based on the existing materials in your claim file.

Upon submission of the additional documentation, please retain confirmation of the date on which you faxed or mailed the information. This documentation may be sent to Aetna either at the address or fax number shown below.

Aetna Life Insurance Company
UPS Appeals
PO Box 14578
Lexington, KY  40512-4578
Fax (855) 733-1262

Upon receipt of the additional documentation, we will render a written determination on or before July 11, 2012. We may extend the time for up to an additional 45 days if special circumstances require such an extension, in which case you will be notified prior to the end of the first 45 day period.

If you have any questions, or require any additional information regarding this matter, please contact me at 866-825-0186, extension 0932731.

Sincerely,

TRICIA JAMES
Appeal Specialist
Aetna Life Insurance Company

Case Number: 21S787        Smith vs. Aetna,         Exhibit# *rc 5*



THE
HARTFORD
**(MyDashboard.aspx)**

🏠 (MyDashBoard.aspx) › **Matthew Smith Claims (MyClaims.aspx)** › Claim Details

**Matthew Smith Claims - Claim Number 4614828        Closed**

**✛ View Latest Claim Activity**

**Tasks** ⁰

There are no pending tasks.

**⤒ Upload Document(s)**

Feedback

**Claim Details**

**Short Term Disability - Plan and Claim Details**

| | |
|---|---|
| Days Approved: | **0 Days** |
| Plan Benefit Duration: | **182 Days** |
| Work Status: | **Not At Work** |
| Date Reported: | **September 14, 2011** |
| Work Related: | **No** |
| Last Date Worked: | **September 09, 2011** |
| Last Medical Info Received: | **December 20, 2011** |
| PML Claim Begin Date: | **September 10, 2011** |
| Claim Status: | **Denied** |
| Plan Benefit Begin Date: | **September 12, 2011** |
| Claim Status Reason: | **No Medical Info Received** |
| Claim Approved Start Date: | |

Case Number: 218787         Smith vs. Aetna,          Exhibit# *IO4*
Claim Approved Through:

Plan Max Benefit End Date:          **March 09, 2012**

## Health Care Provider

Provider Name:          **GOGE, KRISHNAVENI**
Phone:                  **(303) 650-3900**
Fax:
Status:                 **Inactive**

Provider Name:          **LAUWEREINS, JUDY**
Phone:                  **(303) 650-3900**
Fax:
Status:                 **Inactive**

Provider Name:          **MAHONEY, MARYANN**
Phone:                  **(303) 338-4545**
Fax:
Status:                 **Inactive**

Last provider contact date:          **September 27, 2011**

## Vocational Rehabilitation

## Workers' Compensation

## Offsets and Deductions

## Appeals

## Quick links

Feedback

Case Number: 21S787          Smith vs. Aetna,          Exhibit# 105

&#11015; Download Documents
(MyDocuments.aspx?dwnldDocs=1)

&#128222; Contact Us (ContactUs.aspx)

&#128100; Update User Profile (MyProfile.aspx)

Privacy Policy (https://www.thehartford.com/customer-privacy-notice)
Legal Notice (https://www.thehartford.com/legal-notice)
Accessibility Statement (https://www.thehartford.com/accessibility-statement)
Security Statement (https://www.thehartford.com/security-statement)

&copy; 2018 The Hartford

Feedback

Case Number: 215787        Smith vs. Aetna,        Exhibit# *1016*



THE
HARTFORD

## (MyDashboard.aspx)

🏠 (MyDashBoard.aspx) > Matthew Smith Claims (MyClaims.aspx) > Claim Details

**Matthew Smith Claims - Claim Number 4614828**        **Closed**

**➕ View Latest Claim Activity**

## Tasks ⁰

There are no pending tasks.

**⬆ Upload Document(s)**

Claim Details

Health Care Provider

Vocational Rehabilitation

There is no Vocational Rehabilitation information for claim 4614828

Workers' Compensation

Offsets and Deductions

Appeals

**Quick links**

⬆ Download Documents
(MyDocuments.aspx?dwnldDocs=1)

📞 Contact Us (ContactUs.aspx)

Feedback

Case Number: 215787          Smith vs. Aetna,          Exhibit# *107*
⚐ Update User Profile (MyProfile.aspx)

Privacy Policy (https://www.thehartford.com/customer-privacy-notice)
Legal Notice (https://www.thehartford.com/legal-notice)
Accessibility Statement (https://www.thehartford.com/accessibility-statement)
Security Statement (https://www.thehartford.com/security-statement)

© 2018 The Hartford

Feedback

Case Number: 215787        Smith vs. Aetna,            Exhibit# /c&

**THE HARTFORD**

## (MyDashboard.aspx)

🏠 (MyDashBoard.aspx) > Matthew Smith Claims (MyClaims.aspx) > Claim Details

## Matthew Smith Claims - Claim Number 4614828      Closed

**✛ View Latest Claim Activity**

## Tasks  0

There are no pending tasks.

**⬆ Upload Document(s)**

Feedback

Claim Details

Health Care Provider

Vocational Rehabilitation

Workers' Compensation

There is no Workers' Compensation information for claim 4614828

Workers' Compensation Offsets

Offsets and Deductions

Appeals

**Quick links**

Case Number: 215787          Smith vs. Aetna,          Exhibit# *159*

⬇ Download Documents
(MyDocuments.aspx?dwnldDocs=1)

📞 Contact Us (ContactUs.aspx)

👤 Update User Profile (MyProfile.aspx)

Privacy Policy (https://www.thehartford.com/customer-privacy-notice)
Legal Notice (https://www.thehartford.com/legal-notice)
Accessibility Statement (https://www.thehartford.com/accessibility-statement)
Security Statement (https://www.thehartford.com/security-statement)

© 2018 The Hartford

Feedback

Case Number: 21S787          Smith vs. Aetna,          Exhibit# *//C*



## (MyDashBoard.aspx)

🏠 (MyDashBoard.aspx) > Matthew Smith Claims (MyClaims.aspx) > Claim Details

**Matthew Smith Claims - Claim Number 4614828**     Closed

**+** View Latest Claim Activity

Tasks  ⁰

There are no pending tasks.

⬆ Upload Document(s)

Claim Details

Health Care Provider

Vocational Rehabilitation

Workers' Compensation

Offsets and Deductions

Offsets

| | |
|---|---|
| Effective date: | September 06, 2011 |
| End date: | September 10, 2011 |
| Offset description: | Salary Continuation |
| Offset type | Deduct from Gross Benefit |
| Offset amount($): | 84.9750 |
| Offset frequency: | Daily |

Case Number: 21S787          Smith vs. Aetna,                Exhibit# ///

## Appeals

## Quick links

- ⬇ Download Documents
  (MyDocuments.aspx?dwnldDocs=1)
- ☏ Contact Us (ContactUs.aspx)
- 👤 Update User Profile (MyProfile.aspx)

Privacy Policy (https://www.thehartford.com/customer-privacy-notice)
Legal Notice (https://www.thehartford.com/legal-notice)
Accessibility Statement (https://www.thehartford.com/accessibility-statement)
Security Statement (https://www.thehartford.com/security-statement)

© 2018 The Hartford

Feedback

Case Number: 21S787          Smith vs. Aetna,          Exhibit# //

THE
HARTFORD
**(MyDashBoard.aspx)**

⌂ (MyDashBoard.aspx) › Matthew Smith Claims (MyClaims.aspx) › Claim Details

**Matthew Smith Claims - Claim Number 4614828**    Closed

**✚ View Latest Claim Activity**

Tasks ⁰

There are no pending tasks.

**⬆ Upload Document(s)**

Feedback

Claim Details

Health Care Provider

Vocational Rehabilitation

Workers' Compensation

Offsets and Deductions

Appeals

| | |
|---|---|
| Appeal status: | **Closed** |
| Appeal decision: | **Overturned** |
| Due date: | **December 01, 2011** |

| | |
|---|---|
| Appeal status: | **Closed** |
| Appeal decision: | **Upheld** |

Case Number: 215787       Smith vs. Aetna,       Exhibit 43

Due date:       August 29, 2012

Appeal status:                 **Closed**
Appeal decision:               **Upheld**
Due date:                      **February 23, 2012**

### Quick links

⬇ Download Documents
(MyDocuments.aspx?dwnldDocs=1)

✆ Contact Us (ContactUs.aspx)

👤 Update User Profile (MyProfile.aspx)

Privacy Policy (https://www.thehartford.com/customer-privacy-notice)
Legal Notice (https://www.thehartford.com/legal-notice)
Accessibility Statement (https://www.thehartford.com/accessibility-statement)
Security Statement (https://www.thehartford.com/security-statement)

© 2018 The Hartford

Feedback

Case Number: 21S787        Smith vs. Aetna,        Exhibit# //⁴⁺


**THE HARTFORD**

# (MyDashboard.aspx)

⌂ (MyDashBoard.aspx) › Matthew Smith Claims (MyClaims.aspx) › Claim Details

**Matthew Smith Claims - Claim Number 4614828**        Closed

**+** View Latest Claim Activity

Tasks ⁰

There are no pending tasks.

**⬆ Upload Document(s)**

Feedback

## Claim Details

### Short Term Disability - Plan and Claim Details

| | |
|---|---|
| Days Approved: | **0 Days** |
| Plan Benefit Duration: | **182 Days** |
| Work Status: | **Not At Work** |
| Date Reported: | **September 14, 2011** |
| Work Related: | **No** |
| Last Date Worked: | **September 09, 2011** |
| Last Medical Info Received: | **December 20, 2011** |
| PML Claim Begin Date: | **September 10, 2011** |
| Claim Status: | **Denied** |
| Plan Benefit Begin Date: | **September 12, 2011** |
| Claim Status Reason: | **No Medical Info Received** |
| Claim Approved Start Date: | |

Case Number: 215787          Smith vs. Aetna,                    Exhibit# 45
Claim Approved Through:

Plan Max Benefit End Date:              **March 09, 2012**

Health Care Provider

Vocational Rehabilitation

Workers' Compensation

Offsets and Deductions

Appeals

**Quick links**

⬇ Download Documents
(MyDocuments.aspx?dwnldDocs=1)

☏ Contact Us (ContactUs.aspx)

👤 Update User Profile (MyProfile.aspx)

Privacy Policy (https://www.thehartford.com/customer-privacy-notice)
Legal Notice (https://www.thehartford.com/legal-notice)
Accessibility Statement (https://www.thehartford.com/accessibility-statement)
Security Statement (https://www.thehartford.com/security-statement)

© 2018 The Hartford

Case Number 215787          Smith vs. Aetna          Exhibit # 16

| | | | |
|---|---|---|---|
| 10/25/2011 | 4614828 | We Received Information | |
| 10/25/2011 | 4614828 | We Received Information | |
| 10/20/2011 | 4614828 | We Sent a Letter | |
| 10/18/2011 | 4614828 | Claim Status Start Date-09/10/2011 Reason: No Medical Info Received | |
| 10/18/2011 | 4614828 | We Received Information | |
| 10/18/2011 | 4614828 | We Received Information | |
| 10/18/2011 | 4614828 | We Received Information | |
| 10/18/2011 | 4614828 | We Received Information | |
| 10/18/2011 | 4614828 | We Received Information | |
| 10/18/2011 | 4614828 | Appeal Received 10/18/2011 | |
| 10/17/2011 | 4614828 | We Sent a Letter | |
| 10/04/2011 | 4614828 | We Received Information | |
| 10/03/2011 | 4614828 | We Received Information | |
| 10/03/2011 | 4614828 | We Received Information | |
| 10/03/2011 | 4614828 | We Received Information | |
| 09/27/2011 | 4614828 | We Contacted Your Doctor | |
| 09/27/2011 | 4614828 | We Sent a Letter | |
| 09/22/2011 | 4614828 | We Contacted Your Doctor | |
| 09/16/2011 | 4614828 | We Received Information | |
| 09/15/2011 | 4614828 | We Contacted Your Doctor | |
| 09/14/2011 | 4614828 | We Sent a Letter | |
| 09/14/2011 | 4614828 | Claim Reported to us | Complete |

Documents to submit          0

Case Number 215787          Smith vs. Aetna          Exhibit # 7

| Date | Claim ID | Milestone | Status |
|---|---|---|---|
| 10/25/2011 | 4614828 | We Received Information | |
| 10/25/2011 | 4614828 | We Received Information | |
| 10/20/2011 | 4614828 | We Sent a Letter | |
| H 10/18/2011 | 4614828 | Claim Status Start Date-09/10/2011 Reason: No Medical Info Received | |
| 10/18/2011 | 4614828 | We Received Information | |
| 10/18/2011 | 4614828 | We Received Information | |
| 10/18/2011 | 4614828 | We Received Information | |
| 10/18/2011 | 4614828 | We Received Information | |
| 10/18/2011 | 4614828 | We Received Information | |
| 10/18/2011 | 4614828 | Appeal Received 10/18/2011 | |
| 10/17/2011 | 4614828 | We Sent a Letter | |
| 10/04/2011 | 4614828 | We Received Information | |
| 10/03/2011 | 4614828 | We Received Information | |
| 10/03/2011 | 4614828 | We Received Information | |
| 10/03/2011 | 4614828 | We Received Information | |
| 09/27/2011 | 4614828 | We Contacted Your Doctor | |
| 09/27/2011 | 4614828 | We Sent a Letter | |
| 09/22/2011 | 4614828 | We Contacted Your Doctor | |
| 09/16/2011 | 4614828 | We Received Information | |
| 09/15/2011 | 4614828 | We Contacted Your Doctor | |
| 09/14/2011 | 4614828 | We Sent a Letter | |
| 09/14/2011 | 4614828 | Claim Reported to us | Complete |

My

Cla

46

Disability Claim          2011

**Leave Balances**

Case Number: 315787    Smiths vs. Aetna    Exhibit # 118

| | | | |
|---|---|---|---|
| 10/25/2011 | 4614828 | We Received Information | |
| 10/25/2011 | 4614828 | We Received Information | |
| 10/20/2011 | 4614828 | We Sent a Letter | |
| 10/18/2011 | 4614828 | Claim Status Start Date-09/10/2011 Reason: No Medical Info Received | |
| 10/18/2011 | 4614828 | We Received Information | |
| 10/18/2011 | 4614828 | We Received Information | |
| 10/18/2011 | 4614828 | We Received Information | |
| 10/18/2011 | 4614828 | We Received Information | |
| 10/18/2011 | 4614828 | We Received Information | |
| 10/18/2011 | 4614828 | Appeal Received 10/18/2011 | |
| 10/17/2011 | 4614828 | We Sent a Letter | |
| 10/04/2011 | 4614828 | We Received Information | |
| 10/03/2011 | 4614828 | We Received Information | |
| 10/03/2011 | 4614828 | We Received Information | |
| 10/03/2011 | 4614828 | We Received Information | |
| 09/27/2011 | 4614828 | We Contacted Your Doctor | |
| 09/27/2011 | 4614828 | We Sent a Letter | |
| 09/22/2011 | 4614828 | We Contacted Your Doctor | |
| 09/16/2011 | 4614828 | We Received Information | |
| 09/15/2011 | 4614828 | We Contacted Your Doctor | |
| 09/14/2011 | 4614828 | We Sent a Letter | |
| 09/14/2011 | 4614828 | Claim Reported to us | Complete |

Feedback

© 2018 The Hartford

Case Number: 315787     Smith vs. Aetna          Exhibit # 119

| Date | Number | Description | Status |
|------|--------|-------------|--------|
| 10/25/2011 | 4614828 | We Received Information | |
| 10/25/2011 | 4614828 | We Received Information | |
| 10/20/2011 | 4614828 | We Sent a Letter | |
| 10/18/2011 | 4614828 | Claim Status Start Date-09/10/2011 Reason: No Medical Info Received | |
| 10/18/2011 | 4614828 | We Received Information | |
| 10/18/2011 | 4614828 | We Received Information | |
| 10/18/2011 | 4614828 | We Received Information | |
| 10/18/2011 | 4614828 | We Received Information | |
| 10/18/2011 | 4614828 | We Received Information | |
| 10/18/2011 | 4614828 | Appeal Received 10/18/2011 | |
| 10/17/2011 | 4614828 | We Sent a Letter | |
| 10/04/2011 | 4614828 | We Received Information | |
| 10/03/2011 | 4614828 | We Received Information | |
| 10/03/2011 | 4614828 | We Received Information | |
| 10/03/2011 | 4614828 | We Received Information | |
| 09/27/2011 | 4614828 | We Contacted Your Doctor | |
| 09/27/2011 | 4614828 | We Sent a Letter | |
| 09/22/2011 | 4614828 | We Contacted Your Doctor | |
| 09/16/2011 | 4614828 | We Received Information | |
| 09/15/2011 | 4614828 | We Contacted Your Doctor | |
| 09/14/2011 | 4614828 | We Sent a Letter | |
| 09/14/2011 | 4614828 | Claim Reported to us | Complete |

Feedback

Case Number: 21S787          Smith vs. Aetna,          Exhibit# 120



**THE HARTFORD**

**(MyDashboard.aspx)**

🏠 (MyDashBoard.aspx) > My Dashboard

## My Dashboard

Announcements



Feedback

▶  ‖

🔔
Alerts                                    0

📄
Documents to submit                       0

Case Number: 215787      Smith vs. Aetna,        Exhibit# *2/

Payment Update                  0

**+** View Latest Activity

## My Claims

All 1      Closed 1

| Claim ID | Reason | Benefit(s) | Start Date | Status |
|----------|--------|-----------|-----------|--------|
| 4614828 | Employee's own illness | Short Term Disability Claim | September 10, 2011 | ● Closed |

## Leave Balances

**No Claims currently utilized.**

Feedback

## Quick links

⬇ Download Documents (MyDocuments.aspx?dwnldDocs=1)

📞 Contact Us (ContactUs.aspx)

👤 Update User Profile (MyProfile.aspx)

## Did you know?

Take a tour

▶Videos

Case Number: 21S787          Smith vs. Aetna,          Exhibit# *148*



Report a new leave
Learn how to report a new leave to us

+ Watch a video

Privacy Policy (https://www.thehartford.com/customer-privacy-notice)
Legal Notice (https://www.thehartford.com/legal-notice)
Accessibility Statement (https://www.thehartford.com/accessibility-statement)
Security Statement (https://www.thehartford.com/security-statement)

© 2018 The Hartford

Feedback

Case Number: 21S787     Smith vs. Aetna,     Exhibit# 123

# HANSEN LAW FIRM

WHEN YOU SUCCEED, WE SUCCEED

Menu

# Breach of Contract Statute of Limitations

If you are considering whether to seek legal action regarding a breach of contract, you may be wondering: *What is the breach of contract statute of limitations??*

This is a common question, and the answer may not be as straightforward as you would think. If you are thinking about filing a lawsuit over a breach of contract, here is some general advice to help you ensure that you file your claim within the allowable timeframe.

## Timeline for Suing for Breach of Contract

Time limits for suing someone are established through laws called statutes of limitation. Different states have



Is Time Running out for your Breach of

Case Number: 21S787          Smith vs. Aetna,          Exhibit# 134

# HANSEN LAW FIRM

WHEN YOU SUCCEED, WE SUCCEED

Menu

regarding a breach of contract.

In Colorado, the general **breach of contract statute of limitation,** whether the contract is oral or written, is three years.   However, if a contract is for a "liquidated debt" or for an "unliquidated determinable amount," it is subject to a six-year limitations period.  An amount is determinable if an agreement sets forth a method for determining the amount due, regardless of the need to refer to facts external to the agreement.  The statute of limitation for tort actions arising from a breach of contract is two years.

The exact date at which the clock starts counting down to calculate whether the time-period has expired isn't always obvious. The clock usually does not start running on the date in which the contract is entered in to. Rather, the countdown to the end of the accepted time-period often begins when the alleged breach of contract is discovered or should have been discovered.

## Breach of Contract Statute of Limitations Cases

Every breach of contract case is unique, and because the **breach of contract statute of limitations** enforces strict restrictions on how long you have to file a lawsuit, it is always in your best interest to contact an attorney as soon as possible. You might find out that special rules apply to your contract.  When dealing with breach of contract cases, it is always advisable to get the ball rolling on the process right away to ensure that you know what rules will apply and so that you do not miss any deadlines.

Case Number: 21S787          Smith vs. Aetna,          Exhibit# 135

CALL TODAY 303 785 7777

# HANSEN LAW FIRM

WHEN YOU SUCCEED, WE SUCCEED

Menu

Case [CRTM logo] 21S787      Smith vs. Aetna,      Exhibit# 126      )

---

# What Is The Statute Of Limitation For Breach Of Contract In Colorado? (Three Years, Except When It's Six.)

T. Heward Law · April 30, 2021

By: William C. Groh, III

In many, if not most situations. Colo. Rev. Stat. Ann. § 13-80-101(a) will govern the statute of limitation for a breach of contract action. C.R.S. § 13-80-101(a) provides a period of three years after accrual for "[all] contract actions, including personal contracts and actions under the "Uniform Commercial Code", except as otherwise provided in section 13-80-103.5"

So what is C.R.S. § 13-80-103.5?

This statute provides for a six year period after accrual for the collection of certain kinds of debts, some of which can arise as a result of a contract. These can include "liquidated debt" unpaid rent, funds owed for bad checks (with some exceptions), and certain actions by the public employees' retirement association for unpaid contributions. C.R.S. § 13-80-103.5 also covers actions for the following items:

> [1] an unliquidated, determinable amount of money due to the person bringing the action;

> [2] all actions for the enforcement of rights set forth in any instrument securing the payment of or evidencing any debt, and

> [3] all actions to recover the possession of personal property encumbered under any instrument securing any debt, except that actions to recover pursuant to section 38-35-124.5(3) C.R.S (relating to errors in written payoff statements in connection with settlement of real estate transactions) shall be commenced within one year.

If a contract action involves a "liquidated debt" or an "unliquidated, determinable amount of money" the limitation period is six years, not three. But what kind of debt is that? First, a sum is likely "liquidated" if 1) the contract sets forth the amount owed or 2) if you can determine the sum owed with a simple computation using extrinsic evidence. The Colorado Supreme Court acknowledged a debt owed for medical services was "liquidated" because it involved itemizing services provided based on pre-determined rates, even though there was no written agreement specifically setting forth the total amount owed. *Portercare Adventist Health Sys. v. Lego* 286 P.3d 525, 529 (2012).

Other similar examples may include unpaid work orders for based on pre-determined rates, amounts owed on promissory notes, unpaid amounts for goods provided based on predetermined prices, and unpaid wages based on previously

Case Number: 2.15787.       Smith vs. Aetha,       Exhibit 27

withdrawings. Notably, the Portexcare court did not define the term "unliquidated, determinable amount of money," which suggests other kinds of debts for amounts which are unknown but can be exactly determined may also fall under

the statute. These could potentially include actions for unknown amounts where the contract sets forth a specifically agreed method of valuation of the amount owed, but Colorado courts have yet to specifically address this issue.

Finally, remember the statute of limitations for breach of contracts runs from the date of *accrual*. In Colorado, this generally means the date you either learned of the breach or reasonably should have learned of it through reasonable due diligence, whichever is earlier. Just like determining which statute of limitation may apply to your case, navigating the accrual date under these circumstances can be tricky. For further questions, please contact the breach of contract attorneys at Thomas P. Howard for a free consultation.

Share This

𝕏 Twitter    📘 Facebook

← Pre-existing Relationships Do Not Toll Mechanic's Lien Deadlines
The Backboard and the Basket for Personal Jurisdiction →

Name              Email              Phone

Brief description of your legal issue

Case Number: 215787        Smith vs. Aetna,            Exhibit # 

Our firm represents clients in intellectual
property claims, trademark litigation, copyright
litigation and more in the following cities and
surrounding areas:
Louisville, CO | Denver CO | Aurora, CO| Littleton,
CO | Centennial, CO | Parker, CO | Watkins, CO |
Westminster CO | Arvada, CO | Golden, CO |
Boulder, CO | Brighton, CO | Longmont, CO |
Loveland, CO | Black Hawk, CO | Idaho Springs, CO |
Larkspur CO | Monument, CO | Fort Collins, CO |
Colorado Springs, CO | Pueblo CO | Breckenridge
CO

Case Number: 21S787          Smith vs. Aetna,          8 30 AM    5 00 PM / 29

Thursday,          Exhibit H