IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-00426-RMR-KLM

MATTHEW A. SMITH,

    Plaintiff,

v.

AETNA,

    Defendant.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____
**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendant's **Motion to Dismiss** [#32][1] (the "Motion"). Plaintiff, who proceeds as a pro se litigant,[2] filed several short documents which the Court collectively refers to as his Response [#36, #37, #38] in opposition to the Motion [#32], and Defendant filed a Reply [#40]. Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C.COLO.LCivR 72.1(c), the Motion [#32] has been referred to the undersigned for a recommendation regarding disposition. *See* [#35]. The Court has reviewed the

---

[1] "[#32]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Recommendation.

[2] The Court must construe liberally the filings of pro se litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). In doing so, the Court should not be the pro se litigant's advocate, nor should the Court "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1175 (10th Cir. 1997) (*citing Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). In addition, a pro se litigant must follow the same procedural rules that govern other litigants. *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

–1–

briefs, the entire case file, and the applicable law, and is sufficiently advised in the premises. For the reasons set forth below, the Court **RECOMMENDS** that the Motion [#32] be **GRANTED**.

## I.  Background

On December 28, 2021, Plaintiff filed a lawsuit in Colorado's Small Claims Court by filing a Notice, Claim and Summons to Appear for Trial [#11], which the Court will here refer to as the operative Complaint [#11]. All well-pled facts from the Complaint [#11] are accepted as true and viewed in the light most favorable to Plaintiff as the nonmovant. *See Barnes v. Harris*, 783 F.3d 1185, 1191-92 (10th Cir. 2015). However, the factual allegations in the Complaint [#11] consist only of two sentences: "I was not approved for Disability Insurance Coverage Claim 4614828. I was not approved for Paid Disability Leave Claim 4614828." Although not explicitly mentioned by name in the Complaint [#11], this action appears to arise under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq. ("ERISA"). *See Notice of Removal* [#1] at 2 (". . . Plaintiff alleges he was improperly denied "Disability Insurance Coverage" and "Paid Disability Leave" under the UPS Flexible Benefits Plan (the "Plan"). . . . The Plan is governed by [ERISA]."). In the present Motion [#32], Defendant contends that Plaintiff's claims should be dismissed in full pursuant to Fed. R. Civ. P. 12(b)(6).

## II.  Standard of Review

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994); Fed R.

Civ. P. 12(b)(6) (stating that a complaint may be dismissed for "failure to state a claim upon which relief can be granted."). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Sutton v. Utah State Sch. for the Deaf & Blind,* 17 F.3d 1226, 1236 (10th Cir. 1999) (citation omitted). To withstand a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain enough allegations of fact 'to state a claim to relief that is plausible on its face.'" *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007) ("The complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support the plaintiff's allegations." (quoting *Twombly*, 550 U.S. at 570)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id.* (brackets in original; internal quotation marks omitted).

To survive a motion to dismiss pursuant to Rule 12(b)(6), the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Christy Sports, LLC v. Deer Valley Resort Co.*, 555 F.4d 1188, 1191 (10th Cir. 2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere

Civ. P. 12(b)(6) (stating that a complaint may be dismissed for "failure to state a claim upon which relief can be granted."). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Sutton v. Utah State Sch. for the Deaf & Blind,* 17 F.3d 1226, 1236 (10th Cir. 1999) (citation omitted). To withstand a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain enough allegations of fact 'to state a claim to relief that is plausible on its face.'" *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007) ("The complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support the plaintiff's allegations." (quoting *Twombly*, 550 U.S. at 570)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id.* (brackets in original; internal quotation marks omitted).

To survive a motion to dismiss pursuant to Rule 12(b)(6), the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Christy Sports, LLC v. Deer Valley Resort Co.*, 555 F.4d 1188, 1191 (10th Cir. 2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere

possibility of misconduct," a factual allegation has been stated, "but it has not shown[n][ ] that the pleader is entitled to relief," as required by Fed. R. Civ. P. 8(a).  *Iqbal*, 552 U.S. at 679 (second brackets added; citation and internal quotation marks omitted).

### III.   Analysis

Plaintiff's Complaint [#11] clearly falls short of Rule 12(b)(6) standards.  He states two facts, i.e., that he was not approved for two disability claims, but there is utterly no information as to why he believes those decisions were legally incorrect.  "To state a claim in federal court, a complaint must explain what each defendant did [to the plaintiff]; when the defendant did it; how the defendant's actions harmed [the plaintiff], and what specific legal right the plaintiff believes the defendant violated."  *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).  Because Plaintiff's allegations are perfunctory and devoid of necessary factual enhancement, the Court concludes that Plaintiff fails to meet the standard set forth in Rule 12(b)(6) to adequately allege that Defendant violated the law.  *Twombly*, 550 U.S. at 565 n.10.

Of course, the standards for stating a claim in Colorado's Small Claims Court are not the same as the standards for stating a claim in federal court.  *See Compl.* [#11] (merely asking the plaintiff to "summarize reasons to support your claim").  Thus, Plaintiff is not at fault for failing to provide enough information to state a claim in federal court based solely on his filing in Small Claims Court.  Nevertheless, now that the case has been removed to federal court, Plaintiff must provide enough information in a complaint to meet the standard to state a claim under Rule 12(b)(6) and thereby avoid dismissal.

Accordingly, the Court **recommends** that the Motion [#32] be **granted** and that

Plaintiff's claims be **dismissed without prejudice**, with leave to file an amended complaint.

The Court notes that Defendant provides several documents which it argues the Court may consider when adjudicating the present Motion [#32] without converting it to a motion for summary judgment. *See GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1385 (10th Cir. 1997). Although the Court makes no recommendation on the issue at this time, if those documents were to be considered, Plaintiff's claims *may* be foreclosed by the statute of limitations. *See Motion* [#32] at 7-9. Defendant relies primarily on *Michael C.D. v. United Healthcare*, No. 2:15-CV-306-DAK, 2016 WL 2888984, at *2 (D. Utah May 17, 2016), and *Anne A. v. United Healthcare Ins. Co.*, No. 2:20-cv-00814-JNP-DAO, 2022 WL 957199, at *2 (D. Utah, Mar. 2022), in support of its argument that the following documents may be considered at this time: (1) an August 21, 2012 letter sent by the United Parcel Service ("UPS") Claims Review Committee to Plaintiff regarding a final decision on Plaintiff's Claim No. 4614828, *Def.'s Ex. A, Denial Letter* [#32-1]; (2) the UPS Flexible Benefits Plan (the "Plan"), which is governed by the ERISA, and under which Defendant states Claim No. 4614828 arises, *Def.'s Ex. B, Plan Document* [#32-2]; and (3) the UPS Flexible Benefits Plan Summary Plan Description ("SPD"), *Def.'s Ex. C, SPD* [#32-3]. However, both *Michael C.D.* and *Anne A.* were decided under circumstances differing materially from the ones here. In *Michael C.D.*, the court stated:

> In this case, both the Plan and the denial letters were referred to in the Complaint, and the Plan and the relevant denial letters were appended to the Motion for Partial Dismissal or to the responses to the motion. Both sides agree that the wording within the Plan and the contents of the denial

> letters are central to the Plaintiffs' claims, especially as it relates to the timeliness of the claims. Therefore, the court will consider the Plan and the denial letters in its analysis of the Motion for Partial Dismissal without converting the motion to one for summary judgment.

*Michael C.D.*, 2016 WL 2888984, at *2. Similarly, in *Anne A.*, the court stated:

> Plaintiffs reference the denial letter and Plan documents in their complaint. And the contents of the plan documents and denial letters are central to Plaintiffs' claims. Plaintiffs do not contest the validity of the attached documents nor argue that they should not be considered. Under these circumstances, the court will take a limited look outside the complaint at the materials submitted by Defendants.

*Anne A.*, 2022 WL 957199, at *2.

Here, Plaintiff does not explicitly reference in his Complaint [#11] any of the documents provided by Defendant. As Defendant argues, the Denial Letter [#32-1] *may* implicitly be referred to by Plaintiff, but, conceivably, Plaintiff may have learned of the denial of his claims in some other way, such as by telephone. As for the Plan [#32-2] and the SPD [#32-3], there is not even an oblique reference to them in the Complaint [#11]; rather, the Court can only glean their existence by a reading of the Denial Letter [#32-1]. In light of these observations, the Court finds that they cannot be considered based on the operative Complaint [#11] under applicable Tenth Circuit law. *See GFF Corp.*, 130 F.3d at 1385. Thus, the Court finds that Defendant's statute of limitations argument, which relies heavily on these documents to provide a timeline of the events underlying this lawsuit, is premature.

### IV.  Conclusion

For the reasons stated above,

IT IS HEREBY **RECOMMENDED** that the Motion [#32] be **GRANTED** and that

Plaintiff's claims be **DISMISSED without prejudice**, with leave to file an amended complaint.

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

DATED: January 10, 2023

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge